

1   Jane Doe
    2269 Chestnut Street #102
2   San Francisco, California 94123
    Telephone: (415) 875-9571
3
    In pro se
4

5

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9

10  Jane Doe                                    Case No. C 07-05596 JCS

11           Plaintiff,

12       vs.                                    **FIRST AMENDED COMPLAINT**

13
                                                **42 U.S.C. § 1983 and 1985**
14  CITY OF SAN MATEO; SAN MATEO                **Complaint For Damages**
    POLICE DEPARTMENT; SAN MATEO
15  POLICE CHIEF SUSAN E. MANHEIMER,
    in her individual and official capacity;
16  OFFICER MURPHY #122, in his individual      **DEMAND FOR JURY TRIAL**
    and official capacity; OFFICER YANUSKA
17  #116, in his individual and official capacity;
    SAN MATEO POLICE Does 1-100;
18  COUNYTY OF SAN MATEO; SAN MATEO
    COUNTY SHERIFF'S DEPARTMENT; SAN
19  MATEO COUNTY SHERIFF DON
    HORSLEY, in his individual and official
20  capacity; SAN MATEO COUNTY SHERIFF
    DEPUTIES Does 1-100; CITY OF SAN JOSE;
21  SAN JOSE POLICE DEPARTMENT; DOES
    1 THROUGH 200, INCLUSIVE, et al.,
22

23

24

25              Defendants.

26

27

28

_Jane Doe v. City of San Mateo et al._
Complaint for Damages                                                   1

**PLAINTIFF ALLEGES:**

# INTRODUCTION

1.      This is an action for declatory and injunctive relief, damages, and punitive damages against THE CITY OF SAN MATEO, THE SAN MATEO POLICE DEPARTMENT, its CHIEF, SUSAN E. MANHEIMER, OFFICER MURPHY #122, OFFICER YANUSKA #116, SAN MATEO POLICE OFFICERS sued herin by their fictitious names Does 1 through 100, THE COUNTY OF SAN MATEO, its SHERIFF DON HORSLEY, SAN MATEO COUNTY SHERIFF'S DEPARTMENT, and SHERIFF DEPUTIES sued herin by their fictitious names Does 1 through 100, and Does 1 through 150 inclusive, et al. for violations of Negligence and Plaintiff's constitutional rights resulting from application of the City of San Mateo, The City Chief of Police, The County of San Mateo, and the Sheriff's policies, practices, and customs concerning the failure to train, denial of medical attention, discrimination and denial of equal protection, and the misuse of strip searches in San Mateo County Jail.

2.      **JURISDICTION:** This action is brought pursuant to 42 U.S.C. sec 1983, 1985, and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. sec 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.

3.      The Court has supplemental jurisdiction over plaintiff's state claims under 28 U.S.C. sec 1367 (a).

4.      The amount in controversy exceeds $100, 000, excluding interest and costs.

5.      **VENUE:** Venue is proper here because all actions occurred in San Mate County, California in this court's jurisdiction.

1    6.    **INTRADISTRICT ASSIGNMENT:** This lawsuit should be assigned to the San

2    Francisco Division of this court because a substantial part of the event or omissions which gave

3    rise to this action occurred in San Mateo County.

4    7.    **JURY TRIAL DEMANDED:** PLAINTIFF DEMANDS A JURY TRIAL IN

5    THIS CASE

6

7

8    **PARTIES**

9    8.    Plaintiff, Jane Doe, (herin after "PLAINTIFF") is a citizen of the United States and

10   resident of the state of California who was raped and sodomized by San Jose Police Officer James

11   Rainey Mason at his residence in San Mateo on November 5, 2005, then arrested by San Mateo

12   Police for drunk in public and booked into San Mateo County Jail.

13

14   9.    Defendant CITY OF SAN MATEO, (herin after "CITY") is at all material times

15   referred to herin, was, a division of the State of California, that maintained or permitted an

16   official policy or custom or practice causing or permitting the occurrence of all kinds of wrongs

17   complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against

18   the CITY are based on acts and omissions of persons who are City employees, and on the City's

19

20   breech of its duty to the Plaintiff of due process and equal protection.

