Harry S. Stern, SBN 176854
**RAINS, LUCIA & WILKINSON LLP**
2300 Contra Costa Boulevard, Suite 230
Pleasant Hill, CA 94523
Telephone: 925.609.1699
Facsimile: 925.609.1690

Attorneys for Intervenor
JAMES MASON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN MATEO,<br><br>Defendant. | Case No. 3:07-CV-5596<br><br>NOTICE OF MOTION AND MOTION BY JAMES MASON TO INTERVENE AS DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on Friday, January 11, 2008, at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Magistrate Judge Joseph C. Spero in Courtroom A of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, James Mason ("Mason") will and hereby does move this Court to allow him to intervene in the above-entitled action under Rule 24 of the Federal Rules of Civil Procedure. Mason is an individual that has been named as a defendant in a state court action arising out of the same events as the above-entitled action, and is employed by the San Jose Police Department. Mason seeks to intervene in order to submit the Motion to Unseal the Complaint or Alternatively, Motion to Modify the Protective Order, (attached hereto as Exhibit A) on behalf of the Defendants.

///

Mason is entitled to intervention as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure because (1) his application to intervene is timely, (2) he has an interest relating to the subject matter of this action, (3) he is so situated that the disposition of this action may, as a practical matter, impede his ability to protect his own interests, and (4) his interests are not adequately represented by the Defendants.

Alternatively, Mason is entitled to permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure because (1) this Court is not required to establish an independent ground for jurisdiction where the intervenor simply seeks to modify a protective order, (2) this application to intervene is timely, (3) Mason's claims are not required to assert questions of law or fact in common with the present action as he seeks only to challenge a protective order, and (4) allowing Mason to intervene at this early stage of proceedings will not unduly delay or prejudice this Court's adjudication of the original parties' rights.

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, all pleadings, records and papers filed in this action, such matters as the Court may judicially notice, and such further evidence or argument as may presented at or before the hearing of this motion.

Dated: December 4, 2007               Respectfully Submitted,

                                      **RAINS, LUCIA & WILKINSON LLP**


                                      /s/
                                      _____
                                      By:  Harry S. Stern
                                      Attorneys for Intervenor JAMES MASON

2

*Jane Doe v. City of San Mateo*   Case No. 3:07-CV-5596
Notice of Motion and Motion by James Mason to Intervene as Defendant; MPA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I
## INTRODUCTION

On November 20, 2006, the Plaintiff in this case filed suit in state court against Intervenor James Mason. In a separate but concurrently filed state action against the San Mateo County Sheriff's Office, and the San Mateo Police Department (two of the original Defendants in this action), Plaintiff alleged that the Defendants had failed to investigate her claims of Mason's sexual assault, and that they had falsely arrested and imprisoned her on the evening that she was removed from Mason's home. The Plaintiff herself designated these two actions as being related, and they were eventually consolidated. Although Plaintiff eventually dismissed the action against the public entity defendants, choosing instead to proceed solely against Mason in state court, the complaint that is the basis for this litigation is based on the same set of facts as the original state actions. Worthy of some notice is the fact that, in addition to the original public entities she had sued in state court, Plaintiff has also identified individual police officers of the San Mateo Police Department, and the San Jose Police Department (by whom Mason is employed) as Defendants in this action. Furthermore, at this time, in her state action against Mason, Plaintiff has noticed the deposition of the two individual officers that are named in this complaint, demonstrating the relationship between the two cases.

Perhaps of even greater concern, Plaintiff now subjects the Defendants in both cases to possible conflicting pleadings and legal arguments, as well as the unnecessary expense of time and resources. Access to the records of this case will ease the tasks of the courts in both cases, and will facilitate timely and cost-effective trials for all parties as the facts, parties, and issues between the suits are identical.

In light of the facts noted above, Mason is entitled to intervention as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. First, this motion is timely as it has been brought less than one month after Plaintiff filed her federal complaint. Second, Mason has an interest in the action because in addition to naming other officers employed by the San Jose

Police Department, Plaintiff now subjects the Defendants in both cases to possible conflicting pleadings and legal arguments, as well as the unnecessary expense of time and resources, as the witnesses in all cases will testify to the same facts and events. Third, the disposition of this case may, as a practical matter, impede the ability of Mason to protect his personal interests in the state action pending against him, as that court may view this court's ruling as persuasive, thus, in effect, binding Mason to the holding, or Mason may be subject to claims and arguments asserted by the Plaintiff that are wholly inconsistent with those presented in this case. Finally, Mason's ability to protect his interests is not adequately represented by the original Defendants in this action as they are bound by the protective order in this case only, and will likely limit their defense arguments to emphasize their own proper conduct.

