1  Harry S. Stern, SBN 176854
   **RAINS, LUCIA & WILKINSON LLP**
2  2300 Contra Costa Boulevard, Suite 230
   Pleasant Hill, CA 94523
3  Telephone: 925.609.1699
   Facsimile: 925.609.1690
4
   Attorneys for Intervenor
5  JAMES MASON

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 **JANE DOE,**                          | **Case No. 3:07-CV-5596**

12           **Plaintiff,**                **INTERVENOR JAMES MASON'S NOTICE OF MOTION AND MOTION TO UNSEAL**
13      **v.**                             **THE COMPLAINT OR, ALTERNATIVELY, MOTION TO**
14 **CITY OF SAN MATEO,**                  **MODIFY THE PROTECTIVE ORDER**

15           **Defendant.**

16

17     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

18     Please take notice that on Friday, January 11, 2008 at 9:30 a.m., or as soon thereafter as the

19 matter may be heard, Intervenor James Mason, through his counsel, Harry S. Stern of RAINS,

20 LUCIA & WILKINSON LLP, will move to unseal the complaint in this action, or alternatively,

21 move to modify the protective order previously issued in this case.

22                              **I**
                          **INTRODUCTION**
23

24     Intervenor James Mason ("Mason") requests an Order to Unseal the Complaint that is the

25 basis for the underlying litigation. The unsealing of this court record is requested as the seal was

26 inappropriately ordered, and the Plaintiff has an alternative means of protecting both her privacy

27 and reputation. Plaintiff has filed serial lawsuits based on the same event, and now subjects the

28 Defendants in both cases to possible conflicting pleadings and legal arguments, as well as the

1  unnecessary expense of time and resources.  Access to the records of this case will ease the tasks

2  of the Courts in both cases, and will facilitate timely and cost-effective trials for all parties.

3       Alternatively, Mason requests an Order to Modify the Protective Order, allowing him

4  access to the record of this case, including Plaintiff's original Complaint, as well as the Plaintiff's

5  First Amended Complaint.  Should the court find that alternative means of protecting the

6  Plaintiff's privacy and reputation from undesirable harm be insufficient, and concluded that, in

7  light of the circumstances surrounding both cases, a protective order is still necessary in the

8  present case, a modification of the existing protective order will better serve both courts' ability

9  to administer justice and facilitate the efficient use of time and resources for all parties.

10  Intervenor Mason learned of the instant suit while preparing for trial in state court.  Plaintiff's

11  attorney acknowledges that this suit was brought by his client based on the same incident as that

12  which is pending in the state court suit, which was not filed under seal.

II
**LEGAL ANALYSIS**

A.   **AUTHORITY OF THE DISTRICT COURT TO ISSUE, REMOVE, AND MODIFY
     PROTECTIVE ORDERS**

1.   **Recognition of the Court's Authority to Issue a Protective Order**

18  Although the protective order in this case has sealed the complaint (rather than an element

19  of traditional discovery) from public record, the Court's authority to protect this document

20  originates under Federal Rule of Civil Procedure 26(c).  Under Rule 26(c), "the court in which the

21  action is pending . . . may make *any* order which justice requires to protect a party or person from

22  annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)

23  (emphasis added).  "The Supreme Court has interpreted this language as conferring 'broad

24  discretion on the trial court to decide when a protective order is appropriate and what degree of

25  protection is required.'"  *Phillips v. Gen. Motors*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing

26  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  Intervenor Mason recognizes the court's

27  authority to utilize a protective order in all matters of a case, including the sealing of a complaint.

28  / / /

2

*Jane Doe v. City of San Mateo*     Case No. 3:07-CV-5596

Notice of Motion & Motion to Unseal the Complaint or Alternatively, Motion to Modify the Protective Order.

1

### 2. Recognition of the Court's Authority to Remove a Protective Order

2    It is well established that a court may unseal documents, as the court has supervisory power

3    over its records and files. *See e.g., Phillips*, 307 F.3d at 1208-14; *Grove Fresh Distribs. v.*

4    *Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994); *Wilk v. American Medical Ass'n*, 635 F.2d 1295

5    (7th Cir. 1980). Just as the District Court is in the best position to determine the appropriateness

6    of a protective order in a given case, the same can be said for removing a protective order. The

7    local rules make clear that the Court, at its own discretion, may order a document to be unsealed

8    during the pendency of the case. *See* Civil L.R. 79-5(f). Perhaps more tellingly, the courts are

9    not only encouraged, but *required* to construe and administer the Federal Rules in a manner "to

10   secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P.

