Jane Doe
1700 N Point #107
San Francisco, California 94123
Telephone: (415) 875-9571

In pro se



ORIGINAL
FILED

MAY 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jane Doe** | **Case No.  C 07-05596 SI** |
| Plaintiff, | |
| vs. | **NOTICE OF MOTION AND MOTION BY PLAINTIFF JANE DOE TO AMEND FIRST AMENDED COMPLAINT;** |
| **CITY OF SAN MATEO, et al.,** | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on Friday, June 13, 2008, at 9 a.m., or soon thereafter as the matter may be heard before the Honorable District Judge Susan Illston in Courtroom No. 10, 19th floor of the United States District Court Federal Building, located at 450 Golden Gate Avenue, San Francisco, CA. Plaintiff, Jane Doe, will and herby does move this court to allow her to amend her first amended complaint under Rule 15 of the Federal Rules of Civil Procedure (The proposed second amended complaint is attached hereto as EXHIBIT "A").

Plaintiff brings this motion for leave to amend the amended complaint in the following manner:

1.      Add additional theories of liability against defendants under Federal Civil Rights claim 42 U.S.C. sec 1983, 1985, 1985 (3) and 1988 based on facts and liability theories learned

*Jane Doe v. City of San Mateo et al.  Case No.  C 07-05596 SI*                    1

Plaintiff's Notice of Motion and Motion to Amend the First Amended Complaint

1  through the discovery of discoverable evidence. Jurisdiction is founded upon 28 U.S.C. sec 1331
2  and 1341(3) and (4) and 1367

3      2.      Add additional theories of liability against new defendants and/or "Doe"
4  defendants, based on facts and liability theories learned through new developments and related
5  actions.

6      All proposed actions in the second amended complaint (Exhibit "A" hereto) are based on
7  the same general facts and injuries sustained by the plaintiff and arising out of the incident on
8  November 5, 2005.

9
10
11  Dated: May 2, 2008                          Respectfully Submitted,
12
13
14
                                           By: Jane Doe, plaintiff in pro se
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND

Plaintiff filed her original un-redacted complaint on November 3, 2008. A first amended complaint was filed by the plaintiff under the fictitious name of Jane Doe on November 5, 2008. Plaintiff served the complaint upon the defendants on April 24, 2008.

## II. DISCUSSION

### A.    Pleading amendments are permitted liberally at any time prior or even subsequent to the commencement of trial so that cases may be determined on their merits.

The court should freely give leave to amend when justice so requires. (Federal Rule of Civil Proc., 15 (2)) Amendment is permitted at any time prior and even subsequent to the commencement of trial (Higgins *v. Del Faro* (1981) 123 Cal.App.3d 558, 564).

Further, it has long been the law in this state that the power of the courts to allow amendment of pleadings is to be liberally exercised so that cases may be decided on their merits. (See: *Desny v. Wilder* (1956) 46 Cal.2d 715, 751; *Klopstock v. Superior Court* (1941) 17 Cal.2d 13, 19-20; *IMO Development Corp. v. Dow Corning Co.* (1982) 135 Cal.App.3d 451, 461; *Malie v. Hyatt* (1998) 61 Cal.App;.4th 581, 596.) As such, if a motion to amend a pleading is timely made, and granting the motion will not prejudice the other party, it is error to refuse permission to amend, and, where the refusal also results in a party's being deprived of the right to assert a meritorious claim, denial is also an abuse of discretion. (See: *Redevelopment Agency v. Herrold* (1978) 86 Cal.App.3d 1024, 1031.)

Under the liberal policy of permitting amendments to pleadings, it has also been well established that a pleading may be amended to state an additional cause of action, change in theory of liability, add parties, or change relief.

*Jane Doe v. City of San Mateo et al.    Case No.  C 07-05596 SI*                                            3

Plaintiff's Notice of Motion and Motion to Amend the First Amended Complaint

1    The California Supreme Court in *Wennerholm v. Stanford University School of Medicine*

2    (1942) 20 Cal.2d 713, set forth the "modern" rule that amendment to complaints will be allowed

3    to state a new cause of action "so long as recovery is sought in each complaint upon the same

4    general set of facts." (*Id.*, at p. 718 [emphasis added]; and see: *Austin v. Massachusetts Bonding*

5    *& Ins. Co.* (1961) 56 Cal.2d 596, 600.) Thus, an amendment adding a new legal theory or cause

6    of action will be permitted where liability is based on the same "operative facts," or "same

7    injury," or "same accident." (*Dudley v. Department of Transp.* (2001) 90 Cal.App.4th 255, 265;

8    *Goldman v. Wilsely Foods, Inc.* (1989) 216 Cal.App.3d 1085, 1094-1095.) The "operative facts"

9    are those creating a right to recovery. (*Id.*, at see: Weil & Brown, Cal. Practice Guide (TRG

10   2002) Civ. Proc. Before Trial, § 6:718.)

11

12   Similarly, additional "Doe" defendants and theories of liability against "Doe" defendants

13   may be added based on the same "general set of facts." (*Austin v. Massachusetts Bonding & Ins.*

14   *Co.* (1961) 56 Cal.2d 596, 600; and *Smeltzley v. Nicholson Mfg. Co.* (1977) 18 Cal.2d 932, 936.)

15   Such an amendment will be permitted where: (1) the plaintiff was ignorant of the defendant's

16   true name; (2) the defendant was unknown to the plaintiff; (3) the plaintiff was ignorant of facts

17   creating liability; or (4) there is a new development in the law creating liability. (See: Weil &

18   Brown, *supra*, §§ 6:752-6:761.)

19   Thus, even though a plaintiff may be aware of the identity of an individual involved in a

20   given accident or occurrence, that individual may be added as a "Doe" defendant where facts are

21   later discovered indicating that the individual may be liable in the action. (See, e.g., *Mishalow v.*

22   *Horwald* (1964) 231 Cal.App.2d 517, and *General Motors Corp. v. Superior Court* (1996) 48

23   Cal.App.4th 580, 597.

24

25   / / /

26   / / /

27   / / /

28

*Jane Doe v. City of San Mateo et al.   Case No. C 07-05596 SI*                                    4

Plaintiff's Notice of Motion and Motion to Amend the First Amended Complaint

1    **B.    Plaintiff should be permitted to amend her complaint to add Defendants, Doe**
2    **defendants, and causes of action.**

3

4    In this case, plaintiff moves for leave to amend her complaint to include defendants
5    related to and/ or arising out of the incident dated November 5, 2005.

6    Thus, plaintiff also moves to add causes of action against these new and current
7    defendants based on facts and new developments. These causes of action include: (1) Federal
8    Civil Rights claim 42 USC section 1983; Failure to Investigate (2) Federal Civil Rights claim 42
9    USC section 1983; Interference with access to the courts (3) Abuse of Process.

10   *See* Proposed Second Amended Complaint, Exhibit "A". These causes of action are based on the
11   same *general* set of facts and injuries sustained by the plaintiff and arising out of the incident on
12   November 5, 2005.

13   There is no prejudice to the above-entitled defendants if plaintiff is granted leave to
14   amend to add causes of action and defendants, since defendants are already a party in this
15   proceeding. The initial case management conference has not been completed, discovery has not
16   begun, and a trial date has not been set. Finally, "prejudice" under the law does not include the
17   mere act of being included as a party. The prejudice recognized by the law is the prejudice to the
18   plaintiffs if they cannot include as a party all of the potentially liable entities and individuals.
19   Obviously, that is why the law provides for "Doe" pleading. This is a circumstance where it
20   should be allowed.

21

22   **III. CONCLUSION**

23

24   The requirements for amending the complaint include applicable legal theories of liability,
25   correct any mistakes in the pleading, and to include new defendants are satisfied in this matter.

26   Plaintiff respectfully requests this court to grant the present motion and permit filing of
27   the proposed second amended complaint.

28

1    Dated: May 1, 2008                        Respectfully Submitted,

2

3

4

5                                              By: Jane Doe, plaintiff in pro se

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Jane Doe v. City of San Mateo et al.   Case No.  C 07-05596 SI*                                            6

Plaintiff's Notice of Motion and Motion to Amend the First Amended Complaint

# EXHIBIT "A"

Jane Doe
1700 N Point #107
San Francisco, California 94123
Telephone: (415) 875-9571

In pro se

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**Jane Doe**

     **Plaintiff,**

    vs.

**CITY OF SAN MATEO, et al.,**

     **Defendants.**

**Case No.  C 07-05596 SI**

**[PROPOSED ORDER] AMENDING THE
FIRST AMENDED COMPLAINT**

    After full hearing and having considered the moving and opposing papers, evidence and exhibits, and good cause appearing therefore, IT IS HERBY ORDERED THAT:

    The Plaintiff's Motion to amend the first amended complaint is granted.

Dated: _____

                               Hon. Susan Illston, United States District Judge

1    Jane Doe
     1700 N Point #107
2    San Francisco, California 94123
     Telephone:  (415) 875-9571
3    In pro se

4              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
5

6    **JANE DOE**                                    Case No.  **C 07-05596SI**

7                    **Plaintiff,**

8            **vs.**

9    **CITY OF SAN MATEO; SAN MATEO POLICE**         **[PROPOSED]**
     **DEPARTMENT; SAN MATEO POLICE CHIEF**          **SECOND AMENDED COMPLAINT**
10   **SUSAN E. MANHEIMER, in her individual and**
     **official capacity; OFFICER SHANDON**          **42 U.S.C.  § 1983, § 1985, and § 1985 (3)**
11   **MURPHY in his individual and official capacity;**
     **OFFICER JOSEPH YANSUKA in his individual**    **Complaint For Damages**
12   **and official capacity SGT. PERUCCI in his**
     **individual and official capacity; DETECTIVE**
13   **TONYA NUE in her individual and official**
     **capacity; Lt. ALAN PARISIAN in his individual**   **DEMAND FOR JURY TRIAL**
14   **and official capacity; SAN MATEO POLICE**
     **OFFICERS Does 1-100; COUNYTY OF SAN**
15   **MATEO; SAN MATEO COUNTY SHERIFF'S**
     **OFFICE; its former SHERIFF DON HORSLEY, in**
16   **his individual and former official capacity; SAN**
     **MATEO COUNTY DEPUTY SUZANNE BLICK**
17   **in her individual and official capacity; Lt.**
     **VICTORIA O'BRIEN in her individual and**
18   **official capacity; SGT. GIL RODRIGUEZ in his**
     **individual and official capacity, KATHERYN**
19   **ALBERTIE in her individual capacity; SAN**
     **MATEO COUNTY SHERIFF'S DEPUTIES Does**
20   **1-100; JAMES RAINEY MASON, in his**
     **individual capacity; CITY OF SAN JOSE, SAN**
21   **JOSE POLICE DEPARTMENT, its POLICE**
     **CHIEF ROBERT DAVIS in his individual and**
22   **official capacity; CITY OF BURLINGAME,**
     **BURLINGAME POLICE DEPARTMENT, its**
23   **POLICE CHIEF JACK VAN ETTEN, OFFICER**
     **KEVIN KASHIWAHARA in his individual**
24   **capacity, OFFICER STEVE VEGA in his**
     **individual and official capacity, DOES 1 - 200,**
25   **INCLUSIVE, et al.,**
                         **Defendants.**
26

27

28

1  **PLAINTIFF ALLEGES:**

2  ## INTRODUCTION

3

4  1.     This is an action for declatory and injunctive relief, damages, and punitive