21   10.    Defendant SAN MATEO POLICE OFFICERS (hereinafter "POLICE") are sued

22   herin by their fictitious names (Does 1 through 100) are all police officers who, as a part of their

23   duties as a San Mateo Police Officer denied the plaintiff her right to due process of medical

24   attention and denied the Plaintiff equal protection as secured under the constitution of the United

25   Sates.

26

27

28

*Jane Doe v. City of San Mateo et al.*
Complaint for Damages                                                                3

11.     Defendant CITY OF SAN MATEO POLICE CHIEF SUSAN E. MANHEIMER (herin after "CHIEF MANHEIMER") is, and at all material times referred to herin, was duly elected Police Chief of the city of San Mateo, responsible for making, overseeing, and implementing the policies, practices, and customs challenged herin, relating to the policies, practices, and customs of the San Mateo Police Department. She is sued in his individual and official capacities.

12.     Defendant OFFICER MURPHY #122, (herin after "MURPHY") is, and at all material times referred to herin, is a Police Officer employed by the City of San Mateo, San Mateo Police Department. At all times pertinent herein, defendant MURPHY was acting under color of law and in his capacity as a San Mateo Police Officer, and under the authority, policy, procedure, custom and practice of the San Mateo police department. MURPHY is sued in his individual and official capacity based on Negligence, acts and omission of acts, negligence, and denial of the plaintiff's right to due process, medical attention, discrimination and denial of the Plaintiff's right to equal protection as secured under the constitution of the United Sates

13.     Defendant OFFICER YANUSKA #116, (herin after "YANUSKA") is, and at all material times referred to herin, is a Police Officer employed by the City of San Mateo, San Mateo Police Department. At all times pertinent herein, defendant YANUSKA was acting under color of law and in his capacity as a San Mateo Police Officer, and under the authority, policy, procedure, custom and practice of the San Mateo police department. YANUSKA is sued in his individual and official capacity based on Negligence, acts and omission of acts, negligence, and denial of the plaintiff's right to due process, medical attention, discrimination and denial of the Plaintiff's right to equal protection as secured under the constitution of the United Sates.

14. Defendant COUNTY OF SAN MATEO, (herein after "COUNTY") is at all material times referred to herin, was, a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of all kinds of wrongs complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against the COUNTY are based on acts and omissions of persons who are County employees, and on the County's breech of its duty to protect the Plaintiff from the wrongful conduct of said persons and employees.

15. Defendant SAN MATEO COUNTY SHERIFF'S OFFICE, (herein after "COUNTY JAIL") is at all material times referred to herin, was, a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of all kinds of wrongs complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against the COUNTY JAIL are based on acts and omissions of persons who are County employees, and on the County's breech of its duty to protect the Plaintiff from the wrongful conduct of said persons and employees.

16. Defendant SAN MATEO COUNTY SHERIFF DON HORSLEY, (herein after "SHERIFF HORSLEY") is, and at all material times referred to herin, was duly elected Sheriff of the county of San Mateo, responsible for administering the Jail facilities and for making, overseeing, and implementing the policies, practices, and customs challenged herin, relating to the operation of the San Mateo County Jail. He is sued in his individual and official capacities.

17. Defendant SAN MATEO COUNTY SHERIFF DEPUTIES (hereinafter "DEPUTIES") are sued herin by their fictitious names (Does 1 through 100) are all deputies who, as a part of their duties at San Mateo Jail subjected the Plaintiff to strip search prior to being arraigned and/or without the defendants first having, a recording in writing, a reasonable

*Jane Doe v. City of San Mateo et al.*
Complaint for Damages                                                                                               5

suspicion that the search would be productive of contraband or weapons. Deputies discriminated against the plaintiff and denied the plaintiff her and due process of medical attention and denied the Plaintiff equal protection under the constitution of the United Sates.