Alternatively, Mason is entitled to permissive intervention under the provisions of Rule 24(b). First, no independent ground for jurisdiction is necessary where an intervenor does not seek to litigate a claim or assert a defense, but merely seeks to eliminate or modify a protective order sealing documents. Second, as discussed above, Mason's motion is without question timely. Third, the action Mason seeks to take is not required to have questions of law and fact in common with the instant case since he seeks only to challenge the protective order issued in this action. Finally, because Mason seeks to intervene at the outset of this litigation, there will be no undue delay or prejudice of this Court's adjudication of the original parties' rights.

Accordingly, this Court should grant Mason's Motion to Intervene either as of right pursuant to Rule 24(a) or permissively under Rule 24(b). Only through intervention will Mason be able to properly move to unseal or modify the complaint, which will be necessary to avoid substantial and irreparable injury on account of all parties, particularly the Defendants.

## II
## ARGUMENT

### A. MASON MAY INTERVENE AS OF RIGHT

Federal Rule of Civil Procedure 24(a)(2) governs intervention of right, providing in relevant part:

///

4

*Jane Doe v. City of San Mateo*   Case No. 3:07-CV-5596
Notice of Motion and Motion by James Mason to Intervene as Defendant; MPA

> Upon timely application anyone shall be permitted to intervene in an action:
>
> [W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). Courts have found Rule 24(a) to have established four requirements of intervention as a matter of right: timeliness; an interest relating to the subject of the action; practical impairment of the party's ability to protect that interest; and inadequate representation by the parties to the suit." *Yorkshire v. U.S. Internal Revenue Serv.*, 26 F.3d 942, 944 (9th Cir. 1994) (citing *United States v. Oregon*, 913 F.2d 576, 587 (9th Cir. 1990)).

Courts have liberally adhered to the requirements of intervention as of right, as a broad construction serves the interests of all parties, and the court, in efficiently resolving legal issues and simplifying the litigation surrounding other related issues. *See Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n. 8 (9th Cir. 1995); *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). Here, in light of Mason's substantial practical interest in this litigation, and construing Rule 24(a)(2) in a manner that is consistent with the court's express interests, Mason should be allowed to intervene as of right.

### 1. Mason's Motion to Intervene is Timely

The timeliness requirement, rather than imposing a precise time limit, means that a propsed intervenor must act with "dispatch." *See Nissei Sangyo Am., Ltd. v. U.S.*, 31 F.3d 435, 438 (7th Cir. 1994); *San Jose Mercury News, Inc. v. U.S. District Court-Northern District (San Jose)*, 187 F.3d 1096, 1100-01 (9th Cir. 1999). Over time, it has become apparent that acting with "dispatch" is synonymous with a reasonableness standard, as an intervenor must be reasonably diligent in learning of an action that might affect his/her rights. *Nissei Sangyo*, 31 F.3d at 438. Upon learning of such actions, s/he must act with reasonable promptness to intervene. *Id.* Three factors determine whether a proposed intervenor has acted with such haste: (1) the stage of the

///

5

*Jane Doe v. City of San Mateo*    Case No. 3:07-CV-5596
Notice of Motion and Motion by James Mason to Intervene as Defendant; MPA

proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *San Jose Mercury News*, 187 F.3d at 1100-01.

There can be no question that Mason has acted with dispatch in the present case. Plaintiff filed her complaint under seal, using a "Doe" appellation, less than one month ago. No discovery appears to have been conducted as this action is still in its most preliminary stages. Therefore, there can be no prejudice to any of the parties should Mason intervene in this case at this time. Accordingly, Mason's application is timely.

### 2. Mason has an Interest Related to the Subject of the Action

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *U.S. v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (citation omitted). The relationship requirement is met "if the resolution of the plaintiff's claims actually will affect the applicant." *Id.* "The 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno v. Adrus*, 622 F.2d 436, 438 (9th Cir. 1980).