11

### 3. Intervention as the Appropriate Means to Unseal or Modify a Protective Order in the Present Case

12

13   Case law has established that in addition to acting sua sponte, a court may unseal

14   documents on motion of any party or third party. *See e.g., Phillips*, 307 F.3d at 1208-14; *Grove*

15   *Fresh Distribs.*, 24 F.3d at 893; *Wilk*, 635 F.2d at 1295. Furthermore, courts have long held that a

16   protective order must actually state that *any* member of the public has the right to challenge the

17   sealing of any particular document. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*,

18   178 F3d 943, 944-45 (7th Cir. 1999) (emphasis added). Although not originally a party to this

19   case, intervention is the procedurally appropriate course for a third party to challenge the

20   appropriateness of protective orders. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470,

21   472-73 (9th Cir. 1992) citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783-84 (1st Cir.

22   1988).

23

### B. THE INAPPROPRIATE ISSUANCE OF A PROTECTIVE SEAL IN THE UNDERLYING LITIGATION

24

25

### 1. Plaintiff's Actions have Resulted in the Inability of the Protective Order in this Case to Meet the Court's Intended Purpose

26

27   Although some courts have narrowly interpreted the protections offered under Rule 26(c),

28   more recent decisions have demonstrated the need for a more expansive understanding by issuing

3

1   protective orders for reasons beyond those enumerated in Rule 26(c). *See Phillips*, 307 F.3d at

2   1211-12. Despite such well-intentioned efforts on the part of the judiciary, the Plaintiff's actions

3   in this matter have rendered the protective order ineffective and powerless.

4       On November 20, 2006, the Plaintiff in this case filed suit in state court against James

5   Mason alleging Sexual Assault & Battery, Intentional Infliction of Emotional Distress, Negligent

6   Infliction of Emotional Distress, Fraud, and Defamation. A separate state action, which the

7   Plaintiff designated as related and was eventually consolidated with the Plaintiff's action against

8   Mason, was filed concurrently against the San Mateo County Sheriff's Office, and the San Mateo

9   Police Department; the original Defendants in this action. In her suit against the public entity

10  defendants, Plaintiff alleged that the defendants had failed to investigate her claims of Mason's

11  sexual assault and that they had falsely arrested and imprisoned her on the evening that she was

12  removed from Mason's home. In neither case did the Plaintiff seek a protective order, allowing

13  for the traditional public right of access without any interference on her behalf. Plaintiff

14  eventually dismissed the action against the public entity defendants, choosing instead to proceed

15  solely against Mason in state court, and then filing the complaint that is the basis for this litigation

16  under seal in federal court. Although not privileged to see the text of the complaint, Intervenor

17  James Mason believes this federal suit to be based on the same set of facts as the action originally

18  filed against him and these same Defendants in state court, absent any protective order

19  whatsoever – a fact confirmed by Plaintiff's attorney in the state court action.

20      Although the federal rules have been broadly interpreted, a judicial order simply cannot be

21  fashioned in a manner that eliminates public access to the names, allegations, and other sensitive

22  information initially asserted against the Defendants in the Plaintiff's original state actions; they

23  are forever part of the public record. Due to the Plaintiff's own action prior to filing this

24  complaint, any order protecting the Plaintiff's privacy or shielding her from embarrassment will

25  be wholly ineffective. In light of the facts of which this court is only now aware, it is indisputable

26  that the protective order allowing the complaint of this case to be filed under seal should never

27  have been issued.

28  / / /

1

2

       **2.    Existence of Alternative Means to Protect the Plaintiff from Annoyance, Embarrassment, Oppression, or Undue Burden or Expense**

3      Although Rule 10 of the Federal Rules of Civil Procedure stipulates that all parties' names

4 must be included in a civil action's title, plaintiffs in a variety of civil cases have drawn on their

5 ability to sue anonymously in order to avoid harassment, embarrassment, and other undesirable

6 consequences. As evidenced by the caption of this case, Plaintiff has similarly utilized her ability

7 to sue anonymously. Plaintiff has been permitted to proceed using a "Doe" appellation,

8 concealing her identify from the public, and providing her with the same protections sought under

9 Rule 26(c). In proceeding under the "Doe" appellation, Plaintiff has eliminated the need for the

10 protective order already issued in this case, leaving the public, and Intervenor Mason in

11 particular, with only an unnecessary obstacle to the common law right of access.