5  damages against  THE CITY OF SAN MATEO, SAN MATEO POLICE DEPARTMENT, its

6  POLICE CHIEF, SUSAN E. MANHEIMER, OFFICER SHANDON MURPHY in his individual

7  and official capacity, OFFICER JOSEPH YANSUKA in his individual and official capacity, SGT

8
9  PERUCCI in his individual and official capacity DETECTIVE TONYA NUE in her individual

10  and official capacity, Lt. ALAN PARISIAN in his individual and official capacity SAN MATEO

11  POLICE OFFICERS Does 1-100, THE COUNTY OF SAN MATEO, SAN MATEO COUNTY

12  SHERIFF'S OFFICE, its former SHERIFF DON HORSLEY in his individual and former official

13  capacity, SAN MATEO COUNTY SHERIFF DEPUTY SUZANNE BLICK in her official and
14
15  individual capacity, Lt. VICTORIA O'BRIEN in her individual and official capacity, SGT. GIL

16  RODRIGUEZ in his individual and official capacity, KATHERYN ALBERTIE in her individual

17  capacity, SAN MATEO COUNTY SHERIFF'S DEPUTIES Does 1-100,  JAMES RAINEY

18  MASON in his individual capacity, CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT,

19  CITY OF BURLINGAME, BURLINGAME POLICE DEPARTMENT, its POLICE CHIEF
20
21  JACK NAN ETTEN in his individual and official capacity, OFFICER KEVIN

22  KASHIWAHARA in his individual capacity, OFFICER STEVE VEGA in his individual

23
24  and official capacity, DOES 1 THROUGH 200, INCLUSIVE, et al., and sued herin by their

25  fictitious names for violations of the Plaintiff's constitutional rights resulting from application of

26  the CITY OF SAN MATEO, SAN MATEO POLICE DEPARTMENT, THE COUNTY OF SAN

27  MATEO, SAN MATEO COUNTY SHERIFF'S OFFICE, THE CITY OF SAN JOSE, THE SAN
28

*Jane Doe v. City of San Mateo et al.,   Case No.  C 07-05596SI*
**Complaint for Damages**                                                    2

JOSE POLICE DEPARTMENT, THE CITY OF BURLINGAME, and the BURLINGAME

POLICE DEPARTMENT'S policies, practices, and customs concerning the failure to train,

failure to investigate, failure to report, failure to supervise, negligence, abuse, discrimination,

conspiracy to discriminate, denial of equal protection, denial of medical attention, and the misuse

of strip searches in San Mateo County Jail.

2.      JURISDICTION: This action is brought pursuant to 42 U.S.C. sec 1983, 1985,

1985 (3) and 1988, and the First, Fourth, Eighth, and Fourteenth Amendments to the United

States Constitution. Jurisdiction is founded upon 28 U.S.C. sec 1331 and 1341(3) and (4) and

1367 and the aforementioned statutory and constitutional provisions.

3.      The Court has supplemental jurisdiction over plaintiff's state claims under 28

U.S.C. sec 1367 (a).

4.      The amount in controversy exceeds $100, 000, excluding interest and costs.

5.      VENUE:  Venue is proper here because all actions occurred in San Mate County,

California in this court's jurisdiction.

6.      INTRADISTRICT ASSIGNMENT: This lawsuit should be assigned to the San

Francisco Division of this court because a substantial part of the event or omissions which gave

rise to this action occurred in San Mateo County.

7.      JURY TRIAL DEMANDED:  PLAINTIFF DEMANDS A JURY TRIAL IN

THIS CASE


**PARTIES**

8.      Plaintiff, Jane Doe, (herin after "PLAINTIFF") is a citizen of the United States and

resident of the state of California who was raped and sodomized by San Jose Police Officer

Jay Mason (herin after "MASON") at his residence in San Mateo on or about November 5, 2005, then arrested by San Mateo Police for drunk in public and booked into San Mateo County Jail on November 5, 2005.

9.      Defendant CITY OF SAN MATEO, (herin after "CITY") is at all material times referred to herin, was, a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of all state law and constitutional violations complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against the CITY are based on acts and omissions of persons who are City employees, and on the City's breech of its duty to the plaintiff's right to due process and equal protection of the laws.

10.      Defendant SAN MATEO POLICE DEPARTMENT, (herin after "POLICE") is at all material times referred to herin, was, a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of all state law and constitutional violations complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against the POLICE are based on acts and omissions of persons who are City and POLICE employees, and on the POLICE'S breech of its duty to the plaintiff's right to due process and equal protection of the laws.

11.      Defendant SAN MATEO POLICE CHIEF SUSAN E. MANHEIMER (herin after "MANHEIMER") is, and at all material times referred to herin, was duly elected Police Chief of the city of San Mateo, responsible for making, overseeing, and implementing the policies, practices, and customs challenged herin, relating to the policies, practices, and customs of the San Mateo Police Department. MANHIEMER is sued in her individual and official capacities.

*Jane Doe v. City of San Mateo et al.,   Case No. C 07-05596SI*
**Complaint for Damages**                                    4

12. Defendant OFFICER SHANDON MURPHY, (herin after "MURPHY") is, and at all material times referred to herin, is a Police Officer employed by the City of San Mateo, San Mateo Police Department. At all times pertinent herein, defendant MURPHY was acting under color of law and in his capacity as a San Mateo Police Officer, and under the authority, policy, procedure, custom and practice of the San Mateo police department. MURPHY is sued in his individual and official capacity based on acts and omission of acts, negligence, denial of the plaintiff's right to due process, medical attention, discrimination, conspiracy to discriminate, and denial of the plaintiff's right to equal protection as secured under the constitution of the United States.

13. Defendant OFFICER JOSEPH YANSUKA, (herin after "YANSUKA") is, and at all material times referred to herin, is a Police Officer employed by the City of San Mateo, San Mateo Police Department. At all times pertinent herein, defendant YANSUKA was acting under color of law and in his capacity as a San Mateo Police Officer, and under the authority, policy, procedure, custom and practice of the San Mateo police department. YANSUKA is sued in his individual and official capacity based on acts and omission of acts, negligence, denial of the plaintiff's right to due process, medical attention, discrimination, conspiracy to discriminate, and denial of the plaintiff's right to equal protection as secured under the constitution of the United States.

14. Defendant SGT. PERUCCI, (herin after "PERUCCI") is, and at all material times referred to herin, is a Police Sergeant employed by the City of San Mateo, San Mateo Police Department. At all times pertinent herein, defendant PERUCCI was acting under color of law and in his capacity as a San Mateo Police Sergeant/ Supervisor, and under the authority, policy, procedure, custom and practice of the San Mateo police department. PERUCCI is sued in his

individual and official capacity based on acts and omission of acts, negligence, failure to train, failure to supervise, failure to investigate, denial of the plaintiff's right to due process, medical attention, discrimination, conspiracy to discriminate, and denial of the plaintiff's right to equal protection as secured under the constitution of the United States.

15. Defendant TONYA NUE, (herin after "NUE") is, and at all material times referred to herin, is a Police Detective employed by the City of San Mateo, San Mateo Police Department. At all times pertinent herein, defendant NUE was acting under color of law and in her capacity as a San Mateo Police Officer, and under the authority, policy, procedure, custom and practice of the San Mateo police department. NUE is sued in her individual and official capacity based on acts and omission of acts, negligence, failure to investigate and report, discrimination, denial of the plaintiff's right to due process and access to the courts, and denial of the Plaintiff's right to equal protection as secured under the constitution of the United States.

16. Defendant ALAN PARISIAN, (herin after "PARISIAN") is, and at all material times referred to herin, is a Lieutenant employed by the City of San Mateo, San Mateo Police Department. At all times pertinent herein, defendant PARISIAN was acting under color of law and in his capacity as a San Mateo Police Officer, and under the authority, policy, procedure, custom and practice of the San Mateo police department. PARISIAN is sued in his individual and official capacity based on acts and omission of acts, discrimination, conspiracy to discriminate, denial of the plaintiff's right to due process and access to the courts, and denial of the plaintiff's right to equal protection as secured under the constitution of the United States.

17. Defendants SAN MATEO POLICE OFFICERS (hereinafter "POLICE") are sued herin by their fictitious names (Does 1 through 100) are all police officers employed by the City of San Mateo, San Mateo Police Department. At all times pertinent herein, defendants POLICE

were acting under color of law and in their capacity as San Mateo Police Officer's, and under the authority, policy, procedure, custom and practice of the San Mateo police department. Defendants POLICE are sued in their individual and official capacity based on their acts and omission of acts, discrimination, conspiracy to discriminate, denial of the plaintiff's right to due process and access to the courts, and denial of the plaintiff's right to equal protection as secured under the constitution of the United States.

18.    Defendant COUNTY OF SAN MATEO, (herein after "COUNTY") is at all material times referred to herin, was, a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence the all state law and constitutional violations complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against the COUNTY are based on acts and omissions of persons who are County employees, and on the County's breech of its duty to protect the Plaintiff from the wrongful conduct of said persons and employees.

19.    Defendant SAN MATEO COUNTY SHERIFF'S OFFICE, (herein after "COUNTY JAIL") is at all material times referred to herin, was, a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence the all state law and constitutional violations complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against the COUNTY JAIL are based on acts and omissions of persons who are County employees, and on the County's breech of its duty to protect the Plaintiff from the wrongful conduct of said persons and employees.

20.    Defendant former SAN MATEO COUNTY SHERIFF DON HORSLEY, (herein after "SHERIFF HORSLEY") is, and at all material times referred to herin, was duly elected

Sheriff of the county of San Mateo, responsible for administering the Jail facilities and for making, overseeing, and implementing the policies, practices, and customs challenged herin, relating to the operation of the San Mateo County Jail. HORSLEY is sued in his individual and former official capacities.

21.    Defendant DEPUTY SUZANNE BLICK, (herin after "BLICK") is, and at all material times referred to herin, is a DEPUTY employed by the COUNTY of San Mateo, San Mateo County Sheriff's Office. At all times pertinent herein, defendant BLICK was acting under color of law and in her capacity as a San Mateo Sheriffs deputy, and under the authority, policy, procedure, custom and practice of the San Mateo County Sheriff's Office, BLICK is sued in her individual and official capacity based on acts and omission of acts, negligence, denial of the plaintiff's right to due process, denial of medical attention, discrimination, and denial of the plaintiff's right to equal protection as secured under the constitution of the United Sates. As part of her duties at COUNTY Jail, BLICK subjected the Plaintiff to strip search prior to being arraigned and/or without the defendants first having, a recording in writing, and a reasonable suspicion that the search would be productive of contraband or weapons.

22.    Defendant Lt. VICTORIA O'BRIEN, (herin after "O'BRIEN") is, and at all material times referred to herin, is a Lieutenant employed by the COUNTY of SAN MATEO, San Mateo County Sheriff's Office. At all times pertinent herein, defendant O'BRIEN was acting under color of law and in her capacity as a Lieutenant, and under the authority, policy, procedure, custom and practice of the San Mateo County Sheriff's Office, O'BRIEN is sued in her individual and official capacity based on acts and omission of acts, failure to investigate, discrimination, conspiracy to discriminate and cover up crimes, and denial of the plaintiff's right to due process and right to access the courts as secured under the constitution of the United States.