18.    Defendant CITY OF SAN JOSE, (herein after "CITY OF SAN JOSE") is at all material times referred to herin, was, a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of all kinds of wrongs complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against the CITY OF SAN JOSE are based on acts and omissions of persons who are employees of the CITY OF SAN JOSE, and on the CITY OF SAN JOSE'S negligent hiring, retention, and training of its employees.

19.    Defendant SAN JOSE POLICE DEPARTMENT, (herein after "SAN JOSE POLICE DEPARTMENT") is at all material times referred to herin, was, a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of all kinds of wrongs complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against the SAN JOSE POLICE DEPARTMENT are based on acts and omissions of persons who are employees of the SAN JOSE POLICE DEPARTMENT, and on the SAN JOSE POLICE DEPARTMENT negligent hiring, retention, and training of its employees.

20.    Defendants Does 1-200, inclusive, are as yet unidentified entities, agencies, and/ or individuals responsible for some or all of the following:

a.    oversight, care, and treatment of the Plaintiff while she was in police department and county jail custody and/ or control at the times alleged herin, and while defendant was acting under color of law .

b.      hiring, training, and/or supervision of individual San Mateo Police officers and

San Mateo County deputies who were responsible for the care and treatment of the

Plaintiff while she was in police department and County Jail custody and/ or control at the

times alleged herin;

c.      establishment or implementation of appropriate policy, procedure, custom, and

practice for San Mateo Police and County Deputies and/ or for ensuring appropriate

policies, procedures, customs and practices were followed by San Mateo police officers

and County deputies at the time alleged herin;

d.      taking corrective action to remedy any constitutional violations by officers and

deputies under defendant's supervision.

21.     All material times mentioned herin, each of the defendants was acting under the

color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usage

of the State of California, The City of San Mateo, The San Mateo City Police Chief, The City of

San Jose, The San Jose Police Department, The County of San Mateo, and/ or the San Mateo

County Sheriff.

## **FACTS**

22.     On November 4, 2005 at approximately 11:30 pm, the Plaintiff was raped and

sodomized by San Jose Police Officer James Rainey Mason (herin after "Mason") at his residence

in San Mateo California.

23.     At the time Mason sodomized the Plaintiff, she was moving in and out of consciousness, and did not consent to these acts. When she was lucid, she told Mason that he was hurting her, and demanded he stop. Mason refused and pulled her hair.

24.     At some point later in the early hours of November 5, 2005, Plaintiff awoke again, and in pain. She was aware of pornography playing on the television, and felt Mason's penis in her vagina and saw him on top of her. After a few moments she again lost consciousness. Plaintiff was too intoxicated to react.

25.     Plaintiff next awoke to MASON throwing her clothing and effects at her, and telling her to leave. At this time the Plaintiff was still severely intoxicated, and had difficulty standing and comprehending her surroundings

25.     MASON then telephoned the police, informed them that he was a police officer, and falsely reported that the Plaintiff was assaulting him.

26.     Upon hearing MASON on the telephone from another room in the house, the Plaintiff walked to where MASON stood and asked to speak to the police. She asked the Defendant to give her the telephone receiver, and tried to take it from his hands.

27.     Shortly thereafter, at 1:10 a.m. Officer MURPHY and Officer YANUSKA of the San Mateo Police Department arrived at MASON'S house. MASON again identified himself as a Police Officer. Officer MURPHY asked the Plaintiff to come with him

28.     As Officer MURPHY escorted the Plaintiff to his patrol car, Plaintiff informed MURPHY that she had been assaulted by MASON and needed to go to the hospital. MURPHY ignored the Plaintiffs demand for medical attention and ordered the PLAINTIFF to get in the back seat of his patrol car. MURPHY then locked the door and went back to speak with Officer YANUSKA and MASON. When officer MURPHY returned to the patrol car, he informed the

Plaintiff that he was taking her to County Jail. MURPHY had the Plaintiff get out from back of the patrol car and turn around. Murphy then handcuffed and arrested the Plaintiff.

29.    PLAINTIFF did not know why she was being arrested and cried that MASON sodomized her and again and demanded to be taken to the hospital.