An individual undoubtedly has an interest in a lawsuit arising out of the same facts and events that are the basis of another case pending against him individually, particularly when several of the named defendants are identified because of their role in fulfilling their duties with the intervenor's employer. Plaintiff now subjects the Defendants in both cases to possible conflicting pleadings and legal arguments, as well as the unnecessary expense of time and resources, as the same witnesses in all cases will testify to the same facts and events. Because Mason is directly and substantially impacted by the proceedings of this case, Mason has an interest in the subject matter of this action.

### 3. Mason will Suffer Practical Impairment of His Ability to Protect His Interest Should He Not be Permitted to Intervene

In addition to employment concerns arising by having his coworkers involved in a wrongful action related to his own conduct, the disposition of this case may, as a practical matter, impede the ability of Mason to protect his personal interests in the state action pending against him, as

6

that court may view this court's ruling as persuasive, thus, in effect, binding Mason to the holding. Additionally, Mason may be subject to claims and arguments asserted by the Plaintiff that are wholly inconsistent with those presented in this case. As noted throughout, by having the same witnesses testify to the same facts and events, all parties are subject to inefficient, costly, and duplicative efforts. Therefore, the only practical way for Mason to protect his interests is through intervening in this action.

### 4. Mason's Interests are Not Adequately Protected by the Original Defendants to this Action

In considering whether the existing parties adequately represent an applicant's interests, courts have considered the following three conditions: (1) whether one of the present parties will *undoubtedly* make *all* of the intervenor's arguments; whether a present party is capable and willing to make such arguments; and (3) whether the applicant would offer any necessary elements that would be neglected by the other parties. *See City of Los Angeles,* 288 F.3d at 398. However, the applicant's burden is ever so slight, as s/he need only show that the representation *may* be inadequate. *Forest Conservation Counsel,* 66 F.3d at 1498.

Clearly, only the original Defendants to this action would conceivably seek to pursue Mason's efforts to unseal or modify the complaint, as the plaintiff in both cases is the same individual. However, as the original Defendants are undoubtedly focused on demonstrating their own proper conduct in the course of the events that transpired, Mason's need for access to the records of this case will not be of primary concern. As only the record of *this* case has been filed under seal, the Defendant's are not subject to the same risk as Mason that claims and arguments developed by the Plaintiff may be wholly inconsistent from case to case. Furthermore, although all parties are subject to the inefficient, costly, and duplicative efforts created by Plaintiff's filing of separate actions in separate courts, the Plaintiff's own willingness to accept such a wasteful process demonstrates the possibility that all parties do not perceive such waste equally. Therefore, the only way to ensure that Mason's interests are adequately represented is to allow him to intervene in this action.

///

### B. MASON MAY PERMISSIVELY INTERVENE

Even if this court determines that Mason cannot intervene as a matter of right under Rule 24(a), it should nonetheless permit Mason to intervene under Rule 24(b). Rule 24(b) provides that:

> Upon timely application anyone may be permitted to intervene in an action:
>
> (2) when an applicant's claim or defense and the main action have a question of law of fact in common . . .
>
> In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2). Courts have long held that intervention under Rule 24(b) is the appropriate method for a third party to challenge a protective order. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472-73 (9th Cir. 1992) citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783-84 (1st Cir. 1988). In *Venegas v. Skaggs*, 867 F.2d 527 (9th Cir. 1989), the Ninth Circuit explained that a court may exercise its discretion in allowing permissive intervention under Rule 24(b) if the applicant can establish: (1) an independent ground for jurisdiction over its claims or defenses; (2) that its application to intervene is timely; and 93) that the applicant's claim or defense has a question of law and fact in common with the main action. *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989), aff'd, *Venegas v. Mitchell*, 495 U.S. 82 (1990). The application of those facts here weighs heavily in favor of granting Mason permissive intervention.

#### 1. No Independent Ground for Jurisdiction is Necessary Where an Intervenor does Not Seek to Assert a Claim or Defense, but Merely Seeks to Eliminate or Modify a Protective Order

Although the Court in *Venegas* suggested than an independent ground for jurisdiction over the claims and defenses is necessary, where an intervenor does not seek to litigate a claim on the merits, but simply to modify a protective order sealing documents, no independent jurisdictional basis is required for intervention. *See Beckman Industries, Inc.*, 966 F.2d at 473; *see also United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427-28 (10th Cir. 1990). Because Mason seeks only to unseal or modify the protective order the need for jurisdiction is satisfied.