12

13

  **C.    MODIFICATION OF THE EXISTING PROTECTIVE ORDER WILL BETTER SERVE THE INTERESTS OF JUSTICE, AVOID DUPLICATIVE EFFORTS, FACILITATE THE PARTIES' EFFICIENT USE OF TIME AND RESOURCES, AND PROMOTE JUDICIAL ECONOMY**

14      It is well established that the Court strongly favors access to the materials of one case to

15 meet the needs of parties engaged in collateral litigation. *See Phillips*, 307 F.3d at 1231 (citing

16 *Beckman Indus., Inc.*, 966 F.2d at 475). "Allowing the fruits of one litigation to facilitate

17 preparation in other cases advances the interests of judicial economy by avoiding the wasteful

18 duplication of discovery." *Id.* Where the Court is able to fashion a modification of the protective

19 order that is consistent with the affected party's legitimate interests, the collateral litigant's

20 request to the issuing court should generally be granted. *See Phillips*, 307 F.3d at 1232 (citing

21 *Beckman Indus., Inc.*, 966 F.2d at 475; *Olympic Refining Co. v. Carter*, 332 F.2d 260, 265-66 (9th

22 Cir. 1964)). Courts have held that the collateral litigant must only demonstrate the mere

23 relevance of the protected discovery to the collateral proceedings and its general discoverability

24 therein, with such relevance hinging on "'the degree of overlap in facts, parties, and issues

25 between the suit covered by the protective order and the collateral proceedings.'" *See Phillips*,

26 307 F.3d at 1232 (quoting Laurie Kratky Dore, *Secrecy by Consent: The Use and Limits of*

27 *Confidentiality in the Pursuit of Settlement*. 74 Notre Dame L. Rev. 283, 366-67 (1999)).

28   / / /

1    With respect to this court's concern for its own time and resources, case law suggests that

2 once satisfied that the collateral litigation is sufficiently relevant to allow modification to avoid

3 duplicative discovery efforts, its obligation to resolve disputes over the ultimate discoverability of

4 the materials covered by the protective order ends, as this is solely the obligation of the collateral

5 court. *See Phillips*, 307 F.3d at 1232 (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d

6 1424, 1428 (10th Cir. 1990); *Superior Oil Co. v. Am. Petrofina Co.*, 785 F.2d 130, 130 (5th Cir.

7 1986)).

8    As previously discussed, on November 20, 2006, the Plaintiff in this case filed suit in state

9 court against the Intervenor, James Mason. In a separate but concurrently filed state action

10 against the San Mateo County Sheriff's Office, and the San Mateo Police Department (two of the

11 original Defendants in this action), Plaintiff alleged that the Defendants had failed to investigate

12 her claims of Mason's sexual assault, and that they had falsely arrested and imprisoned her on the

13 evening that she was removed from Mason's home. The Plaintiff herself designated these two

14 actions as being related, and they were eventually consolidated. Although Plaintiff eventually

15 dismissed the action against the public entity defendants, choosing instead to proceed solely

16 against Mason in state court, the complaint that is the basis for this litigation is based on the same

17 set of facts as the original state actions. Worthy of some notice is the fact that, in addition to the

18 original public entities she had sued in state court, Plaintiff has also identified individual police

19 officers of the San Mateo Police Department, and the San Jose Police Department (by whom

20 Mason is employed) as Defendants in this action. Furthermore, at this time, in her state action

21 against Mason, Plaintiff has noticed the deposition of the two individual officers that are named

22 in this complaint, demonstrating the relationship between the two cases. Perhaps of even greater

23 concern, Plaintiff now subjects the Defendants in both cases to possible conflicting pleadings and

24 legal arguments, as well as the unnecessary expense of time and resources. Access to the records

25 of this case will ease the tasks of the courts in both cases, and will facilitate timely and cost-

26 effective trials for all parties as the facts, parties, and issues between the suits are identical.

27 ///

28 ///

1

2

**III**
**CONCLUSION**

3      For the reasons set forth above, cause having been established, Mason respectfully requests

4   that this Court grant the Motion to Unseal the Complaint.  Alternatively, Mason requests that this

5   Court grant the Motion to Modify the Protective Order, allowing him to access to the records of

6   this case.

7

8   Dated: December 4, 2007                    Respectfully Submitted,

9                                              RAINS, LUCIA & WILKINSON LLP

10

11                                                          /s/

12                                             _____
                                               By:  Harry S. Stern
13                                             Attorneys for Intervenor JAMES MASON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Jane Doe v. City of San Mateo*      Case No. 3:07-CV-5596

**Notice of Motion & Motion to Unseal the Complaint or Alternatively, Motion to Modify the Protective Order**