23.     Defendant SGT. GIL RODRIGUEZ, (herin after "RODRIGUEZ") is, and at all material times referred to herin, is a Sergeant employed by the COUNTY of SAN MATEO, San Mateo County Sheriff's Office. At all times pertinent herein, defendant RODRIGUEZ was acting under color of law and in his capacity as a Sergeant, and under the authority, policy, procedure, custom and practice of the San Mateo County Sheriff's Office, RODRIGUEZ is sued in his individual and official capacity based on acts and omission of acts, failure to investigate, discrimination, conspiracy to discriminate and cover up crimes, and denial of the plaintiff's right to due process and right to access the courts as secured under the constitution of the United States.

24.     Defendant KATHERYN ALBERTIE, (herin after "ALBERTIE") is, and at all material times referred to herin, is a deputy employed by the COUNTY of San Mateo, San Mateo County Counsel's Office. ALBERTIE is sued in her individual capacitate for acts and omissions of acts, malicious abuse of process, and intentional interference to access to the courts.

25.     Defendant SAN MATEO COUNTY SHERIFF DEPUTIES (hereinafter "DEPUTIES") are sued herin by their fictitious names (Does 1 through 100) are all deputies who, as a part of their duties at San Mateo Jail subjected the Plaintiff to strip search prior to being arraigned and/or without the defendants first having, a recording in writing, a reasonable suspicion that the search would be productive of contraband or weapons. DEPUTIES discriminated against the plaintiff, conspired to cover up crimes, denied the plaintiff of her right to due process and medical attention, and denied the plaintiff of her right to equal protection under the constitution of the United Sates.

26.     Defendant JAMES MASON, (herin after "MASON") is, and at all material times referred to herin, is a off duty Police Officer employed by the CITY of SAN JOSE, San Jose

1  Police Department. MASON is sued in his individual capacity based on acts and omission of acts,

2  conspiracy to discriminate and deny the plaintiff' of her right to equal protection as secured under

3  the constitution of the United States.

4       27.    Defendant CITY OF SAN JOSE, (herein after "CITY OF SAN JOSE") is at all

5  material times referred to herin, was, a division of the  State of California, that maintained or

6  permitted  an official policy or custom or practice causing or permitting the occurrence of all

7  kinds of wrongs complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's

8  allegations against the CITY OF SAN JOSE are based on acts and omissions of persons who are

9  employees of the CITY OF SAN JOSE, and on the CITY OF SAN JOSE'S negligent hiring,

10

11

12  retention, and training of its employees.

13      28.    Defendant SAN JOSE POLICE DEPARTMENT, (herein after "SAN JOSE

14  POLICE DEPARTMENT") is at all material times referred to herin, was, a division of the  State

15  of California, that maintained or permitted  an official policy or custom or practice causing or

16  permitting the occurrence of all kinds of wrongs complained of herin, which damaged the

17

18  plaintiff as herin alleged. Plaintiff's allegations against the San Jose POLICE DEPARTMENT are

19  based on acts and omissions of persons who are employees of the San Jose POLICE

20  DEPARTMENT, and on the San Jose POLICE DEPARTMENT negligent hiring, retention, and

21  training of its employees.

22

23      29.    Defendant SAN JOSE POLICE CHIEF ROBER DAVIS (herin after "DAVIS") is,

24  and at all material times referred to herin, was duly elected Police Chief of the City of San Jose,

25  responsible for making, overseeing, and implementing the policies, practices, and customs

26  challenged herin, relating to the policies, practices, and customs of the San Jose Police

27  Department. DAVIS is sued in his individual and official capacities.

28

1    30.    Defendant CITY OF BURLINGAME, (herin after "BURLINGAME") is at all

2    material times referred to herin, was, a division of the State of California, that maintained or

3    permitted an official policy or custom or practice causing or permitting the occurrence of all state

4    law and constitutional violations complained of herin, which damaged the plaintiff as herin

5    
6    alleged. Plaintiff's allegations against the Burlingame are based on acts and omissions of persons

7    who are City employees, and on the City's breech of its duty to the plaintiff's right to due process

8    and equal protection of the laws, and on the Burlingame Police Department's negligent hiring,

9    retention, and training of its employees.

10    31.    Defendant BURLINGAME POLICE DEPARTMENT, (herin after

11    
12    "BURLINGAME POLICE") is at all material times referred to herin, was, a division of the State

13    of California, that maintained or permitted an official policy or custom or practice causing or

14    permitting the occurrence of all state law and constitutional violations complained of herin,

15    which damaged the plaintiff as herin alleged. Plaintiff's allegations against BURLINGAME

16    
17    POLICE are based on acts and omissions of persons who are city and police employees, and on

18    the police's breech of its duty to the plaintiff's right to due process and equal protection of the

19    laws, and on the Burlingame Police Department's negligent hiring, retention, and training of its

20    employees.

21    32.    Defendant CHIEF JACK VAN ETTEN (herin after "VAN ETTEN") is, and at all

22    
23    material times referred to herin, was duly elected Police Chief of the city of Burlingame,

24    responsible for making, overseeing, and implementing the policies, practices, and customs

25    challenged herin, relating to the policies, practices, and customs of the Burlingame Police

26    Department. VAN ETTEN is sued in his individual and official capacities.

27    
28

33.     Defendant OFFICER/INSPECTOR KEVIN KASHIWAHARA, (herin after "KASHIWAHARA") is, and at all material times referred to herin, is an off-duty Police Officer employed by the Burlingame Police Department. At all times pertinent herein, defendant KASHIWAHARA was acting as an individual and in his capacity as an off-duty Burlingame Police Officer. KASHIWAHARA is sued in his individual capacity based on acts and omission of acts, conspiracy to discriminate and deny the plaintiff' of her right to equal protection as secured under the constitution of the United States.

34.     Defendant OFFICER STEVE VEGA, (herin after "VEGA") is, and at all material times referred to herin, is a Police Officer employed by the Burlingame Police Department. At all times pertinent herein, defendant VEGA was acting under color of law and in his capacity as a Burlingame Police Officer, and under the authority, policy, procedure, custom and practice of the Burlingame police department. VEGA is sued in his individual and official capacity based on acts and omission of acts, denial of the plaintiff's right to due process, discrimination, conspiracy to discriminate, and denial of the plaintiff's right to equal protection as secured under the constitution of the United States.

35.     Defendants DOES 1-200, inclusive, are as yet unidentified entities, agencies, and/ or individuals responsible for some or all of the following:

a.     oversight, care, and treatment of the Plaintiff while she was in police department and county jail custody and/ or control at the times alleged herin, and while defendant was acting under color of law.

b.     hiring, training, and/or supervision of individual San Mateo Police officers and San Mateo County deputies who were responsible for the care and treatment of the

*Jane Doe v. City of San Mateo et al.,   Case No. C 07-05596SI*
**Complaint for Damages**                                                              12

plaintiff while she was in police department and County Jail custody and/ or control at the times alleged herin;

c.    establishment or implementation of appropriate policy, procedure, custom, and practice for San Mateo Police and County Deputies and/ or for ensuring appropriate policies, procedures, customs and practices were followed by San Mateo police officers and County deputies at the time alleged herin;

d.    conspiring to discriminate against the plaintiff and covering up crimes, and denying the plaintiff of her right to equal protection and access to the courts.

e.    taking corrective action to remedy any constitutional violations by officers and deputies under defendant's supervision.

36.    All material times mentioned herin, each of the defendant was acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usage of the State of California, The City of San Mateo, The San Mateo Police Department, The County of San Mateo, San Mateo County Jail, and the San Mateo County's Sheriff's office.

## FACTS

37.    On November 4, 2005, sometime between 11:45 pm and 12:45 am, the PLAINTIFF was raped and sodomized by San Jose Police Officer Jay Mason (herin after "MASON") at his residence in San Mateo California.

38.    At the time Mason sodomized the plaintiff, she was moving in and out of consciousness, and did not consent to these acts. When she was lucid, the plaintiff told Mason that he was hurting her, and demanded he stop. Mason refused and pulled her hair.

39.    At some point later in the early hours of November 5, 2005, Plaintiff awoke again, and in pain. She was aware of pornography playing on the television, and felt Mason's penis in

her vagina and saw him on top of her. After a few moments she again lost consciousness. Plaintiff was too intoxicated to react.

40.     Mason later admitted to ejaculating on the plaintiff's face when he was done. Plaintiff was unconscious or asleep at the time and did not consent to these acts.

41.     Plaintiff next awoke to Mason throwing her clothing and effects at her, and telling her to leave. At this time the Plaintiff was still severely intoxicated and disoriented. The plaintiff had trouble comprehending her surroundings, had trouble recalling what had occurred, and had difficulty standing.

42.     Mason telephoned the police and informed them that he was a police officer and falsely reported that the plaintiff was assaulting him. Upon hearing Mason on the telephone from another room in the house, the plaintiff walked to where Mason stood and asked to speak to the police. The plaintiff asked Mason to give her the telephone receiver, and tried to take it from his hands.

43.     The dispatcher ran a check on Mason to verify that he was in fact a police officer and shortly there after, at 1:10 a.m., three (3) male uniformed POLICE officers arrived to the scene, Officer Murphy (herin after "MURPHY), Officer Yanuska (herin after "YANUSKA") and officer Perucci (herin after "PERUCCI"). Mason identified himself as a Police Officer again and Officer MURPHY asked the plaintiff to come with him.

44.     Officer MURPHY escorted the 120 lb plaintiff to his patrol car as she was crying MASON just sodomized her and she needed to be taken to the hospital. MURPHY ignored the plaintiff request medical attention and ordered the Plaintiff to get in the back seat of his patrol car.

45.     MURPHY then locked the plaintiff in his patrol car and went back to speak with Officer YANUSKA, PERUCCI and MASON.

*Jane Doe v. City of San Mateo et al., Case No. C 07-05596SI*
**Complaint for Damages**                                                                      14

46.     MURPHY, MASON, YANSUKA, PERUCCI, and POLICE Does 1-100, in concerted action and agreement, conspired to intentionally discriminate against the plaintiff as a woman and victim of domestic violence to deny the plaintiff of her right to equal protection under the laws.

47.     When officer MURPHY returned to the patrol car, he informed the plaintiff that he was taking her to COUNTY JAIL. MURPHY had the Plaintiff get out from back of the patrol car and turn around. MURPHY then handcuffed and arrested the plaintiff for "drunk in public" as she was crying she was sodomized by MASON.

48.     Plaintiff was still disoriented at the time and did not know why she was being arrested and continued to cry that MASON sodomized her and demanded to be taken to the hospital. Officer MURPHY continued to ignore the Plaintiff's cries for help and YANUSKA just laughed and did nothing. The plaintiff was taken to County Jail in MURPHY'S patrol car.

49.     Upon arrival to COUNTY JAIL, MURPHY woke the PLAINTIFF and pulled her out from the patrol car because she had difficulty getting up and standing on her own.  MURPHY walked the plaintiff inside and conspired with DEPUTIES and defendant Deputy Suzanne Blick (herin after "BLICK") to discriminate against the plaintiff, cover up MASON'S crime, and deny the plaintiff of her right to equal protection.

50.     Defendants DEPUTIES and BLICK patted the plaintiff down, removed and arranged some of the Plaintiff's clothing so as to permit a visual inspection of her underclothing, breasts, and buttocks, and conducted an unlawful strip search upon the plaintiff while she was moving in and out of consciousness after she had been raped and sodomized.

51.     The plaintiff was fingerprinted and photographed crying with MASON'S semen on her face, then picked up by DEPUTIES and thrown into a jail cell in isolation.

1    52.    While in the jail cell, the plaintiff was crying, intoxicated, disoriented, and

2    confused as to where she was, how she got there and why. The plaintiff used the intercom and

3    asked why she was in jail. The plaintiff was informed by a DEPUTIE "the minute you stepped

4    out the front door you were drunk in public".