29.    Officer MURPHY and YANUSKA ignored the Plaintiff's cries for help and the Plaintiff was taken to County Jail in Officer Murphy's patrol car.

30.    Upon arrival to county jail officer MURPHY woke the PLAINTIFF and pulled her out from the patrol car because she had difficulty getting up and standing on her own. Deputies' at county jail patted the Plaintiff down and removed and arranged some of the Plaintiffs clothing so as to permit a visual inspection of her underclothing, breasts, and buttocks.

31.    Plaintiff was fingerprinted, photographed, and thrown into a jail cell in isolation.

32.    While in the jail cell, Plaintiff was still intoxicated and confused as to where she was, how she got there, and why.

33.    Plaintiff used the intercom and asked why she was in jail. Plaintiff was informed by a DEPUTIE "The minute you stepped out the front door you were drunk in public".

34.    Plaintiff cried that she was sodomized by a cop and demanded to be taken to the hospital. DEPUTIES' laughed, mocked the Plaintiff, and made inappropriate jokes such as "Domino's Pizza".

35.    DEPUTIES apparently did not believe that the PLAINTIFF was sexually assaulted by MASON because the Plaintiff was intoxicated.

36.    Plaintiff demanded a breathalyzer, but DEPUTIES ignored her demands and continued to make unprofessional jokes.

37.     When the Plaintiff continued to cry that she had been sodomized by a Police Officer and demanded she be taken to the hospital to get swabbed, DEPUTIES converged around the Plaintiffs jail cell while putting on blue plastic gloves in a threatening manner to scare the Plaintiff and demanded that she shut up.

38.     Plaintiff was released from jail at approximately 7:30 a.m. without charges pressed against her.

39.     Afterwards, Plaintiff did not call police for an ambulance in fear that she would be arrested again and taken back to jail.

40.     Plaintiff is informed and believes, and thereon alleges, that defendants acted negligently by their acts and omission of acts.

41.     Plaintiff is informed and believes, and thereon alleges, that defendants intentionally and negligently covered up evidence of a crime.

42.     Plaintiff is informed and believes, and thereon alleges, that defendants intentionally discriminated against the plaintiff as a woman, and conspired to deprive, directly or indirectly, the plaintiff's right to equal protection under the laws.

43.     Plaintiff is informed and believes, and thereon alleges, that defendant's policy and customs subjected the plaintiff to denial of her right to due process and medical attention.

44.     Plaintiff is informed and believes, and thereon alleges, that defendants negligently hired, trained and retained employees.

45.     Plaintiff is informed and believes, and thereon alleges, that defendants routinely followed their policy, practice and custom of subjection pre-arraignment of detainees, including plaintiff, to a strip searches without having, and recording in writing, a reasonable suspicion that the search will be productive of contraband or weapons.

45.     Defendant Police CHIEF SUSAN E. MANHEIMER is personally responsible for the policies, customs, of the San Mateo Police Department and failure to adequately train its Police Officers.

46.     Defendant SHERIFF DON HORSLEY is personally responsible for the failure to adequately train its sheriff's deputies and the promulgation and continuation of the strip search policy, practice, and custom to which the plaintiff herin was subjected to and complained of herin.

47.     As a result of defendants gross negligence, lack of training, discrimination, denial of immediate medical attention, denial of equal protection, and the misuse of searches complained of herin, Plaintiff has suffered physical, mental, and emotional distress, invasion of privacy and violation of due process law and state and federal statutory and constitutional rights. The policy or customs of the city and county subjected the plaintiff or caused her to be subjected to the deprivation of constitutional rights.

48.     Although Officer Mason had perpetrated the crime of rape upon the plaintiff and was in violation section 261 and 286 of California Penal Code, POLICE, DEPUTIES, and DOES 1-100 discriminated against the Plaintiff and conspired to and covered up Mason's crime. Defendants failed to administer a blood alcohol test upon the Plaintiff immediately after the rape and medical attention was denied.

## COUNT I

### 42 U.S.C § 1983

**Discrimination and Denial of Equal protection under the Fourteenth Amendment**

(*Individual Defendants*)

49.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through
48 above as though set forth fully herein.