8

*Jane Doe v. City of San Mateo*   Case No. 3:07-CV-5596
Notice of Motion and Motion by James Mason to Intervene as Defendant; MPA

### 2. Mason's Motion to Intervene is Timely

As discussed above, Mason's Motion to Intervene is timely because it acted more than reasonably in seeking such a motion. In determining whether an application is timely under Rule 24(b), a court should apply the same test that it uses to determine whether an application is timely under Rule 24(a). *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). For all the reasons discussed above, Mason's application is unquestionably timely.

### 3. Although Mason's Claims have Questions of Law and Fact in Common with the Present Action, such Commonality is Not Required When an Intervenor Seeks Only to Challenge a Protective Order

As is the case with independent jurisdiction, "[w]hen a collateral litigant seeks permissive intervention solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits." *United Nuclear Corp.*, 905 F.2d at 1427 (citing *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir. 1987)). However, as noted throughout this motion, the facts and events that are the basis of the two actions are identical.

### 4. Mason's Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Rights of the Original Parties

Because this litigation began less than one month ago, permitting Mason to intervene will neither delay nor prejudice the adjudication of the rights of the original parties. To the contrary, granting Mason's application will ensure that all parties with a stake in this matter will have a chance to be heard, and act in an efficient manner as the facts and events are identical in the two cases.

///
///
///
///
///
///
///

9

*Jane Doe v. City of San Mateo*   Case No. 3:07-CV-5596
Notice of Motion and Motion by James Mason to Intervene as Defendant; MPA

## III
## CONCLUSION

James Mason undoubtedly has a substantial interest in this action, and these interests may be compromised should he not be allowed to intervene. Mason has met the requirements for intervention of right and, in the alternative, permissive intervention. Accordingly, James Mason respectfully requests that his Motion to Intervene be granted.

Dated: December 4, 2007

Respectfully Submitted,

**RAINS, LUCIA & WILKINSON LLP**

/s/
_____

By:  Harry S. Stern
Attorneys for Intervenor JAMES MASON

# Exhibit A

1  Harry S. Stern, SBN 176854
   **RAINS, LUCIA & WILKINSON LLP**
2  2300 Contra Costa Boulevard, Suite 230
   Pleasant Hill, CA 94523
3  Telephone: 925.609.1699
   Facsimile: 925.609.1690
4
   Attorneys for Intervenor
5  JAMES MASON

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 JANE DOE,                          Case No. 3:07-CV-5596

12          Plaintiff,                [PROPOSED] ORDER UNSEALING THE
                                      COMPLAINT
13     v.

14 CITY OF SAN MATEO,

15          Defendant.

16

17

18     After full hearing, and having considered the moving and opposing papers, evidence and

19 exhibits, and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

20     The Intervenor's Motion to Unseal the Complaint is granted.

21

22 Dated: _____        _____
                                 Hon. Magistrate Judge Joseph C. Spero
23

24

25

26

27

28

1  Harry S. Stern, SBN 176854
   **RAINS, LUCIA & WILKINSON LLP**
2  2300 Contra Costa Boulevard, Suite 230
   Pleasant Hill, CA 94523
3  Telephone: 925.609.1699
   Facsimile:  925.609.1690
4
   Attorneys for Intervenor
5  JAMES MASON

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | JANE DOE,                              | Case No. 3:07-CV-5596
12 |         Plaintiff,                     | [PROPOSED] ORDER MODIFYING THE PROTECTIVE ORDER
13 |    v.                                  |
14 | CITY OF SAN MATEO,                     |
15 |         Defendant.                     |

16

17

18     After full hearing, and having considered the moving and opposing papers, evidence and

19 exhibits, and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

20     The Intervenor's Motion to Modify the Protective Order is granted.  Intervenor James

21 Mason is to be permitted access to all documents filed with this court pertaining to the above-

22 entitled action, in accordance with the rules imposed upon the original defendants to this matter.

23 Intervenor James Mason shall also be granted access to all matters of discovery in this case,

24 subject to the determinations of the collateral court.

25

26 Dated: _____        _____
                                        Hon. Magistrate Judge Joseph C. Spero
27

28

---

*Jane Doe v. City of San Mateo*    Case No. 3:07-CV-5596
[Proposed] Order Modifying the Protective Order