5

6    53.    MASON and POLICE entrapped the plaintiff and arrested her for "drunk in

7    public" after she had been raped and sodomized.

8    54.    The plaintiff cried again that she was sodomized by a cop and demanded to be

9    taken to the hospital to get swabbed. JAIL DEPUTIES laughed and made inappropriate jokes

10   such as "Domino's Pizza". Plaintiff demanded a breathalyzer, but DEPUTIES ignored her

11
12   demands and continued to mock and discriminate against the plaintiff.

13   55.    At one point, DEPUTIES and defendant BLICK, with deliberate and reckless

14   indifference, converged around the plaintiff's jail cell while putting on blue plastic gloves in a

15   threatening manner to scare the plaintiff and demanded that she shut up.

16
17   56.    While the plaintiff was locked up in a jail cell, defendant MURPHY called

18   MASON on his cell phone and further conspired with him to cover up MASON'S crime of rape

19   and falsify the police report.

20   57.    Although Mason had perpetrated the crime of rape upon the plaintiff and Mason

21   was in violation section 261 (3) (4) (a) (b) (6) and 286 (3) (f) (1) (2) (i) (k) of California Penal

22   Code, POLICE, DEPUTIES, CITY, COUNTY, and DOES 1-200 did nothing to help the plaintiff
23
24   and intentionally and deliberately failed to investigate Mason's crime. Defendants deliberately

25   denied the plaintiff of her right to medical attention and locked her up in a jail cell after she had

26   been raped and sodomized. Defendants were in violation of California Penal code 264.2 which

27   specifies the minimum standards for treatment for victims of sexual assault.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Section 261 (3) & (4) (6) of the California Penal Code provides:**

(a) Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances:

(3) Where a person is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused.

(4) Where a person is at the time unconscious of the nature of the act, and this is known to the accused. As used in this paragraph, "unconscious of the nature of the act" means incapable of resisting because the victim meets one of the following conditions:

Was unconscious or asleep.

(6) Where the act is accomplished against the victim's will by threatening to retaliate in the future against the victim or any other person, and there is a reasonable possibility that the perpetrator will execute the threat. As used in this paragraph, "threatening to retaliate" means a threat to kidnap or falsely Imprison

**Section 286 (f) (1) (2) (i)of the California Penal Code specifically provides:**

(f) Any person who commits an act of sodomy, and the victim is at the time unconscious of the nature of the act and this is known to the person committing the act, shall be punished by imprisonment in the state prison for three, six, or eight years. As used in this subdivision, "unconscious of the nature of the act" means incapable of resisting because the victim meets one of the following conditions:

(1) Was unconscious or asleep.

(2) Was not aware, knowing, perceiving, or cognizant that the act occurred.

(i) Any person who commits an act of sodomy, where the victim is prevented from resisting by an intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused, shall be punished by imprisonment in the state prison for three, six, or eight years.

1

2

3

4

**Section 261, subdivision (a)(3)** proscribes sexual intercourse with a person who is not capable of giving legal consent because of intoxication. The issue is not whether the victim actually consented to sexual intercourse, but whether he or she was capable of exercising the degree of judgment a person must have in order to give legally cognizable consent.

5

6

7

8

9

10

58.    Defendants subjected or caused the plaintiff to be subjected to violations of her California state legal rights and United States Constitutional rights after she had been raped. Defendants deliberately and intentionally conspired to discriminate against the plaintiff, denied the plaintiff of her right to medical attention, denied her of her right to equal protection, locked her up in a jail cell and covered up evidence of Mason's crime of rape.

11

12

13

14

15

59.    Defendants deliberately and intentionally failed to investigate the plaintiff's allegations of rape against Mason, deliberately and intentionally failed to administer a drug and alcohol test upon the plaintiff, and deliberately denied the plaintiff of her right to a rape trauma counselor as required by California state law.

16

17

18

19

20

21

60.    Plaintiff was released from jail approximately six hours later at 7:30 a.m. without charges pressed against her. When the plaintiff stepped out side, she was terrified, disoriented, and in desperate need of an ambulance. The plaintiff began to dial 911, but stopped dialing when she realized she was calling the POLICE and feared she would be taken back to jail for "drunk in public".

22

23

24

25

26

27

28

61.    The plaintiff was traumatized. The plaintiff had never been raped, sodomized, arrested, strip searched, or thrown in jail until that night. And all this was done to the plaintiff in one night within approximately one to two hours by POLICE OFFICERS, the very same people she thought were hired to serve and protect. The plaintiff returned home in utter exhaustion, delirium, confusion, and distress along with a profound sense of embarrassment, humiliation, and

shame. The plaintiff was reluctant to discuss this event with anyone, even close friends and family.

62.    The Plaintiff developed various psychological coping mechanisms, such as repression and disassociation in response to the trauma. Plaintiff suffered and continues to suffer from intrusive nightmares, traumatizing flashbacks, and loss of enjoyment of life. Defendant's acts were unlawful, malicious, wanton, and oppressive.

63.    The Plaintiff contacted San Mateo Police Department and asked for a copy of the POLICE report. The Plaintiff was told she could not have the police report because she was "not the victim."

64.    On January 19, 2006, without any evidence that she had been raped sodomized, or sex of any kind had occurred that nigh, and with the POLICE covering up Mason's crime, the plaintiff met with Sgt. Ricky Goede (herin after "GOEDE") and another Male OFFICER of San Jose Police Internal Affairs Unit and informed them that she was scared of Mason and that he abused his power as a police officer and maliciously conspired with police to cause her arrest.

65.    The plaintiff informed GOEDE that she was afraid MASON would retaliate against the plaintiff if she complained. The plaintiff informed GOEDE that Mason has threatened to use his police officer friends and his position as a police officer against the plaintiff. The plaintiff also informed GEODE that Mason has scared the plaintiff in the past and told her that POLICE beat people in JAIL and they have a "code of silence" to cover up their misconduct.

66.    GOEDE informed the plaintiff that she would investigate the plaintiff's allegations and send her a letter with a written outcome of it. GOEDE assured the plaintiff that she would be safe to go to the places she normally frequents without fearing Mason.

*Jane Doe v. City of San Mateo et al.,   Case No. C 07-05596SI*
**Complaint for Damages**                                                    19

1    67.    When the Plaintiff followed up with GOEDE to find out when she would receive

2    the results of the investigation, GOEDE informed the plaintiff that there would be no

3    investigation. GOEDE informed the Plaintiff that they were there to protect MASON and the

4    POLICE DEPARTMENT.

5

6    68.    Plaintiff later learned that both the San Jose Police Department and the

7    Burlingame Police Department hired MASON as a police officer after knowing he had a criminal

8    record (San Mateo County Superior Court Case No. CM118728). MASON was forced to resign

9    and/ or fired as detective from the Burlingame Police Department after a female citizen

10   complained that he was stalking and harassing her. He was then hired by the San Jose Police

11   Department as a patrol officer for the domestic violence unit.

12

13   69.    On February, 6, 2006, the plaintiff met with Lt. Tom Daughtry (herin after

14   "DAUGHTRY") of the San Mateo POLICE DEPARTMENT and made a complaint against

15   OFFICER Murphy for misconduct. DAUGHTRY informed the plaintiff that he would investigate

16   her complaint against MURPHY, but if the plaintiff wanted to make a complaint against the

17   DEPUTIES, she would have to make it with the San Mateo COUNTY Sheriff's office because

18

19   they are a different agency.

20   70.    Several weeks later, SAN MATEO POLICE informed the plaintiff that they did an

21   investigation and interviewed witnesses such as Mason (the perpetrator of the crime), the

22   Sheriff's DEPUTIES, and San Mateo POLICE OFFICER'S, and everyone said the plaintiff was

23

24   drunk; therefore Officer MURPHY did nothing wrong.

25   71.    Even though POLICE had obtained evidence through their internal affairs

26   investigation that MASON had perpetrated the crime of rape under California state law, and

27   MASON was in violation of 261 and 286 of the California Penal Code, San Mateo POLICE and

28

*Jane Doe v. City of San Mateo et al.,   Case No. C 07-05596SI*
**Complaint for Damages**                                                    20

its Chief Susan E. Manheimer (herin after MANHEIMER ") approved of MASON'S and

MURPHY'S unlawful conduct. The POLICE and MANHEIMER'S approval of MURPHY'S and

MASON'S unlawful acts reflects a deliberate indifference to the violations of the plaintiff's legal

and constitutional rights and indicates that the San Mateo Police Department's policies and /or

customs condoned unlawful and unconstitutional conduct of its POLICE Officers.

72.     On March 16, 2006 the plaintiff met with Lt. DAUGHTRY again and filed a

second report of un-consented sodomy against MASON and tape recorded the interview.

DAUGHTRY then wrote a few brief misconstrued and misleading paragraphs about it.

73.     Shortly thereafter, the plaintiff received a call from a female officer of San Mateo

POLICE Department advising her to obtain a restraining order against Mason. The plaintiff

obtained a Temporary Restraining Order (TRO) against Mason and went to the POLICE

Department in person to pick up a copy of the police report for the hearing set in San Mateo

County Superior Court. But when the plaintiff arrived, POLICE told her that she could not have

the police report, because if the POLICE released the report to the plaintiff, it would then become

public record and the media would then have access to it.

74.     Defendants POLICE intentionally interfered with the plaintiffs right to access the

courts and denied the plaintiff of her right to MURPHY'S POLICE report for the court hearing to

obtain a permanent restraining order.

75.     Plaintiff was then contacted by Detective Tonya Nue (herin after "NUE") of the

San Mateo Police Department and told that she would be handling the investigation.

76.     Detective NUE informed the plaintiff that she had been arrested because she was

too intoxicated to care for her own safety. Detective NUE also informed the plaintiff that due to

her level of intoxication, the plaintiff was unable to consent to sex of any kind.

77.    Detective NUE informed the plaintiff that she would obtain a copy of the surveillance tape from the restaurant earlier that night, interview witnesses, and send the report to the District Attorneys Office.

78.    Plaintiff informed NUE that she was afraid of Mason and he has threatened to use his police officer friends to have her arrested. Detective NUE asked the plaintiff if she knew the names of Police Officers. Plaintiff informed NUE that the only name she knew was Inspector Kevin KASHIWAHARA of the Burlingame POLICE Department.

79.    Shortly thereafter, on April 5, 2006, Mason violated the Plaintiff's restraining order while in the company of Burlingame POLICE Officer's. When the plaintiff informed NUE of Mason's restraining order violation, NUE told the plaintiff that there was no way to prove it and immediately asked for the name of the Burlingame Police Officer who took her police report.

80.    NUE then contacted the Burlingame POLICE Department by phone and conspired with POLICE to falsify and misconstrue the Plaintiff's police report and to intentionally omit the fact that Mason was with POLICE officers when he violated the plaintiff's restraining order.

81.    On May 31, 2006 Mason violated the restraining order again. This time, Mason used his Burlingame Police Officer friend's Inspector Kevin Kashiwahara (herin after "KASHIWAHARA") and Officer Steve Vega (herin after "VEGA"), to stalk, harass, and intimidate the plaintiff.