50.     Defendant Officer MURPHY #122, officer YANUSKA #116, SHERIFF DEPUTIES,
and Does 1-100 discriminate against the plaintiff as a woman and deprived her of her fourteenth
amendment right to equal protection of the under 42 USC 1983.

51.     Section 1983 provides a cause of action for any person injured by discrimination
and denial of the equal protection of the laws.

52.     WHEREFORE, plaintiff prays for relief as hereunder appears.

## COUNT TWO

### 42 U.S.C § 1983

**Discrimination and Denial of Equal protection under the Fourteenth Amendment**
(*City, County, and Supervisory Defendants*)

53.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through
52 above as though set forth fully herein.

54.     Defendants CITY, COUNTY, and Does 1-100 maintained or permitted an official
policy or custom or practice causing or permitting the occurrence of all kinds of wrongs
complained of herin, which damaged the plaintiff as herin alleged 43.

55.     Section 1983 provides a cause of action for any person injured by a conspiracy
organized for the purpose of depriving, either directly or indirectly (such persons) of the equal
protection of the laws.

56.     WHEREFORE, plaintiff prays for relief as hereunder appears.

1

## COUNT THREE

2

### 42 U.S.C § 1985

3

### Conspiracy to Discriminate

4

### (*Individual Defendants*)

57.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

5

6    56 above as though set forth fully herein.

7    58.    Defendant Officer MURPHY #122, officer YANUSKA #116, SHERIFF

8    DEPUTIES, and Does 1-100 conspired to discriminate against the plaintiff as a woman and

9    covered up Mason's crime of rape under California Penal Code section 261 and 286.

10

59.    Section 1985 provides a cause of action for any person injured by discrimination

11

12    and a conspiracy to discriminate.

13    60.    WHEREFORE, plaintiff prays for relief as hereunder appears.

14

15

## COUNT FOUR

16

### 42 U.S.C § 1985

17

### Conspiracy to Discriminate

18

### (*City, County, and Supervisory Defendants*)

19    61.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

20    60 above as though set forth fully herein.

21

62.    Defendants CITY, COUNTY, and Does 1-100 maintained or permitted an official

22

23    policy or custom or practice causing or permitting the occurrence of all kinds of wrongs

24    complained of herin, which damaged the plaintiff as herin alleged 43.43.

25    63.    Section 1985 provides a cause of action for any person injured by discrimination

26    and a conspiracy to discriminate.

27

64.    WHEREFORE, plaintiff prays for relief as hereunder appears.

28

*Jane Doe v. City of San Mateo et al.*
Complaint for Damages                                                            13

1

2

## COUNT FIVE

3

### 42 U.S.C § 1983

4

### Violation of Civil Rights Failure to provide Medical Assistance

5

#### (*Individual Defendants*)

6

65.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

7
64 above as though set forth fully herein.

8

9

## COUNT SIX

10

### 42 U.S.C § 1983

11

### Violation of Civil Rights Failure to provide Medical Assistance

12

#### (*City, County, Institutional and Supervisory Defendants*)

13
66.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

14
65 above as though set forth fully herein.

15

16

17

## COUNT SEVEN

18

### 42 U.S.C § 1983

19

### Failure to Train and Due Process Violation of Fourth and Fourteenth Amendment (*County,*

20
#### (*City, County, Institutional, and Supervisory Defendants*)

21
67.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

22
66 above as though set forth fully herein.

23

24
68.    Defendants CITY, COUNTY, and Does 1-100 maintained or permitted an official

25
policy or custom or practice causing or permitting the occurrence of all kinds of wrongs

26
complained of herin, which damaged the plaintiff as herin alleged 43.

27
69.    Defendants CITY, COUNTY, and Does 1-100 are liable under 42 U.S.C. 1983 for

28
its violation of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment

1     70.     WHEREFORE, plaintiff prays for relief as hereunder appears.

2

3     ## COUNT EIGHT

4

5     ### 42 U.S.C § 1983

6     ### Unreasonable Search and Seizure Violation of Fourth and Fourteenth Amendment
      ### (*Individual Defendants*)

7

8     71.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

9     70 above as though set forth fully herein.