82.    Officer VEGA, dressed in uniform, approached the plaintiff where she was at a table in a restaurant and asked the plaintiff to come outside with him. VEGA informed the plaintiff that MASON was in the restaurant and she had to leave or he would arrest her. The plaintiff asked VEGA if he was friends with MASON and he said "Yes". The plaintiff went into a panic attack and told VEGA she was calling the police. VEGA yelled "I am the Police!" The

plaintiff called police, Vega demanded that the plaintiff tell the dispatcher that VEGA was there, and one of VEGA'S subordinate Officers eventually showed up and later wrote a police report. The report was then inspected, and further misconstrued, and falsified by Mason's friend Inspector KASHIWAHARA.

83.    The plaintiff later learned that MASON'S friend and former co-worker Police Officer KASHIWAHARA telephoned Officer VEGA on his cell phone to plot, plan, and conspire against the plaintiff.

84.    Officer VEGA knew that MASON was under a court order to stay 100 yards away from the plaintiff and MASON was in violation of the plaintiff's restraining order. And in deliberate and concerted action, MASON, Officer KASHIWAHARA, and Officer VEGA conspired to deny the plaintiff equal protection under the laws, and subjected the plaintiff or caused the plaintiff to be subjected to violations of her California State rights and United States Constitutional rights.

85.    When the plaintiff called the District Attorney's Office to see what corrective and preventative action would be taken, the plaintiff was told that all they could do is send a letter to Mason's employer, the San Jose Police Department. The same department that refused to investigate the plaintiff's allegations against Mason because "they were there to protect MASON and the POLICE Department," not the plaintiff.

86.    After several more months went by, Detective NUE'S police report had not been sent to District Attorneys Office for review. During this time, the plaintiff's calls to NUE went unanswered and unreturned.

87.    Plaintiff later learned that Mason, and through his attorney Harry Stern, was conspiring with San Mateo POLICE, the CITY, the COUNTY, MURPHY, YANSUKA, NUE,

DAUGHTRY, PARISIAN, the BURLINGAME POLICE DEPARTMENT and Defendants Does 1-200 to cover up MASON'S, MURPHY'S, POLICE, and DEPUTIES unlawful conduct. Defendants conspired to discriminate against the plaintiff, deny her of her right to equal protection, and impede her right to access the courts.

88.    Because the plaintiff's calls to NUE were unanswered and unreturned, the plaintiff was forced to write a letter to POLICE CHIEF MANHEIMER regarding the status of NUE'S investigation. MANHEIMER instructed the plaintiff via US mail to contact Lt. Alan PARISIAN at the San Mateo Police Department. When the plaintiff spoke with Lt. PARISIAN in August 2006, approximately five months after the plaintiff had made her report with NUE; PARISIAN informed the plaintiff that Detective NUE had other cases that were more important than the plaintiff's case.

89.    Plaintiff is informed and believes and theron alleges that Mason met with Sgt. Parisian (herin after "PARISIAN ") in person to further conspire and discriminate against the plaintiff, and cover up Mason's crime and the unlawful conduct of San Mateo POLICE officers.

90.    When the report finally made it to the District Attorneys Office for review, the plaintiff was told that Karen Guidotti (herin after "GUIDOTTI") declined to prosecute. The plaintiff telephoned GUIDOTTI for an explanation. GUIDOTTI laughed sadistically and said, to the plaintiff "Of course you were violated (by MASON), but you filed a claim against the CITY (POLICE)." The plaintiff then requested the explanation from Guidotti in writing, but GUIDOTTI refused. The plaintiff asked GUIDOTTI who her supervisor was and who else there was that the plaintiff could go to for help. GUIDOTTI laughed again and said "No one, I'm it!"

1    91.    Upon review of NUE'S POLICE report, there is no indication that NUE

2  investigated and interviewed any witnesses and DEPUTIES to the night of the incident during the

3  six month long investigation into the plaintiff's sexual assault.

4    92.    Defendants, SAN MATEO POLICE, Detective NUE, SUSAN E.

5  MANHEIMEER, Lt. Alan PARISIAN, COUNTY, CITY, GUIDOTTI and Does 1-100

6
7  discriminated against the plaintiff, deliberately and intentionally failed to investigate and report,

8  and conspired to cover up Mason's crime and the misconduct of its POLICE officer's and

9  Sheriff's DEPUTIES. Defendants conspired to deny the plaintiff of her right to access to the

10  courts and conspired to deny the plaintiff of her right to equal protection under the laws.

11
12    93.    On September 16, 2006 the PLAINTIFF met with Karen GUIDOTTI'S supervisor,

13  Chief Deputy District Attorney Steve Wagstaffe (herin after "WAGSATFFE") and tape recorded

14  the interview. WAGSTAFFE agreed to bring a copy of the police report to the meeting, but he

15  intentionally failed to do so.  Instead, WAGSTAFFE egregiously tried to convince the plaintiff

16  that the victim report drafted by Lt. Tom DAUGHTRY and Detective NUE was the same police

17
18  report taken by MURPHY the night the plaintiff was raped.

19    94.    Plaintiff informed WAGSTAFFE, that on March 14, 2006, she made an Internal

20  Affairs complaint with Sgt. Gil Rodriguez (herin after "RODRIGUEZ") and Lt. Victoria O'Brien

21  (herin after "O'BRIEN") of the San Mateo COUNTY Sheriff's Office against the DEPUTIES for

22
23  discriminating against her, mocking her, denying her medical attention, covering up Mason's

24  crime, and intimidating her after she had been raped by MASON. The plaintiff tape recorded that

25  interview as well.

26    95.    The Plaintiff informed WAGSTAFFE that she was told by O'BRIEN that the San

27  Mateo County Sheriff's office would conduct an internal affairs investigation and send the

28

plaintiff a written letter of outcome of the investigation. But when the Plaintiff followed up with O'BRIEN regarding the investigation, all she received was a voice mail from O'BRIEN stating "We are still dong the investigation, but all we have found so far is immature behavior." Plaintiff followed up again with O'BRIEN again regarding the investigation, but the plaintiff's calls and letters to O'BRIEN went intentionally unanswered and unreturned. Plaintiff was then forced to write a letter to former SAN MATEO COUNTY SHERIFF HORSLEY regarding the status of the investigation, but the plaintiff's calls and letters to HORSLEY went intentionally unanswered and unreturned as well.

96.     Plaintiff informed WAGSTAFFE, in her own words, that San Mateo POLICE, The COUNTY Sheriff's Office, and its DEPUTIES discriminated against the PLAINTIFF, denied her of her right to medical attention, denied her of her right to equal protection, impeded her right to access the courts, covered up MASON"S crime of rape, and was deliberately covering up the misconduct of its DEPUTIES.

97.     WAGSTAFFE said to the plaintiff "That may well be, but they don't have to do an investigation if they did not want to."

98.     WAGSTAFFE'S statement and actions to the plaintiff reflects a deliberate indifference to violations of the plaintiff's constitutional rights and indicates that the San Mateo COUNTY   Sheriff's Office policies and /or customs condoned unlawful and unconstitutional conduct of its Deputies. It can be adduced that cover-ups and failure to take corrective action against errant deputies and police officers occurred with some frequency.

99.     WAGSTAFFE informed the plaintiff that he would talk with Lt. O'BRIEN about the Internal Affairs Investigation, obtain a copy of MURPHY'S police report, and get back to the

Plaintiff. Plaintiff attempted to follow up with WAGSAFFE by phone and US mail on numerous occasions after that, but the plaintiff's calls and letters were unreturned by WAGSTAFFE.

100.    The Plaintiff was forced to contact WAGSTAFFE'S supervisor, District Attorney JAMES P. FOX (herin after "FOX") for an explanation as to why MASON wasn't being prosecuted and why WAGSTAFFE and the COUNTY Sheriff's Office hadn't returned her calls and letters regarding the investigation. The plaintiff's call to FOX was answered by his secretary Pat Kelley (herin after "Kelly"). KELLY said to the plaintiff "Karen GUIDOTTI told us not to talk to you because you filed a lawsuit against us" and hung up the telephone on the plaintiff.

101.    On November 2, 2006 the plaintiff filed a civil state action against MASON for un-consented sodomy and sex in violation of California penal code 261 and 286. It was only until then that the plaintiff was able to obtain the police report taken by officer MURPHY the night of the incident. MURPHY'S report was given to the plaintiff by attorneys for the CITY and the San Mateo POLICE Department.

102.    MURPHY'S police report stated the plaintiff was crying "he (MASON) fucked me in the ass." Murphy wrote that the plaintiff was intoxicated, had difficulty standing up straight, her balance was unsteady, she had bloodshot water eyes, her face was flushed, she said she was going to vomit, and due to level of the plaintiff's intoxication, the plaintiff was unable to care for her own safety.

103.    Murphy's police report indicated that the plaintiff had alleged a violation of 261 and 286 of the California penal code. Yet with deliberate indifference, Murphy discriminated against the plaintiff as a woman and intentionally failed to comply with section 264.2 of the California penal code and intentionally denied the plaintiff of her right to medical attention.

**California penal code 264.2 specifically states**:

(a) Whenever there is an alleged violation or violations of subdivision

(e) of Section 243, or Section 261, 261.5, 262, 273.5,286, 288a, or 289,

the law enforcement officer assigned to the case shall immediately provide

the victim of the crime with the "Victims of Domestic Violence" card,

as specified in subparagraph (G) of paragraph (9) of subdivision (c) of Section 13701.

(b) (1) The law enforcement officer, or his or her agency, shall immediately

notify the local rape victim counseling center, whenever a victim of an alleged

violation of Section 261, 261.5, 262, 286, 288a, or 289 is transported to a hospital

for any medical evidentiary or physical examination. The victim shall have the right to have a

sexual assault counselor, as defined in Section 1035.2 of the Evidence Code,

and a support person of the victim's choosing present at any medical evidentiary

or physical examination.

104.    Murphy's police report indicated that Mason said the sex was consensual. But nowhere on Murphy's report does it say that the plaintiff said the sex was consensual.

105.    The plaintiff later learned that San Mateo Police further conspired with Mason and his attorney, Harry Stern (herin after "STERN"), and unlawfully provided Mason (the perpetrator of the crime) with the plaintiff's confidential sexual assault report drafted by DAUGHTRY and NUE . The report was given to Mason by POLICE without the plaintiff's consent, without a court order, and without a protective order.

106.    During discovery, the plaintiff made several attempts to obtain the information received from the Internal Affairs Investigation conducted by the San Mateo Police Department and the San Mateo County Sheriff's Office, but the requests were denied. At no time during these court proceedings did COUNTY Counsel inform the plaintiff or the courts that the COUNTY Sheriff's Office never even conducted an investigation into the DEPUTIES misconduct.

107.    In fact, Deputy COUNTY Counsel, Kathryn Albertie (herin after "ALBERTIE") lied in court documents. ALBERTIE specifically stated in her opposition brief to a pitchess

1  motion "The San Mateo County Sheriff's Office investigated the claim and the Board of

2  Supervisors rejected the plaintiff's claim." And that was the result of the investigation. ALBERTI

3  also wrote that "the only other existing written reports pertaining to the plaintiff on November 5,

4  2005, is the follow-up investigation, which is privileged."

5

6  108.   COUNTY Counsel Deputy, Kathryn ALBERTIE, intentionally lied and deceived

7  the plaintiff and the courts by using the Board of Supervisors rejection letter as an exhibit in her

8  opposition to the pitchess motion and egregiously indicated that the COUNTY did an

9  investigation and the Board of Supervisors rejection letter was the outcome of the San Mateo

10  County Sheriff's Office Internal Affairs Investigation. COUNTY Counsel maliciously lied and

11
   abused the courts and process to cover up criminal and civil misconduct and interfere with the

12

13  plaintiff's right to access the courts.