10    72.     Defendants' policies, practices, and customs regarding the strip search complained

11    of herin violated plaintiff's rights under the Fourth Amendment to be free from unreasonable

12

13    searches and seizures, violated said plaintiff's right to due process and privacy under the

14    Fourteenth Amendment, and directly and proximately damaged plaintiff as herin alleged, entitling

15    plaintiff to recover damages for said constitutional violations under 42 U.S.C. sec 1983.

16    73.     WHEREFORE, plaintiff prays for relief as hereunder appears.

17

18    ## COUNT NINE

19    ### 42 U.S.C § 1983

20    ### Unreasonable Search and Seizure Violation of Fourth and Fourteenth Amendment

21    ### (*City, Institutional and Supervisory Defendants*)

22

23    74.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

24    73 above as though set forth fully herein.

25    75.     Defendants' policies, practices, and customs regarding the strip search complained

26    of herin violated plaintiff's rights under the Fourth Amendment to be free from unreasonable

27    searches and seizures, violated said plaintiff's right to due process and privacy under the

28

1  Fourteenth Amendment, and directly and proximately damaged plaintiff as herin alleged, entitling

2  plaintiff to recover damages for said constitutional violations under 42 U.S.C. sec 1983.

3      76.     WHEREFORE, plaintiff prays for relief as hereunder appears.

4
## COUNT TEN
5
6  ### 42 U.S.C § 1983

7  **California State Unruh Civil Rights Act, Civil Code sec 52 and 52.1**
   *(City, County, Institutional and Supervisory Defendants)*
8
     77.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through
9
10  76 above as though set forth fully herein.

11     78.     Defendants' policies, practices, and customs regarding the strip search complained

12  of herin violated plaintiff's rights to privacy as secured by Article 1, Section 1 of the California

13  Constitution and directly and proximately damaged plaintiff as herin alleged, entitling said

14
   plaintiff to recover damages pursuant to California Civil Code sec 52.1 and sec 52, in addition to
15
16  other damages.

17     79.     WHEREFORE, plaintiff prays for relief as hereunder appears.

18

19
## COUNT ELEVEN
20
21  ### 42 U.S.C § 1983

22  **Negligent hiring, retention, and training**
   *(City, County, Institutional and Supervisory Defendants)*
23

24
     80.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through
25
26  79 above as though set forth fully herein.

27     81.     Defendants CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT, CITY

28  OF SAN MATEO, COUNTY OF SAN MATEO and Does 1-100 negligently hired, retained and

*Jane Doe v. City of San Mateo et al.*
**Complaint for Damages**                                                    16

trained Officer James Rainey Mason who perpetrated the crime of rape upon the Plaintiff under

California Penal Code section 261 and 286. Defendants maintained or permitted an official policy

or custom or practice causing or permitting the occurrence of all kinds of wrongs complained of

herin, which damaged the plaintiff as herin alleged 43.43.

## COUNT TWELVE

### Negligence

### (Individual Defendants)

82.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

81 above as though set forth fully herein.

83.     Defendant Officer MURPHY #122, officer YANUSKA #116, SHERIFF DEPUTIES,

and Does 1-100 acted recklessly, intentionally, with gross negligence, by denying the Plaintiff

immediate medical attention after she had been raped by Officer Mason.

84.     Defendants knew or reasonably should have known that the James Mason had

perpetrated the crime of rape upon the Plaintiff under California Penal Code section 261 and 286.

85.     WHEREFORE, plaintiff prays for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, for each cause

of action above alleged, as follows:

1. General damages;

2. Special damages;

*Jane Doe v. City of San Mateo et al.*
Complaint for Damages                                                    17

3. Punitive damages;

4. Attorneys' fees and costs incurred in connection with this action to the fullest extent permitted by law;

5. Such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, plaintiff hereby demands a jury trial on all issues so triable.

1.  Dated: November 5, 2007

By: _____
Jane Doe, Plaintiff in pro se