14  109.   On January 28, 2008, before trial was set to begin, San Mateo County Superior

15  Court judge Joseph E. Bergeron called COUNTY Counsel down to his chambers and asked why

16
   Deputy BLICK, the only Deputy named on the Plaintiff's booking sheet, was never interviewed

17

18  in the internal affairs investigation. COUNTY Counsel then finally admitted for the first time that

19  the San Mateo COUNTY Sheriff's Office never even did an investigation.

20  110.   Lacking the evidence the plaintiff needed from the COUNTY, the County JAIL,

21  the CITY, and the POLICE, because of their deliberate cover up, and their deliberate failure to

22
   investigate and/or failure to adequately investigate and report, the plaintiff dismissed her civil

23

24  action against Mason on January 30, 2008 before trial commenced.

25  111.   On February 27, 2008, the plaintiff learned through the discovery of her own that

26  her case against Mason was dismissed *with* prejudice instead of *without* and there was a judgment

27

28

*Jane Doe v. City of San Mateo et al.,   Case No. C 07-05596SI*
**Complaint for Damages**                                    29

1    in favor of the defendant. When the plaintiff telephoned her attorney for an explanation, he said

2    there must have been some improper conduct amongst the courts and/or Harry STERN.

3    112.    The plaintiff phoned the judge's clerk, Karen Caldwell, and informed her of the

4    situation and asked for an explanation. Approximately one week later, the plaintiff received an

5    apology letter from the judge. However, the dismissal *with* prejudice stood, further denying the

6

7    plaintiff of her right to access the courts.

8    113.    DEFENDANTS, COUNTY, CITY, POLICE, DEPUTIES, ALBERTIE, and Does

9    1-100 conspired to perpetrate a fraud upon the courts and to cover up civil and criminal

10   misconduct.

11

12   114.    The COUNTY, CITY, and Does 1-200 discriminated against the plaintiff and

13   denied the plaintiff her right to equal protection, and violated plaintiff's constitutional right to due

14   process and meaningful access to the courts.

15   115.    COUNTY, ALBERTIE, and COUNTY Counsel's fraud upon the courts

16   constitutes an abuse of process. In perpetrating this fraud, DEFENDANTS COUNTY, and Does

17

18   1-100 maliciously and deliberately interfered with the plaintiff's right to access the courts. The

19   COUNTY wasted the courts and the plaintiff's time and money on frivolous and deceitful

20   motions.

21   116.    Plaintiff is informed and believes, and thereon alleges, that defendants acted under

22   color of state law and intentionally discriminated against the plaintiff as a woman and victim of

23

24   domestic violence. Defendants conspired in concerted action and agreement to deprive, directly

25   and/ or indirectly, the plaintiff's right to equal protection under the laws.

26

27

28

*Jane Doe v. City of San Mateo et al.,  Case No. C 07-05596SI*
**Complaint for Damages**                                      30

117.    Plaintiff is informed and believes, and thereon alleges, that defendants deliberately and with reckless indifference failed to investigate in order to cover up evidence of a criminal and civil misconduct and deny the plaintiff of her right to access the courts.

118.    Plaintiff is informed and believes, and thereon alleges, that defendants routinely followed their policy, practice and custom of failing to investigate and report civil and criminal misconduct.

119.    Plaintiff is informed and believes, and thereon alleges, that defendant's policies and customs subjected the PLAINTIFF or caused her to be subjected to the deprivation of constitutional rights.

120.    Plaintiff is informed  and believes, and thereon alleges, that defendants routinely followed their policy, practice and custom of subjection pre-arraignment of detainees, including plaintiff, to a strip searches without having, and recording in writing, a reasonable suspicion that the search will be productive of contraband or weapons.

121.    Plaintiff is informed and believes and theron alleges that BLICK is a rookie Deputy Who's former place of employment was with the San Mateo Police Department.

122.    Plaintiff is informed and believes and theron alleges that Murphy conspired with his former co-worker BLICK to cover up the plaintiff's allegations of rape and their own police misconduct.

123.    Plaintiff is informed and believes, and thereon alleges, that defendants acted intentionally and negligently by their acts and omission of acts.

124.    Defendants conduct was malicious, wanton, and oppressive.

1    125.    DEFENDANT POLICE CHIEF SUSAN E. MANHEIMER is personally

2    responsible for the policies, customs, of the San Mateo Police Department's and its failure to

3    adequately investigate, train, and supervise its Police Officers.

4    126.    DEFENDANT former San Mateo County SHERIFF DON HORSLEY is

5
6    personally responsible for the failure to adequately train, supervise, and investigate its sheriff's

7    deputies and the promulgation and continuation of the strip search policy, practice, and custom to

8    which the plaintiff herin was subjected to and complained of herin.

9    127.    As a result of defendants callous and deliberate indifference, gross negligence,

10   lack of training, negligent supervision, discrimination, denial of medical attention, denial of equal

11
12   protection, failure to investigate, failure to adequately investigate, failure to report, and the misuse

13   of searches, complained of herin, plaintiff has suffered physical and emotional distress, invasion

14   of privacy, and violation of due process law and state and federal statutory and constitutional

15   rights. The policy or customs of the CITY, COUNTY, SAN MATEO POLICE, and COUNTY

16   JAIL, subjected the plaintiff or caused her to be subjected to the deprivation of constitutional

17
18   rights.

19

20

21                                    **COUNT I**

22                                **42 U.S.C § 1983**

23   **Discrimination and Denial of Equal protection under the First and Fourteenth Amendment**

24                    (*City, County, Institutional, and Supervisory Defendants*)

25

26   128.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

27   127 above as though set forth fully herein.

28

129.    Defendants CITY, POLICE, COUNTY, COUNTY JAIL, SAN JOSE POLICE, CITY OF SAN JOSE, MANHEIMER, HORSLEY, DAVIS, SUPERVISORY DEFENDANTS, and DOES 1-200 inclusive et. al. knew or reasonably should have known that the plaintiff was raped by Mason and Mason was in violation of California penal code section 261 and 286. Defendants acted in agreement and concerted actions under the color of law and intentionally discriminated against the plaintiff as a woman and as a victim of domestic violence and denied the plaintiff of her right to equal protection under the laws.

130.    Defendants deliberately and with reckless indifference denied the plaintiff her right to medical attention and access to a Rape Trauma Counselor as required by California State law. Defendants treated her allegations of rape differently than other victims of violence. Defendants intentionally and deliberately ignored the plaintiff and mocked her when she was crying that she was sexually assaulted by Mason and in need of medical attention.

131.    Defendants conspired in furtherance to deny the plaintiff of her of her right to equal protection by intentionally and deliberately failing to investigate and/ or adequately investigate and reporting the plaintiff's allegations of rape, thereby causing further injury to the plaintiff and subjected or caused her to be subjected to violations of her constitutional rights.

132.    Defendants and the Burlingame Police Department maintained or permitted an official policy, practice, and/ or custom which is discriminatory against women and provides less protection to victims of date rape, rape by intoxication, and domestic violence than they do with other victims of violence, and herin violated said plaintiff's right to due process, meaningful access to the courts, and equal protection clause under the First and Fourteenth Amendment, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages for said constitutional violations under 42 U.S.C. § 1983.

1    133.   WHEREFORE, plaintiff prays for relief as hereunder appears.

2

3

4                              **COUNT TWO**

5                              **42 U.S.C. § 1983**

6    **Discrimination and Denial of Equal protection under the First and Fourteenth Amendment**

7                              (*Individual Defendants*)

8

9    134.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

10   133 above as though set forth fully herein.

11   135.   Defendants MURPHY, BLICK, NUE, PARISIAN, MANHIEMER, JACK VAN

12   ETTEN, HORSLEY, SAN MATEO POLICE OFFICERS Does 1-100 and DEPUTIES Does 1-

13   100 knew or reasonably should have known that the Plaintiff was raped by off duty police officer

14

15   Mason and he was in violation of California penal code section 261 and 286. Defendants acted in

16   agreement and concerted actions under the color of law and intentionally discriminated against

17   the Plaintiff as a woman and as a victim of domestic violence and denied the plaintiff of her right

18   to meaningful access to the courts and equal protection under the laws .

19

20   136.   Defendants deliberately and with reckless indifference denied the Plaintiff medical

21   attention and access to a Rape Trauma Counselor as required by California State law and treated

22   her allegations of rape differently than other victims of violence. Defendants intentionally and

23   deliberately ignored the Plaintiff and mocked her when she was crying that she was assaulted by

24   Mason and in need of medical attention.

25

26   137.   Defendants conspired in furtherance to deny the Plaintiff of her right to equal

27   protection of the laws by intentionally and deliberately failing to investigate and/ or adequately

28

*Jane Doe v. City of San Mateo et al.,   Case No. C 07-05596SI*
**Complaint for Damages**                                                    34

1    investigate and report the plaintiff's allegations of rape, thereby causing further injury to the

2    plaintiff and subjected or caused her to be subjected to violations of her constitutional rights.

3        138.    Defendants KASHIWAHARA and VEGA acted in agreement and concerted

4    actions under the color of law and intentionally discriminated against the Plaintiff as a woman

5
6    and as a victim of domestic violence and denied the plaintiff of her right to equal protection under

7    the laws.

8        139.    Defendants violated said plaintiff's right to due process, meaningful access to the

9    courts, and equal protection under the First and Fourteenth Amendment, and directly and

10   proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages for said

11
12   constitutional violations under 42 U.S.C. § 1983.

13       140.    WHEREFORE, plaintiff prays for relief as hereunder appears.

14

15                                    **COUNT THREE**

16                              **42 U.S.C. § 1985 § 1985 (3)**

17         **Conspiracy to Discriminate under the First and Fourteenth Amendment**

18              (*City, County, Institutional, and Supervisory Defendants*)

19       141.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

20
21   140 above as though set forth fully herein.

22       142.    Defendants CITY, POLICE, COUNTY, COUNTY JAIL, MANHEIMER,

23   HORSLEY, CITY OF BURLINGAME, BURLINGAME POLICE DEPARTMENT, JACK VAN

24   ETTEN, and SUPERVISORY DEFENDANTS DOES 1-200, Defendants knew or reasonably

25
26   should have know that the Plaintiff was raped by off duty police officer Mason under California

27   Penal code section 261 and 286.

28

143. Defendants acted together and with Mason in concerted action and agreement to intentionally discriminate against the Plaintiff as a woman and victim of domestic violence, and conspired to deprive the Plaintiff of her right to equal protection under the laws and covered up Mason's crime of rape and the unlawful conduct of Police Officer and Deputies.

144. Defendants conspired in furtherance and intentionally failed to investigate and/or failed to adequately investigate the Plaintiffs allegations of assault, denied her of her right to medical attention, and intentionally failed to provide the Plaintiff with a drug and blood alcohol test in order to cover up evidence of Mason's crime of rape by intoxication under California law, which subject the Plaintiff to deprivation of her constitutional rights of due process, meaningful access to the courts and her right to equal protection of the laws.

145. Defendants maintained or permitted an official policy, custom, or practice subjected the PLAINTIFF or caused her to be subjected to the deprivation of constitutional rights, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages for said constitutional violations under 42 U.S.C. § 1985 § 1985 (3).

146. WHEREFORE, plaintiff prays for relief as hereunder appears.

## COUNT FOUR

### 42 U.S.C. § 1985 § 1985 (3)

**Conspiracy to Discriminate under the First and Fourteenth Amendment**

(*Individual Defendants*)

147. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 146 above as though set forth fully herein.

148. Defendant MASON, Sgt. PERUCCI, Officer MURPHY, Officer YANSUKA, Deputy BLICK, SAN MATEO POLICE OFFICERS and DEPUTIES Does 1-100 conspired in

concerted action to discriminate against the plaintiff as a woman and victim of domestic violence. Defendants knew or reasonably should have known that the Plaintiff was raped by off duty police officer MASON under California Penal code section 261 and 286. Defendants acted in concerted action and agreement with off duty police officer Mason and conspired directly and /or indirectly to discriminate against the plaintiff as a woman and victim of domestic violence to cover up Mason's crime of rape and their own unlawful conduct.

149.    Defendants conspired in furtherance and intentionally failed to investigate and/or failed to adequately investigate the Plaintiffs allegations of assault, denied her of her right to medical attention, and intentionally failed to provide the Plaintiff with a drug and blood alcohol test in order to cover up evidence of Mason's crime of rape by intoxication under California law.

150.    Defendants MASON, KASHIWAHARA, and VEGA acted in agreement and concerted actions and under the color of law to intentionally discriminated against the plaintiff as a woman and as a victim of domestic violence and denied the plaintiff of her right to equal protection under the laws.

151.    Defendants subjected or caused the plaintiff to be subjected to the deprivation of her constitutional rights of due process, meaningful access to the courts and her right to equal protection of the laws, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages for said constitutional violations under 42 U.S.C. § 1985 § 1985 (3).

152.    WHEREFORE, plaintiff prays for relief as hereunder appears.

/ / /

/ / /

/ / /

1

## COUNT FIVE

2

### 42 U.S.C. § 1983

3

**Failure to investigate violation of the First and Fourteenth Amendment**

4

(*County, City, Institutional and Supervisory Defendants*)

5

6        153.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

7    152 above as though set forth fully herein.

8        154.    Defendants COUNTY, CITY, POLICE, COUNTY JAIL, SAN JOSE POLICE,

9    CITY OF SAN JOSE, MANHEIMER , PERUCCI, O'BRIEN, RODRIGUES, HORSLEY,

10
    DAVIS, Supervisory Defendants, and DOES 1-100 recklessly and with deliberate indifference
11

12    failed to investigate and/or failed to adequately investigate the Plaintiffs complaints of its

13    POLICE Officer's,  Sheriff's DEPUTIES and MASON.

14        155.    Defendants' policies, practices, and customs of failing to investigate and/ or failing

15    to adequately investigate and report its POLICE officers and DEPUTIES misconduct and

16
    MASON'S criminal misconduct, violated the PLAINTIFF'S constitutional rights by the First and
17

18    Fourteenth Amendment's right to petition the courts, and the due process clause  to due process

19    and meaningful access to the courts.

20        156.    Defendant COUNTY, COUNTY JAIL, and Supervisor Defendant's failure to

21
    investigate reflects a deliberate indifference to violations of the plaintiff's constitutional rights
22

23    and indicates that the defendants' policies and /or customs condoned unlawful and

24    unconstitutional conduct of its Deputies. It can be adduced that cover-ups and failure to take

25    corrective action against errant deputies and police officers occurred with some frequency.

26        157.    Defendant's possessed information revealing a strong likelihood of criminal and

27
    unconstitutional conduct by subordinate officers and off duty police officer MASON, but did
28

*Jane Doe v. City of San Mateo et al.,   Case No. C 07-05596SI*
**Complaint for Damages**                                                    38

1    nothing to investigate the misconduct, thereby causing harm to the plaintiff. Defendant's had a

2    job to do, but did not do it.

3         158.    The COUNTY, CITY and Supervisory Defendants deliberate indifference to the

4    POLICE and DEPUTIES misconduct and failure to investigate the misconduct, amounts to a

5

6    reckless indifference to the violations of the PLAINTIFF'S constitutional and legal rights, and

7    constitutes supervisory liability under § 1983.

8         159.    Defendants intentional failure to investigate and/ or failure to adequately

9    investigate the Plaintiff's complaints against Mason, impeded the plaintiff's ability to bring a civil

10   and criminal action against Mason, thereby denying the plaintiff of her constitutional right to due

11

12   process and access to the courts.

13        160.    Defendants intentional failure to investigate and/ or failure to adequately

14   investigate the Plaintiff's complaints against POLICE and Sheriff's DEPUTIES, impeded or

15   seriously compromised the PLAINTIFF'S ability to bring constitutional violation claims against

16   POLICE and DEPUTIES, thereby denying the PLAINTIFF of her constitutional right to due

17

18   process, meaningful access to the courts, and right to petition the government for redress of her

19   grievance, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to

20   recover damages for said constitutional violations under 42 U.S.C. sec § 1985 § 1985 (3).

21        161.    WHEREFORE, plaintiff prays for relief as hereunder appears.

22

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

1

2

## COUNT SIX

3

### 42 U.S.C. § 1983

4

**Failure to investigate violation of the First and Fourteenth Amendment**

5

(***Individual Defendants***)

6      162.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

7    161 above as though set forth fully herein.

8      163.    Defendant PERUCCI, MURPHY, NUE, MANHEIMER, DAVIS, BLICK,

9
10   O'BRIEN, RODRIGUES, HORSLEY,  Supervisory Defendants, and DOES 1-100 recklessly and

11   with deliberate indifference failed to investigate and/or failed to adequately investigate the

12   Plaintiffs complaints of its POLICE Officer's,  Sheriff's DEPUTIES and MASON.

13      164.    Defendant's possessed information revealing a strong likelihood of criminal and

14   unconstitutional conduct by POLICE OFFICERS, DEPUTIES, and off duty police officer

15
16   MASON, but did nothing to investigate the misconduct, thereby causing harm to the plaintiff.

17   Defendant's had a job to do, but did not do it.

18      165.    Defendants deliberate indifference to the POLICE and DEPUTIES misconduct and

19   failure to investigate the misconduct, amounts to a reckless indifference to the violations of the

20   PLAINTIFF'S constitutional and legal rights, and constitutes supervisory liability under § 1983.

21
22      166.    Defendants intentional failure to investigate and/ or failure to adequately

23   investigate the Plaintiff's complaints against Mason, impeded the plaintiff's ability to bring a civil

24   and criminal action against Mason, thereby denying the plaintiff of her constitutional right to due

25   process and access to the courts.

26
27      167.    Defendants intentional failure to investigate and/ or failure to adequately

28   investigate the Plaintiff's complaints against POLICE and Sheriff's DEPUTIES, impeded or

1  seriously compromised the PLAINTIFF'S ability to bring constitutional violation claims against

2  POLICE and DEPUTIES, thereby denying the PLAINTIFF of her constitutional right to due

3  process, meaningful access to the courts, and right to petition the government for redress of her

4  grievance, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to

5  recover damages for said constitutional violations under 42 U.S.C. sec § 1985 § 1985 (3).

6

7      168.    WHEREFORE, plaintiff prays for relief as hereunder appears.

8

9                          ## COUNT SEVEN

10                          **42 U.S.C. § 1983**

11              **Intentional Interference with Access to the Courts**

12              **Violation of the First and Fourteenth Amendment**

13              (*County, City, Institutional and Supervisory Defendants*)

14

15     169.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

16  168 above as though set forth fully herein.

17     170.    The CITY, COUNTY, COUNTY JAIL, SAN JOSE POLICE DEPARTMENT,

18  CITY OF SAN JOSE, SAN MATEO POLICE, MANHEIMER, DAVIS, HORSLEY, O'BRIEN,

19

20  RODRIGUEZ, and defendants Does 1-100 intentionally interfered with the plaintiff's right to

21  access the courts, a privilege and immunity of citizenship protected by Article IV of the

22  Constitution, by the First amendment's right to petition, and by the due process clause.

23     171.    Defendants intentionally failed and/ or failed to adequately investigate the

24  plaintiff's sexual assault and conspiracy allegation to deny the plaintiff her right to equal

25  protection with the intention of interfering with the plaintiff's meaningful access to the courts.

26

27

28

172.    Defendants intentionally and negligently denied the plaintiff medical attention, a blood alcohol test, and a drug test and intentionally interfered with the plaintiff's right to access the courts.

173.    Defendants lied in oppositions to pitches motions and subpoena duces tecum with the intention of interfering with the plaintiff's right to access the courts.

174.    Defendants Policies and customs of subjected the PLAINTIFF or caused her to be subjected to the deprivation of her right to meaningful access to the courts and violated her First and Fourteenth amendment right of the constitution, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages for said constitutional violations under 42 U.S.C. sec § 1983.

175.    WHEREFORE, plaintiff prays for relief as hereunder appears.

# COUNT EIGHT

### 42 U.S.C. § 1983
### Intentional Interference with Access to the Courts
### Violation of the First and Fourteenth Amendment
### (*Individual Defendants*)

176.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 175 above as though set forth fully herein.

177.    Defendants PERUCCI, MURPHY, YANSUKA, BLICK, NUE, PARISIAN, MANHIEMER, DAVIS, HORSLEY, ALBERTIE, O'BRIEN, RODRIGUEZ, SAN MATEO POLICE OFFICERS, DEPUTIES Does 1-100, and Does 1-100 and intentionally interfered with the plaintiff's right to access the courts, a privilege and immunity of citizenship protected by

1  Article IV of the Constitution, by the First amendment's right to petition, and by the due process
2  clause.

3      178.    Defendants intentionally failed and/ or failed to adequately investigate the
4  plaintiff's sexual assault  and conspiracy to discriminate and deny equal protection allegations
5
6  with the intention of interfering with the plaintiff's meaningful access to the courts.

7      179.    Defendants intentionally and negligently denied the plaintiff medical attention, a
8  blood alcohol test, and a drug test and intentionally interfered with the plaintiff's right to access
9  the courts.

10     180.    Defendants lied in oppositions to pitches motions and subpoena duces tecum with
11
12  the intention of interfering with the plaintiff's constitutional right to access the courts.

13     181.    WHEREFORE, plaintiff prays for relief as hereunder appears.

14

15                                  **COUNT NINE**

16                                  **42 U.S.C. § 1983**

17  **Failure to provide Medical Assistance under the Eighth and Fourteenth Amendment**
18                *(City, County, Institutional, and Supervisory Defendants)*

19
20     182.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through
21  181 above as though set forth fully herein.

22     183.    Defendants CITY, COUNTY, and SUPERVISORY DEFENDANTS DOES 1-100
23  knew or reasonably should have known that the Plaintiff had been raped and was in need of
24
25  immediate medical attention.

26     184.    Defendants CITY, COUNTY, and SUPERVISORY DEFENDANTS DOES 1-100
27  intentionally and with reckless indifference, failed to provide the Plaintiff with the medical
28

1  attention and access to Rape Trauma Counselors as required by California state law after she had

2  been raped.

3      185.    Defendants Policies and customs of subjected the PLAINTIFF or caused her to be

4  subjected to the deprivation of her Eighth amendment right to free from cruel and unusual

5
6  punishment and violated her Fourteenth amendment right to due process and equal protection of

7  the laws, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to

8  recover damages for said constitutional violations under 42 U.S.C. sec § 1983.

9      186.    WHEREFORE, plaintiff prays for relief as hereunder appears

10

11
                        **COUNT TEN**
12
                     **42 U.S.C. § 1983**
13
**Failure to provide Medical Assistance under the Eighth and Fourteenth Amendment**
14                     (*Individual Defendants*)

15

16      187.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

17  186 above as though set forth fully herein.

18
        188.    Defendants PERUCCI, MURPHY, YANSUKA, BLICK, and DOES 1-100 knew
19
20  or reasonably should have known that the Plaintiff had been raped and was in need of immediate

21  medical.

22      189.    Defendants PERUCCI, MURPHY, YANSUKA, BLICK, and DOES 1- 100

23
    intentionally and recklessly failed to provide the Plaintiff with the medical attention she required
24
25  of doctors and rape trauma counselors after she had been raped and locked the plaintiff up in a jail

26  cell.

27      190.    Defendants caused the plaintiff or subjected her to the deprivation of her Eighth

28  amendment right to be free from cruel and unusual punishment and violated her Fourteenth

1  amendment right to due process and equal protection of the laws, and directly and proximately

2  damaged plaintiff as herin alleged, entitling plaintiff to recover damages for said constitutional

3  violations under 42 U.S.C. § 1983.

4      191.   WHEREFORE, plaintiff prays for relief as hereunder appears

5

6

7                        **COUNT ELEVEN**

8                        **42 U.S.C. § 1983**

9      **Negligent Hiring, Supervision, and Failure to Train**

10     **Violation of the Fourth, Eighth, and Fourteenth Amendment**

11     (*City, County, Institutional and Supervisory Defendants*)

12

13     192.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

14  191 above as though set forth fully herein.

15
16     193.   Defendants CITY, COUNTY, POLICE, JAIL, CITY OF SAN JOSE, SAN JOSE

17  POLICE DEPARTYMENT, CITY OF BURLINGAME, BURLINGAMR POLICE

18  DEPARTMENT, VAN ETTEN, PERUCCI, MANHIEMER, HORSLEY, DAVIS, and

19  SUPERVISORY DEFENDANTS DOES 1-100 negligently hired, supervised, and failed to train

20  its Police officers and Deputies which amounted to complete indifference to the Plaintiff's

21
22  constitutional rights.

23     194.   Defendants negligently hired, supervised, and failed to train and its police officers

24  and deputies on California state laws of rape and a victim's legal right to medical attention and a

25  rape trauma counselor after she had been raped. Defendants failure to train is police officers and

26
    deputies amounted to a deliberate indifference to the rights of plaintiff and subjected her or
27
28  caused her to be subjected to a depravation of her constitutional rights.

1    195.    Defendants maintained or permitted an official policy or custom or practice which

2    directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages

3    for said constitutional violations under 42 U.S.C. sec 1983.

4    196.    WHEREFORE, plaintiff prays for relief as hereunder appears.

5

6

7    ## COUNT TWELVE

8    ### 42 U.S.C. § 1983

9    **Unreasonable Search and Seizure Violation of Fourth and Fourteenth Amendment**

10    (*City, County, Institutional and Supervisory Defendants*)

11

12    197.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

13    196 above as though set forth fully herein.

14    198.    Defendants' COUNTY, SAN MATEO COUNTY SHERIFF'S OFFICE,

15    HORSELY, and Defendants Does 1-100 policies, practices, and customs regarding the strip

16    search complained of herin violated plaintiff's rights under the Fourth Amendment to be free

17

18    from unreasonable searches and seizures, violated said plaintiff's right to due process and privacy

19    under the Fourteenth Amendment, and directly and proximately damaged plaintiff as herin

20    alleged, entitling plaintiff to recover damages for said constitutional violations under 42 U.S.C.

21    §1983.

22

23    199.    WHEREFORE, plaintiff prays for relief as hereunder appears.

24    / / /

25    / / /

26    / / /

27

28

# COUNT THIRTEEN

**42 U.S.C. § 1983**

**Unreasonable Search and Seizure Violation of Fourth and Fourteenth Amendment**
(***Individual Defendants***)

200.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 199 above as though set forth fully herein.

201.    Defendants' BLICK and DEPUTIES DOES 1-100 unlawful and unreasonable strip search complained of herin violated plaintiff's rights under the Fourth Amendment to be free from unreasonable searches and seizures, violated said plaintiff's right to due process and privacy under the Fourteenth Amendment, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages for said constitutional violations under 42 U.S.C. § 1983.

202.    WHEREFORE, plaintiff prays for relief as hereunder appears.

# COUNT FOURTEEN

**42 U.S.C. § 1983**

**California State Unruh Civil Rights Act, Civil Code sec 52 and 52.1**
(***City***, ***County, Institutional and Supervisory Defendants***)

203.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 202 above as though set forth fully herein.

204.    Defendants' COUNTY, SHERIFF"S OFFICE, HORSLEY and DOES 1-100 policies, practices, and customs regarding the strip search complained of herin violated plaintiff's rights to privacy as secured by Article 1, Section 1 of the California Constitution and directly and

1  proximately damaged plaintiff as herin alleged, entitling said plaintiff to recover damages

2  pursuant to California Civil Code sec 52.1 and sec 52, in addition to other damages.

3      205.    WHEREFORE, plaintiff prays for relief as hereunder appears.

4

5

## COUNT FIFTEEN

6

### 28 U.S.C. § 1367 and 42 U.S.C. § 1983

7

### Abuse of Process

8

### (*County*)

9

10      206.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

11  205 above as though set forth fully herein.

12
13      207.    Defendants' COUNTY, SAN MATEO COUNTY SHERIFF"S OFFICE and

14  DOES 1-100 lying and providing false information to the courts in opposition briefs to Pitchess

15  Motion and Subpoena Duces Tecum constitutes a malicious abuse of process.

16      208.    WHEREFORE, plaintiff prays for relief as hereunder appears.

17

18

## COUNT FIFTEEN

19

### 28 U.S.C. § 1367 and 42 U.S.C. § 1983

20

### Abuse of Process

21

### (*Individual Defendants*)

22

23      209.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

24  208 above as though set forth fully herein.

25
26      210.    Defendants' ALBERTIE and DOES 1-100 lying and providing false information

27  to the courts in opposition briefs to Pitchess Motion and Subpoena Duces Tecum constitutes a

28  malicious abuse of process.

211.    WHEREFORE, plaintiff prays for relief as hereunder appears.

## COUNT SIXTEEN

### 28 U.S.C. § 1367

### Negligence

### (*City*, *County, Institutional and Supervisory Defendants*)

212.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 211 above as though set forth fully herein.

213.    Defendants CITY, COUNTY, SAN MATEO POLICE, SAN MATEO COUNTY SHERIFF'S OFFICE, SAN JOSE POLICE DEPARTMENT, PERUCCI, MANHIEMER, HORSLEY, DAVIS, and Does 1-100 negligent acts as described herin above has caused the Plaintiff emotional distress.

214.    WHEREFORE, plaintiff prays for relief as hereunder appears.

## COUNT SEVENTEEN

### 28 U.S.C. § 1367

### Negligence

### (*Individual Defendants*)

215.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 214 above as though set forth fully herein.

216.    Defendants PERUCCI, MURPHY, YANSUKA, MANHIEMER,  BLICK, O'BRIEN, RODRIGUEZ, ALBERTIE, HORSLEY, VAN ETTEN, KASHIWAHARA, VEGA

1    DAVIS, SAN MATEO POLICE OFFICERS DOES 1-100, SHERIFF DEPUTIES DOES 1-100,

2    and DOES 1-200 acted recklessly, and with gross negligence, by their acts and omission of acts,

3    causing the Plaintiff emotional and physical distress

4        217.    WHEREFORE, plaintiff prays for relief as hereunder appears.

5

6

7                        **COUNT EIGHTEEN**

8                        **28 U.S.C. § 1367**

9            **Negligent Infliction of Emotional Distress**
         **(*City*, *County*, *Institutional and Supervisory Defendants*)**
10

11       218.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

12

13   217 above as though set forth fully herein.

14       219.    Defendants CITY, COUNTY, SAN MATEO POLICE, SAN MATEO COUNTY

15   SHERIFF'S OFFICE, BURLINGAME POLICE DEPARTMENT, CITY OF BURLINGAME,

16   SAN JOSE POLICE DEPARTMENT, VAN ETTEN, PERUCCI, MANHIEMER, HORSLEY,

17   DAVIS, and Does 1-100 negligent acts as described herin above has caused the Plaintiff

18

19   emotional distress.

20       220.    WHEREFORE, plaintiff prays for relief as hereunder appears.

21

22                        **COUNT NINETEEN**

23                        **28 U.S.C. § 1367**

24           **Negligent Infliction of Emotional Distress**
                   **(*Individual Defendants*)**
25

26

27       221.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

28   220 above as though set forth fully herein.

*Jane Doe v. City of San Mateo et al.,   Case No.  C 07-05596SI*
**Complaint for Damages**                                           50

1    222.   Defendants PERUCCI,  MURPHY, YANSUKA, PARISIAN, NUE,

2  MANHIEMER, BLICK, O'BRIEN, RODRIGUES, HORSLEY, ALBERTIE, VAN ETTEN,

3  KASHIWAHARA, VEGA,  SAN MATEO POLICE OFFICERS DOES 1-100, SHERIFF

4  DEPUTIES 1-100 and Does 1-100 negligent acts as described herin above has caused the

5  Plaintiff emotional distress.

6

7    223.   WHEREFORE, plaintiff prays for relief as hereunder appears.

8

9                   **COUNT TWENTY**

10                  **28 U.S.C. § 1367**

11        **Intentional Infliction of Emotional Distress**

12     *(City, County, Institutional and Supervisory Defendants)*

13

14    224.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

15  223 above as though set forth fully herein.

16    225.   Defendants CITY, COUNTY, SAN MATEO POLICE, SAN MATEO COUNTY

17  SHERIFF'S OFFICE, BURLINGAME POLICE DEPARTMENT, CITY OF BURLINGAME,

18

19  SAN JOSE POLICE DEPARTMENT, VAN ETTEN, PERUCCI, MANHIEMER, HORSLEY,

20  DAVIS, and Does 1-100 intentional acts as described herin above has caused the Plaintiff

21  emotional distress.

22    226.   WHEREFORE, plaintiff prays for relief as hereunder appears.

23

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

## COUNT TWENTY ONE

2

### 28 U.S.C. § 1367

3

### Intentional Infliction of Emotional Distress
(*Individual Defendants*)

4

5

227.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

6

226 above as though set forth fully herein.

7

8

228.    Defendants PERUCCI,  MURPHY, YANSUKA, PARISIAN, NUE,

9

MANHIEMER, BLICK, O'BRIEN, RODRIGUES, HORSLEY, ALBERTIE, VAN ETTEN,

10

KASHIWAHARA, VEGA,  SAN MATEO POLICE OFFICERS DOES 1-100, SHERIFF

11

DEPUTIES 1-100 and Does 1-100 intentional acts as described herin above has caused the

12

13

Plaintiff emotional distress.

14

229.    WHEREFORE, plaintiff prays for relief as hereunder appears.

15

16

17

## PRAYER FOR RELIEF

18

19

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, for each cause

20

of action above alleged, as follows:

21

1. General damages;

22

2. Special damages;

23

24

3. Punitive damages;

25

4. Attorneys' fees and costs incurred in connection with this action to the fullest extent

26

permitted by law;

27

5. Such other relief as may be just and proper.

28

1

## DEMAND FOR JURY TRIAL

2

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, plaintiff hereby

3

demands a jury trial on all issues so triable.

4

5    Dated:  May 1, 2008                         Respectfully submitted,

6

7

8    _____

9                                               By: Jane Doe, plaintiff in pro se

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28