Jane Doe
1700 N Point #107
San Francisco, California 94123
Telephone: (415) 875-9571

In pro se

ORIGINAL
FILED
MAY 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jane Doe** | Case No.  C 07-05596 SI |
| **Plaintiff,** | |
| **vs.** | **PLAINTIFF'S MOTION AND REQUEST TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE DATE OF May 22, 2008.** |
| **CITY OF SAN MATEO, et al.,** | |
| **Defendants.** | |

Plaintiff herby respectfully requests and moves this court for an order continuing the initial case management conference date of May 22, 2008.

Plaintiff has not retained counsel and requests to proceed in pro se.

Defendants have been served a copy of the complaint on April 24, 2008 along with a waiver of service of summons with 60 days to respond to the complaint (EXHIBIT "A").

Plaintiff also served a stipulation to an amended complaint (EXHIBIT "B") along with a proposed second amended complaint (EXHIBIT "C") on April 24, 2008.

Defendants will not be prejudiced because they have been put on notice of this action.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st Day of May 2008, in San Francisco, CA

By:_____

Jane Doe, plaintiff in pro se

*Jane Doe v. City of San Mateo et al.*
Plaintiff's Motion and Request to Continue Initial Case Management Conference Date

1    Jane Doe
1700 N Point #107
2    San Francisco, California 94123
Telephone: (415) 875-9571
3

   In pro se
4

5

6               **UNITED STATES DISTRICT COURT**

7               **NORTHERN DISTRICT OF CALIFORNIA**

8

9

10    **Jane Doe**                     **Case No. C 07-05596 SI**

11          **Plaintiff,**

12       **vs.**                      **[PROPOSED ORDER] CONTINUING**
**INITIAL CASE MANAGEMENT**
13                                   **CONFERENCE DATE OF MAY 2, 2008**
14    **CITY OF SAN MATEO, et al.,**

15

16            **Defendants.**

17

18

19       After having considered the moving papers, and good cause appearing therefore, IT IS

20    HERBY ORDERED THAT:

21       The initial case management conference rescheduled to  ——————————

22    ————————————

23

24    Dated: —————————————          —————————————————

25                                  Hon. Susan Illston, United States District Judge

26

27

28

EXHIBIT "A"

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A) Thomas F. Casey

as  (B) County Counsel _____ of (C) San Mateo County

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) C 07-05596SI _____ .

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) __30__ days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request Is being sent to you on behalf of the plaintiff, this __24__ day of _____April_____ , __2008__ .

Signature of Plaintiff's Attorney
Or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 398 (12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  (A) Robert Davis

as   (B) Chief _____ of (C) San Jose Police

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) C 07-05596SI _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the
enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the
complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ 30 _____ days after the
date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope
(or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be
served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will
not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice
is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask
the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that
connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set
forth at the foot of the waiver form.

I affirm that this request Is being sent to you on behalf of the plaintiff, this ___24___ day of _____ April _____, 2008 .

Signature of Plaintiff's Attorney
Or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO: (A) James Rainey Mason

as (B) 3rd Party Defendant _____ of (C) _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California

and has been assigned docket number (E) C 07-05596SI _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the
enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the
complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) __30__ days after the
date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope
(or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be
served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will
not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice
is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask
the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that
connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set
forth at the foot of the waiver form.

I affirm that this request Is being sent to you on behalf of the plaintiff, this __24__ day of ____April____, 2008.

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

AO 398 (12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: (A) <u>Shandon Murphy</u>

as   (B) <u>Police Officer</u>       of (C) <u>San Mateo Police Department</u>

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ <u>Northern</u> District of _____ <u>California</u>

and has been assigned docket number (E) <u>C 07-05596SI</u> .

      This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ 𝑧𝑠 _____ days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

      If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request Is being sent to you on behalf of the plaintiff, this <u>24</u> day of _____ <u>April</u> , <u>2008</u> .

<u>                    </u>
Signature of Plaintiff's Attorney
Or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located in foreign country) in which to return waiver

AO 398 (12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  (A) Joseph Yansuka

as   (B) Police Officer                                    of (C) San Mateo Police Department

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) C 07-05596SI _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request Is being sent to you on behalf of the plaintiff, this 24 day of April, 2008.

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located in foreign country) In which to return waiver

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A) __Shawn Mason__

as  (B) __Attorney__ _____ of (C) __City of San Mateo__

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ __Northern__ _____ District of _____ __California__

and has been assigned docket number (E) __C 07-05596SI__ _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ___30___ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this __24__ day of ____April____, __2008__.

Signature of Plaintiff's Attorney
Or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A)  Susan E. Manhiemer

as    (B)  Chief _____ of (C)  San Mateo Police Department

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) C 07-05596SI _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ___30___ days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request Is being sent to you on behalf of the plaintiff, this __24__ day of _____April_____, 2008 .

_____
Signature of Plaintiff's Attorney
Or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A) Greg Munks _____

as  (B) San Mateo County Sheriff _____ of (C) County of San Mateo _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) C 07-05596SI _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) __30__ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this __24__ day of _____April_____, 2008.

_____
Signature of Plaintiff's Attorney
Or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 398 (12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  (A)  Richard Doyle

as  (B)  City Attorney _____ of (C) City of San Jose _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) C 07-05596SI _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) __30__ days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request Is being sent to you on behalf of the plaintiff, this __24__ day of ____April____, _2008_.


_____
Signature of Plaintiff's Attorney
Or  Unrepresented Plaintiff


A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

## Card 1 (top left)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gates F. Casey
Santa Clara County Counsel
(1E) County Center, 6th Fl.
East City, CA 94063

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7008 0500 0002 1538 3482

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

## Card 2 (bottom left)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jose Police Dept.
201 W Mission St.
Jose CA 95110

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7008 0500 0002 1538 3550

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

## Card 3 (top right)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Greg Monk's
San Mateo County Sheriff's Office
400 County Center
Redwood City, CA 94063

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7008 0500 0002 1538 3512

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-154

## Card 4 (bottom right)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Richard Doyle
Office of the City Attorney
200 East Santa Clara Street
San Jose CA 95113

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X       City of San Jose
☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
   City Hall Mail Room
   APR 15 2008

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7008 0500 0002 1538 3505

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-154

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

San Mateo Police Dept.
Attn: Shedon Murphy
2000 South Delaware Street
Mateo CA 94403

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_   □ Agent   □ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Valerie Broyles   4-25-08

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:   □ No

3. Service Type
   ☒ Certified Mail   □ Express Mail
   □ Registered   □ Return Receipt for Merchandise
   □ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number (Transfer from service label)
   7008 0500 0002 1538 3536

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

San Mateo Police Dept
Attn: Joseph Vessalec
2000 South Delaware St.
San Mateo CA 94403

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_   □ Agent   □ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_(signature)_   4-25-08

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:   □ No

3. Service Type
   ☒ Certified Mail   □ Express Mail
   □ Registered   □ Return Receipt for Merchandise
   □ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number (Transfer from service label)
   7008 0500 0002 1538 3543

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

San Mateo Police Dept
Attn: Joseph Vessalec
2000 South Delaware St.
San Mateo CA 94403

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_   □ Agent   □ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_(signature)_   4-25-08

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:   □ No

3. Service Type
   ☒ Certified Mail   □ Express Mail
   □ Registered   □ Return Receipt for Merchandise
   □ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number (Transfer from service label)
   7008 0500 0002 1538 3567

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

San Mateo City Attorneys Office
Shawn Mason
330 w 20th Ave
San Mateo CA 94416

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_   □ Agent   □ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:   □ No

3. Service Type
   ☒ Certified Mail   □ Express Mail
   □ Registered   □ Return Receipt for Merchandise
   □ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number (Transfer from service label)
   7008 0500 0002 1538 3529

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Henry Shen
Davis Wright Tremaine PC
2300 Contra Costa Blvd
Ste 230
Pleasant Hill CA 94523

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name) | C. Date of Delivery
Order Express | 1/25/08

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   *(Transfer from service label)*

7008 0500 0002 1538 3499

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT "B"

Jane Doe
1700 N Point #107
San Francisco, California 94123
Telephone: (415) 875-9571

Re:  *Jane Doe v. City of San Mateo et al.*
United States District Court Northern District of California
Case No. C 07-05596SI

April 23, 2008

Dear Defendants,

Enclosed please find a stipulation and proposed second amended complaint
referenced to the above-entitled action. Please review the document and if meets
your approval, sign it and return it in the envelope provided.

Thank you for your attention to this matter.

Sincerely,

Jane Doe, plaintiff in pro se

Cc:    Harry S. Stern, Rains Lucia Stern PC
       Thomas F. Casey, San Mateo County Sheriff's Office
       Greg Munks, San Mateo County Sheriff
       Shawn Mason, City attorney, City of San Mateo
       Susan E. Manhiemer, San Mateo Police Chief
       Shandon Murphy
       Joseph Yansuka
       Larry Doyle, City Attorney, City of San Jose
       Robert Davis, San Jose Chief of Police

1   Jane Doe
    1700 N Point #107
2   San Francisco, California 94123
    Telephone: (415) 875-9571
3
    In pro se
4

5

6                   UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9

10  **Jane Doe**                                  **Case No.  C 07-05596SI**

11          **Plaintiff,**

12      **vs.**                                   **STIPULATION TO AMEND FIRST**
                                                  **AMENDED COMPLAINT**
13

14  **CITY OF SAN MATEO; SAN MATEO**
    **POLICE DEPARTMENT; SAN MATEO**
15  **POLICE CHIEF SUSAN E. MANHEIMER,**
    **in her individual and official capacity;**
16  **OFFICER MURPHY #122, in his individual**
    **and official capacity;  OFFICER YANUSKA**
17  **#116, in his individual and official capacity;**
    **SAN MATEO POLICE Does 1-100;**
18  **COUNYTY OF SAN MATEO; SAN MATEO**
19  **COUNTY SHERIFF'S DEPARTMENT; SAN**
    **MATEO COUNTY SHERIFF DON**
20  **HORSLEY, in his individual and official**
21  **capacity; SAN MATEO COUNTY SHERIFF**
    **DEPUTIES Does 1-100; CITY OF SAN JOSE;**
22  **SAN JOSE POLICE DEPARTMENT; DOES**
    **1 THROUGH 200, INCLUSIVE, et al.,**
23

24

25          **Defendants.**

26

27

28

1

2          IT IS HERBY STIPULATED AND AGREED by and between the parties to the

3   above-entitled actions, by their respective counsel, that the plaintiff may amend her first amended

4   complaint filed and dated November 5, 2007.

5

6

7   Dated:_____

8

9                                                _____

10                                               Jane Doe, Plaintiff in pro se

11

12  Dated:_____

13

14                                               _____

15                                               Harry S. Stern, Rains Lucia Stern PC
                                                 Attorneys for 3rd party defendant James Mason

16  Dated:_____

17

18                                               _____

19                                               Attorneys for City of San Mateo

20

21  Dated:_____

22

23                                               _____

24                                               Attorneys for San Mateo Police Department

25  Dated:_____

26

27                                               _____

28                                               Attorneys for Susan E. Manhiemer

1   Dated:_____

2

3
                                                    _____
4                                                   Attorneys for Shandon Murphy
    Dated:_____
5

6

7                                                   Attorneys for Joseph Yansuka

8   Dated:_____

9

10
                                                    _____
11                                                  Attorneys County of San Mateo
    Dated:_____
12

13

14
                                                    _____
15                                                  Attorneys for San Mateo County Sheriff's Office
    Dated:_____
16

17

18                                                  Attorneys for San Mateo County Sheriff
                                                    Don Horsley
19
    Dated:_____
20

21

22                                                  Attorneys for the City of San Jose

23  Dated:_____

24

25
                                                    _____
26                                                  Attorneys for San Jose Police Department

27

28

# EXHIBIT "C"

1  Jane Doe
   1700 N Point #107
2  San Francisco, California 94123
   Telephone: (415) 875-9571

3  In pro se

4
                    UNITED STATES DISTRICT COURT
5
                   NORTHERN DISTRICT OF CALIFORNIA
6

7
   **JANE DOE**                                  Case No. C 07-05596SI
8
              Plaintiff,
9
          vs.                                    **SECOND AMENDED COMPLAINT**
10
11 CITY OF SAN MATEO; SAN MATEO POLICE           **42 U.S.C. § 1983, § 1985, and § 1985 (3)**
   DEPARTMENT; SAN MATEO POLICE CHIEF
12 SUSAN E. MANHEIMER, in her individual and     **Complaint For Damages**
   official capacity; OFFICER SHANDON
13 MURPHY in his individual and official capacity;
   OFFICER JOSEPH YANSUKA in his individual
14 and official capacity SGT. PERUCCI in his      **DEMAND FOR JURY TRIAL**
   individual and official capacity; DETECTIVE
15 TONYA NUE in her individual and official
   capacity; Lt. ALAN PARISIAN in his individual
16 and official capacity; SAN MATEO POLICE
17 OFFICERS Does 1-100; COUNYTY OF SAN
   MATEO; SAN MATEO COUNTY SHERIFF'S
18 OFFICE; its former SHERIFF DON HORSLEY, in
   his individual and former official capacity; SAN
19 MATEO COUNTY DEPUTY SUZANNE BLICK
20 in her individual and official capacity; Lt.
   VICTORIA O'BRIEN in her individual and
21 official capacity; SGT. GIL RODRIGUEZ in his
   individual and official capacity SAN MATEO
22 COUNTY SHERIFF'S DEPUTIES Does 1-100;
23 SAN JOSE POLICE DEPARTMENT, CITY OF
   SAN JOSE; BURLINGAME POLICE
24 DEPARTMENT, CITY OF BURLINGAME,
   POLICE CHIEF JACK VAN ETTEN, OFFICER
25 KEVIN KASHIWAHARA in his individual and
26 official capacity, OFFICER STEVE VEGA in his
   individual and official capacity, DOES 1 - 200,
27 INCLUSIVE, et al.,
28                    **Defendants.**

1 **PLAINTIFF ALLEGES:**

2 **INTRODUCTION**

3

4     1.     This is an action for declatory and injunctive relief, damages, and punitive

5 damages against THE CITY OF SAN MATEO, SAN MATEO POLICE DEPARTMENT, its

6 POLICE CHIEF, SUSAN E. MANHEIMER, OFFICER SHANDON MURPHY in his individual

7 and official capacity, DETECTIVE TONYA NUE in her individual and official capacity, Lt.

8
9 ALAN PARISIAN in his individual and official capacity SAN MATEO POLICE OFFICERS

10 Does 1-100, THE COUNTY OF SAN MATEO, SAN MATEO COUNTY SHERIFF'S OFFICE,

11 its former SHERIFF DON HORSLEY, SAN MATEO COUNTY SHERIFF DEPUTY

12 SUZANNE BLICK in her official and individual capacity, Lt. VICTORIA O'BRIEN in her

13 individual and official capacity, SGT. GIL RODRIGUEZ in his individual and official capacity

14
15 SAN MATEO COUNTY SHERIFF'S DEPUTIES Does 1-100, BURLINGAME POLICE

16 DEPARTMENT, CITY OF BURLINGAME, OFFICER KEVIN KASHIWAHARA in his

17 individual and official capacity, OFFICER STEVE VEGA in his individual and official

18
19 capacity, DOES 1 THROUGH 200, INCLUSIVE, et al., and sued herin by their fictitious names

20 for violations of the Plaintiff's constitutional rights resulting from application of the CITY OF

21 SAN MATEO, SAN MATEO POLICE DEPARTMENT, THE COUNTY OF SAN MATEO, and

22
23 the SAN MATEO COUNTY SHERIFF'S OFFICE policies, practices, and customs concerning

24 the failure to train, failure to investigate, failure to report, failure to supervise, discrimination,

25 conspiracy to discriminate, denial of equal protection, denial of medical attention, and the misuse

26 of strip searches in San Mateo County Jail.

27

28

2.  JURISDICTION: This action is brought pursuant to 42 U.S.C. sec 1983, 1985, 1985 (3) and 1988, and the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. sec 1331 and 1341(3) and (4) and 1367 and the aforementioned statutory and constitutional provisions.

3.  The Court has supplemental jurisdiction over plaintiff's state claims under 28 U.S.C. sec 1367 (a).

4.  The amount in controversy exceeds $100, 000, excluding interest and costs.

5.  VENUE:  Venue is proper here because all actions occurred in San Mate County, California in this court's jurisdiction.

6.  INTRADISTRICT ASSIGNMENT: This lawsuit should be assigned to the San Francisco Division of this court because a substantial part of the event or omissions which gave rise to this action occurred in San Mateo County.

7.  JURY TRIAL DEMANDED:  PLAINTIFF DEMANDS A JURY TRIAL IN THIS CASE

**PARTIES**

8.  Plaintiff, Jane Doe, (herin after "PLAINTIFF") is a citizen of the United States and resident of the state of California who was raped and sodomized by San Jose Police Officer Jay Mason (herin after "MASON") at his residence in San Mateo on or about November 5, 2005, then arrested by San Mateo Police for drunk in public and booked into San Mateo County Jail on November 5, 2005.

9.  Defendant CITY OF SAN MATEO, (herin after "CITY") is at all material times referred to herin, was, a division of the State of California, that maintained or permitted an

official policy or custom or practice causing or permitting the occurrence of all state law and constitutional violations complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against the CITY are based on acts and omissions of persons who are City employees, and on the City's breech of its duty to the plaintiff's right to due process and equal protection of the laws.

10. Defendant SAN MATEO POLICE DEPARTMENT, (herin after "POLICE") is at all material times referred to herin, was, a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of all state law and constitutional violations complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against the POLICE are based on acts and omissions of persons who are City and POLICE employees, and on the POLICE'S breech of its duty to the plaintiff's right to due process and equal protection of the laws.

11. Defendant SAN MATEO POLICE CHIEF SUSAN E. MANHEIMER (herin after "MANHEIMER") is, and at all material times referred to herin, was duly elected Police Chief of the city of San Mateo, responsible for making, overseeing, and implementing the policies, practices, and customs challenged herin, relating to the policies, practices, and customs of the San Mateo Police Department. She is sued in her individual and official capacities.

12. Defendant OFFICER SHANDON MURPHY, (herin after "MURPHY") is, and at all material times referred to herin, is a Police Officer employed by the City of San Mateo, San Mateo Police Department. At all times pertinent herein, defendant MURPHY was acting under color of law and in his capacity as a San Mateo Police Officer, and under the authority, policy, procedure, custom and practice of the San Mateo police department. MURPHY is sued in his individual and official capacity based on acts and omission of acts, negligence, denial of the

1  plaintiff's right to due process, medical attention, discrimination, conspiracy to discriminate, and

2  denial of the plaintiff's right to equal protection as secured under the constitution of the United

3  States.

4      13.    Defendant TONYA NUE, (herin after "NUE") is, and at all material times referred

5  to herin, is a Police Officer employed by the City of San Mateo, San Mateo Police Department.

6

7  At all times pertinent herein, defendant NUE was acting under color of law and in her capacity as

8  a San Mateo Police Officer, and under the authority, policy, procedure, custom and practice of the

9  San Mateo police department. NUE is sued in her individual and official capacity based on acts

10  and omission of acts, negligence, failure to investigate and report, discrimination, denial of the

11

12  plaintiff's right to due process and access to the courts, and denial of the Plaintiff's right to equal

13  protection as secured under the constitution of the United States.

14      14.    Defendant ALAN PARISIAN, (herin after "PARISIAN") is, and at all material

15  times referred to herin, is a Police Officer employed by the City of San Mateo, San Mateo Police

16  Department. At all times pertinent herein, defendant PARISIAN was acting under color of law

17

18  and in his capacity as a San Mateo Police Officer, and under the authority, policy, procedure,

19  custom and practice of the San Mateo police department. PARISIAN is sued in his individual and

20  official capacity based on acts and omission of acts, discrimination, conspiracy to discriminate,

21  denial of the plaintiff's right to due process and access to the courts, and denial of the plaintiff's

22  right to equal protection as secured under the constitution of the United States.

23

24      15.    Defendants SAN MATEO POLICE OFFICERS (hereinafter "POLICE") are sued

25  herin by their fictitious names (Does 1 through 100) are all police officers employed by the City

26  of San Mateo, San Mateo Police Department. At all times pertinent herein, defendants POLICE

27  were acting under color of law and in their capacity as  San Mateo Police Officer's, and under the

28

1 authority, policy, procedure, custom and practice of the San Mateo police department.

2 Defendants POLICE are sued in their individual and official capacity based on their acts and

3 omission of acts, discrimination, conspiracy to discriminate, denial of the plaintiff's right to due

4 process and access to the courts, and denial of the plaintiff's right to equal protection as secured

5 under the constitution of the United States.

6

7 16.    Defendant CITY OF BURLINGAME, (herin after "BURLINGAME") is at all

8 material times referred to herin, was, a division of the State of California, that maintained or

9 permitted an official policy or custom or practice causing or permitting the occurrence of all state

10 law and constitutional violations complained of herin, which damaged the plaintiff as herin

11 alleged. Plaintiff's allegations against the Burlingame are based on acts and omissions of persons

12 who are City employees, and on the City's breech of its duty to the plaintiff's right to due process

13 and equal protection of the laws, and on the Burlingame Police Department's negligent hiring,

14 retention, and training of its employees.

15

16 17.    Defendant BURLINGAME POLICE DEPARTMENT, (herin after

17 "BURLINGAME POLICE") is at all material times referred to herin, was, a division of the State

18 of California, that maintained or permitted an official policy or custom or practice causing or

19 permitting the occurrence of all state law and constitutional violations complained of herin,

20 which damaged the plaintiff as herin alleged. Plaintiff's allegations against BURLINGAME

21 POLICE are based on acts and omissions of persons who are city and police employees, and on

22 the police's breech of its duty to the plaintiff's right to due process and equal protection of the

23 laws, and on the Burlingame Police Department's negligent hiring, retention, and training of its

24 employees.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18.     Defendant CHIEF JACK VAN ETTEN (herin after "VAN ETTEN") is, and at all material times referred to herin, was duly elected Police Chief of the city of Burlingame, responsible for making, overseeing, and implementing the policies, practices, and customs challenged herin, relating to the policies, practices, and customs of the Burlingame Police Department. He is sued in his individual and official capacities.

19.     Defendant OFFICER/INSPECTOR KEVIN KASHIWAHARA, (herin after "KASHIWAHARA") is, and at all material times referred to herin, is a Police Officer employed by the Burlingame Police Department. At all times pertinent herein, defendant KASHIWAHARA was acting as an individual and under color of law and in his capacity as a Burlingame Police Officer, and under the authority, policy, procedure, custom and practice of the Burlingame police department. KASHIWAHARA is sued in his individual and official capacity based on acts and omission of acts, denial of the plaintiff's right to due process, discrimination, conspiracy to discriminate, and denial of the plaintiff's right to equal protection as secured under the constitution of the United States.

20.     Defendant OFFICER STEVE VEGA, (herin after "VEGA") is, and at all material times referred to herin, is a Police Officer employed by the Burlingame Police Department. At all times pertinent herein, defendant VEGA was acting under color of law and in his capacity as a Burlingame Police Officer, and under the authority, policy, procedure, custom and practice of the Burlingame police department. VEGA is sued in his individual and official capacity based on acts and omission of acts, denial of the plaintiff's right to due process, discrimination, conspiracy to discriminate, and denial of the plaintiff's right to equal protection as secured under the constitution of the United States.

21. Defendant COUNTY OF SAN MATEO, (herein after "COUNTY") is at all material times referred to herin, was, a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence the all state law and constitutional violations complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against the COUNTY are based on acts and omissions of persons who are County employees, and on the County's breech of its duty to protect the Plaintiff from the wrongful conduct of said persons and employees.

22. Defendant SAN MATEO COUNTY SHERIFF'S OFFICE, (herein after "COUNTY JAIL") is at all material times referred to herin, was, a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence the all state law and constitutional violations complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's allegations against the COUNTY JAIL are based on acts and omissions of persons who are County employees, and on the County's breech of its duty to protect the Plaintiff from the wrongful conduct of said persons and employees.

23. Defendant former SAN MATEO COUNTY SHERIFF DON HORSLEY, (herein after "SHERIFF HORSLEY") is, and at all material times referred to herin, was duly elected Sheriff of the county of San Mateo, responsible for administering the Jail facilities and for making, overseeing, and implementing the policies, practices, and customs challenged herin, relating to the operation of the San Mateo County Jail. He is sued in his individual and official capacities.

24. Defendant DEPUTY SUZANNE BLICK, (herin after "BLICK") is, and at all material times referred to herin, is a DEPUTY employed by the COUNTY of SAN MATEO, San

*Jane Doe v. City of San Mateo et al.*
**Complaint for Damages**                                    8

Mateo County Sheriff's Office. At all times pertinent herein, defendant BLICK was acting under color of law and in her capacity as a San Mateo Sheriffs deputy, and under the authority, policy, procedure, custom and practice of the San Mateo County Sheriff's Office, BLICK is sued in her individual and official capacity based on acts and omission of acts, negligence, denial of the plaintiff's right to due process, denial of medical attention, discrimination, and denial of the plaintiff's right to equal protection as secured under the constitution of the United Sates. As part of her duties at COUNTY Jail, BLICK subjected the Plaintiff to strip search prior to being arraigned and/or without the defendants first having, a recording in writing, and a reasonable suspicion that the search would be productive of contraband or weapons.

25.    Defendant Lt. VICTORIA O'BRIEN, (herin after "O'BRIEN") is, and at all material times referred to herin, is a Lieutenant employed by the COUNTY of SAN MATEO, San Mateo County Sheriff's Office. At all times pertinent herein, defendant O'BRIEN was acting under color of law and in her capacity as a Lieutenant, and under the authority, policy, procedure, custom and practice of the San Mateo County Sheriff's Office, O'BRIEN is sued in her individual and official capacity based on acts and omission of acts, failure to investigate, discrimination, conspiracy to discriminate and cover up crimes, and denial of the plaintiff's right to due process and right to access the courts as secured under the constitution of the United States.

26.    Defendant SGT. GIL RODRIGUEZ, (herin after "RODRIGUEZ") is, and at all material times referred to herin, is a Sergeant employed by the COUNTY of SAN MATEO, San Mateo County Sheriff's Office. At all times pertinent herein, defendant RODRIGUEZ was acting under color of law and in his capacity as a Sergeant, and under the authority, policy, procedure, custom and practice of the San Mateo County Sheriff's Office, RODRIGUEZ is sued in his individual and official capacity based on acts and omission of acts, failure to investigate,

1  discrimination, conspiracy to discriminate and cover up crimes, and denial of the plaintiff's right

2  to due process and right to access the courts as secured under the constitution of the United

3  States.

4      27.    Defendant SAN MATEO COUNTY SHERIFF DEPUTIES (hereinafter

5  "DEPUTIES") are sued herin by their fictitious names (Does 1 through 100) are all deputies who,

6

7  as a part of their duties at San Mateo Jail subjected the Plaintiff to strip search prior to being

8  arraigned and/or without the defendants first having, a recording in writing, a reasonable

9  suspicion that the search would be productive of contraband or weapons. DEPUTIES

10  discriminated against the plaintiff, conspired to cover up crimes, denied the plaintiff of her right

11
   to due process and medical attention, and denied the plaintiff of her right to equal protection
12
13  under the constitution of the United Sates.

14      28.    Defendant CITY OF SAN JOSE, (herein after "CITY OF SAN JOSE") is at all

15  material times referred to herin, was, a division of the State of California, that maintained or

16  permitted  an official policy or custom or practice causing or permitting the occurrence of all
17
   kinds of wrongs complained of herin, which damaged the plaintiff as herin alleged. Plaintiff's
18
19  allegations against the CITY OF SAN JOSE are based on acts and omissions of persons who are

20  employees of the CITY OF SAN JOSE, and on the CITY OF SAN JOSE'S negligent hiring,

21  retention, and training of its employees.

22
        29.    Defendant SAN JOSE POLICE DEPARTMENT, (herein after "SAN JOSE
23
24  POLICE DEPARTMENT") is at all material times referred to herin, was, a division of the State

25  of California, that maintained or permitted  an official policy or custom or practice causing or

26  permitting the occurrence of all kinds of wrongs complained of herin, which damaged the

27  plaintiff as herin alleged. Plaintiff's allegations against the San Jose POLICE DEPARTMENT are

28

1  based on acts and omissions of persons who are employees of the San Jose POLICE

2  DEPARTMENT, and on the San Jose POLICE DEPARTMENT negligent hiring, retention, and

3  training of its employees.

4      30.    Defendants DOES 1-200, inclusive, are as yet unidentified entities, agencies, and/

5  or individuals responsible for some or all of the following:

6

7      a.    oversight, care, and treatment of the Plaintiff while she was in police department

8  and county jail custody and/ or control at the times alleged herin, and while defendant was

9  acting under color of law.

10     b.    hiring, training, and/or supervision of individual San Mateo Police officers and

11  San Mateo County deputies who were responsible for the care and treatment of the

12  plaintiff while she was in police department and County Jail custody and/ or control at the

13  times alleged herin;

14

15     c.    establishment or implementation of appropriate policy, procedure, custom, and

16  practice for San Mateo Police and County Deputies and/ or for ensuring appropriate

17  policies, procedures, customs and practices were followed by San Mateo police officers

18  and County deputies at the time alleged herin;

19

20     d.    conspiring to discriminate against the plaintiff and covering up crimes, and

21  denying the plaintiff of her right to equal protection and access to the courts.

22     e.    taking corrective action to remedy any constitutional violations by officers and

23  deputies under defendant's supervision.

24

25     31.    All material times mentioned herin, each of the defendant was acting under the

26  color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usage

27

28

1    of the State of California, The City of San Mateo, The San Mateo Police Department, The County

2    of San Mateo, San Mateo County Jail, and the San Mateo County's Sheriff's office.

3

4                                              **FACTS**

5          32.     On November 4, 2005, sometime between 11:45 pm and 12:45 am, the

6
     PLAINTIFF was raped and sodomized by San Jose Police Officer Jay Mason (herin after
7
8    "MASON") at his residence in San Mateo California.

9          33.     At the time Mason sodomized the plaintiff, she was moving in and out of

10   consciousness, and did not consent to these acts.  When she was lucid, the plaintiff told Mason

11   that he was hurting her, and demanded he stop. Mason refused and pulled her hair.

12
           34.     At some point later in the early hours of November 5, 2005, Plaintiff awoke again,
13
14   and in pain. She was aware of pornography playing on the television, and felt Mason's penis in

15   her vagina and saw him on top of her.  After a few moments she again lost consciousness.

16   Plaintiff was too intoxicated to react.

17
           35.     Mason later admitted to ejaculating on the plaintiff's face when he was done.
18
19   Plaintiff was unconscious or asleep at the time and did not consent to these acts.

20         36.     Plaintiff next awoke to Mason throwing her clothing and effects at her, and telling

21   her to leave.  At this time the Plaintiff was still severely intoxicated and disoriented. The plaintiff

22   had trouble comprehending her surroundings, had trouble recalling what had occurred, and had
23
24   difficulty standing.

25         37.     Mason telephoned the police and informed them that he was a police officer and

26   falsely reported that the plaintiff was assaulting him. Upon hearing Mason on the telephone from

27   another room in the house, the plaintiff walked to where Mason stood and asked to speak to the

28

police. The plaintiff asked Mason to give her the telephone receiver, and tried to take it from his hands.

38.     The dispatcher ran a check on Mason to verify that he was in fact a police officer and shortly there after, at 1:10 a.m., three (3) male uniformed POLICE officers arrived to the scene, Officer Murphy (herin after "MURPHY), Officer Yanuska (herin after "YANUSKA") and officer Perucci (herin after "PERUCCI"). Mason identified himself as a Police Officer again and Officer MURPHY asked the plaintiff to come with him.

39.     Officer MURPHY escorted the 120 lb plaintiff to his patrol car as she was crying MASON just sodomized her and she needed to be taken to the hospital. MURPHY ignored the plaintiff request medical attention and ordered the Plaintiff to get in the back seat of his patrol car.

40.     MURPHY then locked the plaintiff in his patrol car and went back to speak with Officer YANUSKA, PERUCCI and MASON.

41.     MURPHY, MASON, YANSUKA, PERUCCI, and POLICE Does 1-100, in concerted action and agreement, conspired to intentionally discriminate against the plaintiff as a woman and victim of domestic violence to deny the plaintiff of her right to equal protection under the laws.

42.     When officer MURPHY returned to the patrol car, he informed the plaintiff that he was taking her to COUNTY JAIL. MURPHY had the Plaintiff get out from back of the patrol car and turn around. MURPHY then handcuffed and arrested the plaintiff for "drunk in public" as she was crying she was sodomized by MASON.

43.     Plaintiff was still disoriented at the time and did not know why she was being arrested and continued to cry that MASON sodomized her and demanded to be taken to the

1   hospital. Officer MURPHY continued to ignore the Plaintiff's cries for help and YANUSKA just

2   laughed and did nothing. The plaintiff was taken to County Jail in MURPHY'S patrol car.

3       44.     Upon arrival to COUNTY JAIL, MURPHY woke the PLAINTIFF and pulled her

4   out from the patrol car because she had difficulty getting up and standing on her own.  MURPHY

5
6   walked the plaintiff inside and conspired with DEPUTIES and defendant Deputy Suzanne Blick

7   (herin after "BLICK") to discriminate against the plaintiff, cover up MASON'S crime, and deny

8   the plaintiff of her right to equal protection.

9       45.     Defendants DEPUTIES and BLICK patted the plaintiff down, removed and

10  arranged some of the Plaintiff's clothing so as to permit a visual inspection of her underclothing,

11
12  breasts, and buttocks, and conducted an unlawful strip search upon the plaintiff while she was

13  moving in and out of consciousness after she had been raped and sodomized.

14      46.     The plaintiff was fingerprinted and photographed crying with MASON'S semen

15  on her face, then picked up by DEPUTIES and thrown into a jail cell in isolation.

16      47.     While in the jail cell, the plaintiff was crying, intoxicated, disoriented, and
17
18  confused as to where she was, how she got there and why.  The plaintiff used the intercom and

19  asked why she was in jail. The plaintiff was informed by a DEPUTIE "the minute you stepped

20  out the front door you were drunk in public".

21      48.     MASON and POLICE entrapped the plaintiff and arrested her for "drunk in
22
23  public" after she had been raped and sodomized.

24      49.     The plaintiff cried again that she was sodomized by a cop and demanded to be

25  taken to the hospital to get swabbed. JAIL DEPUTIES laughed and made inappropriate jokes

26  such as "Domino's Pizza". Plaintiff demanded a breathalyzer, but DEPUTIES ignored her

27  demands and continued to mock and discriminate against the plaintiff.

28

50. At one point, DEPUTIES and defendant BLICK, with deliberate and reckless indifference, converged around the plaintiff's jail cell while putting on blue plastic gloves in a threatening manner to scare the plaintiff and demanded that she shut up.

51. While the plaintiff was locked up in a jail cell, defendant MURPHY called MASON on his cell phone and further conspired with him to cover up MASON'S crime of rape and falsify the police report.

52. Although Mason had perpetrated the crime of rape upon the plaintiff and Mason was in violation section 261 (3) (4) (a) (b) (6) and 286 (3) (f) (1) (2) (i) (k) of California Penal Code, POLICE, DEPUTIES, CITY, COUNTY, and DOES 1-200 did nothing to help the plaintiff and intentionally and deliberately failed to investigate Mason's crime. Defendants deliberately denied the plaintiff of her right to medical attention and locked her up in a jail cell after she had been raped and sodomized. Defendants were in violation of California Penal code 264.2 which specifies the minimum standards for treatment for victims of sexual assault.

**Section 261 (3) & (4) (6) of the California Penal Code provides:**

(a) Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances:

(3) Where a person is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused.

(4) Where a person is at the time unconscious of the nature of the act, and this is known to the accused. As used in this paragraph, "unconscious of the nature of the act" means incapable of resisting because the victim meets one of the following conditions:

Was unconscious or asleep.

(6) Where the act is accomplished against the victim's will by threatening to retaliate in the future against the victim or any other person, and there is a reasonable possibility that the perpetrator will execute the threat. As used in this paragraph,

"threatening to retaliate" means a threat to kidnap or falsely Imprison

**Section 286 (f) (1) (2) (i)of the California Penal Code specifically provides:**

(f) Any person who commits an act of sodomy, and the victim is at the time unconscious of the nature of the act and this is known to the person committing the act, shall be punished by imprisonment in the state prison for three, six, or eight years.  As used in this subdivision, "unconscious of the nature of the act" means incapable of resisting because the victim meets one of the following conditions:

(1) Was unconscious or asleep.

(2) Was not aware, knowing, perceiving, or cognizant that the act occurred.

(i) Any person who commits an act of sodomy, where the victim is prevented from resisting by an intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused, shall be punished by imprisonment in the state prison for three, six, or eight years.

**Section 261, subdivision (a)(3)** proscribes sexual intercourse with a person who is not capable of giving legal consent because of intoxication. The issue is not whether the victim actually consented to sexual intercourse, but whether he or she was capable of exercising the degree of judgment a person must have in order to give legally cognizable consent.

53.     Defendants subjected or caused the plaintiff to be subjected to violations of her California state legal rights and United States Constitutional rights after she had been raped. Defendants deliberately and intentionally conspired to discriminate against the plaintiff, denied the plaintiff of her right to medical attention, denied her of her right to equal protection, locked her up in a jail cell and covered up evidence of Mason's crime of rape.

54.     Defendants deliberately and intentionally failed to investigate the plaintiff's allegations of rape against Mason, deliberately and intentionally failed to administer a drug and alcohol test upon the plaintiff, and deliberately denied the plaintiff of her right to a rape trauma counselor as required by California state law.

1    55.    Plaintiff was released from jail approximately six hours later at 7:30 a.m. without
2  charges pressed against her. When the plaintiff stepped out side, she was terrified, disoriented,
3  and in desperate need of an ambulance. The plaintiff began to dial 911, but stopped dialing when
4  she realized she was calling the POLICE and feared she would be taken back to jail for "drunk in
5  public".
6

7    56.    The plaintiff was traumatized. The plaintiff had never been raped, sodomized,
8  arrested, strip searched, or thrown in jail until that night. And all this was done to the plaintiff in
9  one night within approximately one to two hours by POLICE OFFICERS, the very same people
10  she thought were hired to serve and protect. The plaintiff returned home in utter exhaustion,
11  delirium, confusion, and distress along with a profound sense of embarrassment, humiliation, and
12  shame. The plaintiff was reluctant to discuss this event with anyone, even close friends and
13  family.
14

15    57.    The Plaintiff developed various psychological coping mechanisms, such as
16  repression and disassociation in response to the trauma. Plaintiff suffered and continues to suffer
17  from intrusive nightmares, traumatizing flashbacks, and loss of enjoyment of life. Defendant's
18  acts were unlawful, malicious, wanton, and oppressive.
19

20    58.    The Plaintiff contacted San Mateo Police Department and asked for a copy of the
21  POLICE report. The Plaintiff was told she could not have the police report because she was "not
22  the victim."
23

24    59.    On January 19, 2006, without any evidence that she had been raped sodomized, or
25  sex of any kind had occurred that nigh, and with the POLICE covering up Mason's crime, the
26  plaintiff met with Sgt. Ricky Goede (herin after "GOEDE") and another Male OFFICER of San
27
28

1    Jose Police Internal Affairs Unit and informed them that she was scared of Mason and that he

2    abused his power as a police officer and maliciously conspired with police to cause her arrest.

3       60.     The plaintiff informed GOEDE that she was afraid MASON would retaliate

4    against the plaintiff if she complained. The plaintiff informed GOEDE that Mason has threatened

5    to use his police officer friends and his position as a police officer against the plaintiff. The

6    plaintiff also informed GEODE that Mason has scared the plaintiff in the past and told her that

7    POLICE beat people in JAIL and they have a "code of silence" to cover up their misconduct.

8       

9       61.     GOEDE informed the plaintiff that she would investigate the plaintiff's allegations

10   and send her a letter with a written outcome of it. GOEDE assured the plaintiff that she would be

11   safe to go to the places she normally frequents without fearing Mason.

12      

13      62.     When the Plaintiff followed up with GOEDE to find out when she would receive

14   the results of the investigation, GOEDE informed the plaintiff that there would be no

15   investigation. GOEDE informed the Plaintiff that they were there to protect MASON and the

16   POLICE DEPARTMENT.

17      

18      63.     Plaintiff later learned that both the San Jose Police Department and the

19   Burlingame Police Department hired MASON as a police officer after knowing he had a criminal

20   record (San Mateo County Superior Court Case No. CM118728). MASON was forced to resign

21   and/ or fired as detective from the Burlingame Police Department after a female citizen

22   complained that he was stalking and harassing her. He was then hired by the San Jose Police

23   Department as a patrol officer for the domestic violence unit.

24      

25      64.     On February, 6, 2006, the plaintiff met with Lt. Tom Daughtry (herin after

26   "DAUGHTRY") of the San Mateo POLICE DEPARTMENT and made a complaint against

27   OFFICER Murphy for misconduct. DAUGHTRY informed the plaintiff that he would investigate

28   

*Jane Doe v. City of San Mateo et al.*
Complaint for Damages                                                                                    18

her complaint against MURPHY, but if the plaintiff wanted to make a complaint against the DEPUTIES, she would have to make it with the San Mateo COUNTY Sheriff's office because they are a different agency.

65.     Several weeks later, SAN MATEO POLICE informed the plaintiff that they did an investigation and interviewed witnesses such as Mason (the perpetrator of the crime), the Sheriff's DEPUTIES, and San Mateo POLICE OFFICER'S, and everyone said the plaintiff was drunk; therefore Officer MURPHY did nothing wrong.

66.     Even though POLICE had obtained evidence through their internal affairs investigation that MASON had perpetrated the crime of rape under California state law, and MASON was in violation of 261 and 286 of the California Penal Code, San Mateo POLICE and its Chief Susan E. Manheimer (herin after MANHEIMER ") approved of MASON'S and MURPHY'S unlawful conduct. The POLICE and MANHEIMER'S approval of MURPHY'S and MASON'S unlawful acts reflects a deliberate indifference to the violations of the plaintiff's legal and constitutional rights and indicates that the San Mateo Police Department's policies and /or customs condoned unlawful and unconstitutional conduct of its POLICE Officers.

67.     On March 16, 2006 the plaintiff met with Lt. DAUGHTRY again and filed a second report of un-consented sodomy against MASON and tape recorded the interview. DAUGHTRY then wrote a few brief misconstrued and misleading paragraphs about it.

68.     Shortly thereafter, the plaintiff received a call from a female officer of San Mateo POLICE Department advising her to obtain a restraining order against Mason. The plaintiff obtained a Temporary Restraining Order (TRO) against Mason and went to the POLICE Department in person to pick up a copy of the police report for the hearing set in San Mateo County Superior Court. But when the plaintiff arrived, POLICE told her that she could not have

the police report, because if the POLICE released the report to the plaintiff, it would then become public record and the media would then have access to it.

69.     Defendants POLICE intentionally interfered with the plaintiffs right to access the courts and denied the plaintiff of her right to MURPHY'S POLICE report for the court hearing to obtain a permanent restraining order.

70.     Plaintiff was then contacted by Detective Tonya Nue (herin after "NUE") of the San Mateo Police Department and told that she would be handling the investigation.

71.     Detective NUE informed the plaintiff that she had been arrested because she was too intoxicated to care for her own safety. Detective NUE also informed the plaintiff that due to her level of intoxication, the plaintiff was unable to consent to sex of any kind.

72.     Detective NUE informed the plaintiff that she would obtain a copy of the surveillance tape from the restaurant earlier that night, interview witnesses, and send the report to the District Attorneys Office.

73.     Plaintiff informed NUE that she was afraid of Mason and he has threatened to use his police officer friends to have her arrested. Detective NUE asked the plaintiff if she knew the names of Police Officers. Plaintiff informed NUE that the only name she knew was Inspector Kevin KASHIWAHARA of the Burlingame POLICE Department.

74.     Shortly thereafter, on April 5, 2006, Mason violated the Plaintiff's restraining order while in the company of Burlingame POLICE Officer's. When the plaintiff informed NUE of Mason's restraining order violation, NUE told the plaintiff that there was no way to prove it and immediately asked for the name of the Burlingame Police Officer who took her police report.

75.     NUE then contacted the Burlingame POLICE Department by phone and conspired with POLICE to falsify and misconstrue the Plaintiff's police report and to intentionally omit the fact that Mason was with POLICE officers when he violated the plaintiff's restraining order.

76.     On May 31, 2006 Mason violated the restraining order again. This time, Mason used his Burlingame Police Officer friend's Inspector Kevin Kashiwahara (herin after "KASHIWAHARA") and Officer Steve Vega (herin after "VEGA"), to stalk, harass, and intimidate the plaintiff.

77.     Officer VEGA, dressed in uniform, approached the plaintiff where she was at a table in a restaurant and asked the plaintiff to come outside with him. VEGA informed the plaintiff that MASON was in the restaurant and she had to leave or he would arrest her. The plaintiff asked VEGA if he was friends with MASON and he said "Yes". The plaintiff went into a panic attack and told VEGA she was calling the police. VEGA yelled "I am the Police!" The plaintiff called police, Vega demanded that the plaintiff tell the dispatcher that VEGA was there, and one of VEGA'S subordinate Officers eventually showed up and later wrote a police report. The report was then inspected, and further misconstrued, and falsified by Mason's friend Inspector KASHIWAHARA.

78.     The plaintiff later learned that MASON'S friend and former co-worker Police Officer KASHIWAHARA telephoned Officer VEGA on his cell phone to plot, plan, and conspire against the plaintiff.

79.     Officer VEGA knew that MASON was under a court order to stay 100 yards away from the plaintiff and MASON was in violation of the plaintiff's restraining order. And in deliberate and concerted action, MASON, Officer KASHIWAHARA, and Officer VEGA conspired to deny the plaintiff equal protection under the laws, and subjected the plaintiff or

caused the plaintiff to be subjected to violations of her California State rights and United States Constitutional rights.

80.    When the plaintiff called the District Attorney's Office to see what corrective and preventative action would be taken, the plaintiff was told that all they could do is send a letter to Mason's employer, the San Jose Police Department. The same department that refused to investigate the plaintiff's allegations against Mason because "they were there to protect MASON and the POLICE Department," not the plaintiff.

81.    After several more months went by, Detective NUE'S police report had not been sent to District Attorneys Office for review. During this time, the plaintiff's calls to NUE went unanswered and unreturned.

82.    Plaintiff later learned that Mason, and through his attorney Harry Stern, was conspiring with San Mateo POLICE, the CITY, the COUNTY, MURPHY, YANSUKA, NUE, DAUGHTRY, PARISIAN, the BURLINGAME POLICE DEPARTMENT and Defendants Does 1-200 to cover up MASON'S, MURPHY'S, POLICE, and DEPUTIES unlawful conduct. Defendants conspired to discriminate against the plaintiff, deny her of her right to equal protection, and impede her right to access the courts.

83.    Because the plaintiff's calls to NUE were unanswered and unreturned, the plaintiff was forced to write a letter to POLICE CHIEF MANHEIMER regarding the status of NUE'S investigation. MANHEIMER instructed the plaintiff via US mail to contact Lt. Alan PARISIAN at the San Mateo Police Department. When the plaintiff spoke with Lt. PARISIAN in August 2006, approximately five months after the plaintiff had made her report with NUE; PARISIAN informed the plaintiff that Detective NUE had other cases that were more important than the plaintiff's case.

1     84.     Plaintiff is informed and believes and theron alleges that Mason met with Sgt.

2   Parisian (herin after "PARISIAN ") in person to further conspire and discriminate against the

3   plaintiff, and cover up Mason's crime and the unlawful conduct of San Mateo POLICE officers.

4     85.     When the report finally made it to the District Attorneys Office for review, the

5   plaintiff was told that Karen Guidotti (herin after "GUIDOTTI") declined to prosecute. The

6

7   plaintiff telephoned GUIDOTTI for an explanation. GUIDOTTI laughed sadistically and said, to

8   the plaintiff "Of course you were violated (by MASON), but you filed a claim against the CITY

9   (POLICE)." The plaintiff then requested the explanation from Guidotti in writing, but

10  GUIDOTTI refused. The plaintiff asked GUIDOTTI who her supervisor was and who else there

11

12  was that the plaintiff could go to for help. GUIDOTTI laughed again and said "No one, I'm it!"

13    86.     Upon review of NUE'S POLICE report, there is no indication that NUE

14  investigated and interviewed any witnesses and DEPUTIES to the night of the incident during the

15  six month long investigation into the plaintiff's sexual assault.

16    87.     Defendants, SAN MATEO POLICE, Detective NUE, SUSAN E.

17

18  MANHEIMEER, Lt. Alan PARISIAN, COUNTY, CITY, GUIDOTTI and Does 1-100

19  discriminated against the plaintiff, deliberately and intentionally failed to investigate and report,

20  and conspired to cover up Mason's crime and the misconduct of its POLICE officer's and

21  Sheriff's DEPUTIES. Defendants conspired to deny the plaintiff of her right to access to the

22

23  courts and conspired to deny the plaintiff of her right to equal protection under the laws.

24    88.     On September 16, 2006 the PLAINTIFF met with Karen GUIDOTTI'S supervisor,

25  Chief Deputy District Attorney Steve Wagstaffe (herin after "WAGSATFFE") and tape recorded

26  the interview. WAGSTAFFE agreed to bring a copy of the police report to the meeting, but he

27  intentionally failed to do so. Instead, WAGSTAFFE egregiously tried to convince the plaintiff

28

1  that the victim report drafted by Lt. Tom DAUGHTRY and Detective NUE was the same police

2  report taken by MURPHY the night the plaintiff was raped.

3      89.    Plaintiff informed WAGSTAFFE, that on March 14, 2006, she made an Internal

4  Affairs complaint with Sgt. Gil Rodriguez (herin after "RODRIGUEZ") and Lt. Victoria O'Brien

5
6  (herin after "O'BRIEN") of the San Mateo COUNTY Sheriff's Office against the DEPUTIES for

7  discriminating against her, mocking her, denying her medical attention, covering up Mason's

8  crime, and intimidating her after she had been raped by MASON. The plaintiff tape recorded that

9  interview as well.

10     90.    The Plaintiff informed WAGSTAFFE that she was told by O'BRIEN that the San

11
12  Mateo County Sheriff's office would conduct an internal affairs investigation and send the

13  plaintiff a written letter of outcome of the investigation. But when the Plaintiff followed up with

14  O'BRIEN regarding the investigation, all she received was a voice mail from O'BRIEN stating

15  "We are still dong the investigation, but all we have found so far is immature behavior." Plaintiff

16
17  followed up again with O'BRIEN again regarding the investigation, but the plaintiff's calls and

18  letters to O'BRIEN went intentionally unanswered and unreturned. Plaintiff was then forced to

19  write a letter to former SAN MATEO COUNTY SHERIFF HORSLEY regarding the status of the

20  investigation, but the plaintiff's calls and letters to HORSLEY went intentionally unanswered and

21  unreturned as well.

22
23     91.    Plaintiff informed WAGSTAFFE, in her own words, that San Mateo POLICE, The

24  COUNTY Sheriff's Office, and its DEPUTIES discriminated against the PLAINTIFF, denied her

25  of her right to medical attention, denied her of her right to equal protection, impeded her right to

26  access the courts, covered up MASON"S crime of rape, and was deliberately covering up the

27  misconduct of its DEPUTIES.

28

1    92.    WAGSTAFFE said to the plaintiff "That may well be, but they don't have to do an

2    investigation if they did not want to."

3    93.    WAGSTAFFE'S statement and actions to the plaintiff reflects a deliberate

4    indifference to violations of the plaintiff's constitutional rights and indicates that the San Mateo

5    COUNTY  Sheriff's Office policies and /or customs condoned unlawful and unconstitutional

6

7    conduct of its Deputies. It can be adduced that cover-ups and failure to take corrective action

8    against errant deputies and police officers occurred with some frequency.

9    94.    WAGSTAFFE informed the plaintiff that he would talk with Lt. O'BRIEN about

10   the Internal Affairs Investigation, obtain a copy of MURPHY'S police report, and get back to the

11

12   Plaintiff. Plaintiff attempted to follow up with WAGSAFFE by phone and US mail on numerous

13   occasions after that, but the plaintiff's calls and letters were unreturned by WAGSTAFFE.

14   95.    The Plaintiff was forced to contact WAGSTAFFE'S supervisor, District Attorney

15   JAMES P. FOX (herin after "FOX") for an explanation as to why MASON wasn't being

16   prosecuted and why WAGSTAFFE and the COUNTY Sheriff's Office hadn't returned her calls

17

18   and letters regarding the investigation. The plaintiff's call to FOX was answered by his secretary

19   Pat Kelley (herin after "Kelly"). KELLY said to the plaintiff "Karen GUIDOTTI told us not to

20   talk to you because you filed a lawsuit against us" and hung up the telephone on the plaintiff.

21   96.    On November 2, 2006 the plaintiff filed a civil state action against MASON for

22   un-consented sodomy and sex in violation of California penal code 261 and 286. It was only until

23

24   then that the plaintiff was able to obtain the police report taken by officer MURPHY the night of

25   the incident. MURPHY'S report was given to the plaintiff by attorneys for the CITY and the San

26   Mateo POLICE Department.

27

28

97.     MURPHY'S police report stated the plaintiff was crying "he (MASON) fucked me in the ass." Murphy wrote that the plaintiff was intoxicated, had difficulty standing up straight, her balance was unsteady, she had bloodshot water eyes, her face was flushed, she said she was going to vomit, and due to level of the plaintiff's intoxication, the plaintiff was unable to care for her own safety.

98.     Murphy's police report indicated that the plaintiff had alleged a violation of 261 and 286 of the California penal code. Yet with deliberate indifference, Murphy discriminated against the plaintiff as a woman and intentionally failed to comply with section 264.2 of the California penal code and intentionally denied the plaintiff of her right to medical attention.

**California penal code 264.2 specifically states:**

(a) Whenever there is an alleged violation or violations of subdivision
(e) of Section 243, or Section 261, 261.5, 262, 273.5,286, 288a, or 289,
the law enforcement officer assigned to the case shall immediately provide
 the victim of the crime with the "Victims of Domestic Violence" card,
as specified in subparagraph (G) of paragraph (9) of subdivision (c) of Section 13701.
(b) (1) The law enforcement officer, or his or her agency, shall immediately
notify the local rape victim counseling center, whenever a victim of an alleged
violation of Section 261, 261.5, 262, 286, 288a, or 289 is transported to a hospital
for any medical evidentiary or physical examination. The victim shall have the right to have a
sexual assault counselor, as defined in Section 1035.2 of the Evidence Code,
 and a support person of the victim's choosing present at any medical evidentiary
or physical examination.

99.     Murphy's police report indicated that Mason said the sex was consensual. But nowhere on Murphy's report does it say that the plaintiff said the sex was consensual.

100.    The plaintiff later learned that San Mateo Police further conspired with Mason and his attorney, Harry Stern (herin after "STERN"), and unlawfully provided Mason (the perpetrator of the crime) with the plaintiff's confidential sexual assault report drafted by DAUGHTRY and

NUE . The report was given to Mason by POLICE without the plaintiff's consent, without a court order, and without a protective order.

101.    During discovery, the plaintiff made several attempts to obtain the information received from the Internal Affairs Investigation conducted by the San Mateo Police Department and the San Mateo County Sheriff's Office, but the requests were denied. At no time during these court proceedings did COUNTY Counsel inform the plaintiff or the courts that the COUNTY Sheriff's Office never even conducted an investigation into the DEPUTIES misconduct.

102.    In fact, Deputy COUNTY Counsel, Kathryn Albertie (herin after "ALBERTIE") lied in court documents. ALBERTIE specifically stated in her opposition brief to a pitchess motion "The San Mateo County Sheriff's Office investigated the claim and the Board of Supervisors rejected the plaintiff's claim." And that was the result of the investigation. ALBERTI also wrote that "the only other existing written reports pertaining to the plaintiff on November 5, 2005, is the follow-up investigation, which is privileged."

103.    COUNTY Counsel Deputy, Kathryn ALBERTIE, intentionally lied and deceived the plaintiff and the courts by using the Board of Supervisors rejection letter as an exhibit in her opposition to the pitchess motion and egregiously indicated that the COUNTY did an investigation and the Board of Supervisors rejection letter was the outcome of the San Mateo County Sheriff's Office Internal Affairs Investigation. COUNTY Counsel maliciously lied and abused the courts and process to cover up criminal and civil misconduct and interfere with the plaintiff's right to access the courts.

104.    On January 28, 2008, before trial was set to begin, San Mateo County Superior Court judge Joseph E. Bergeron called COUNTY Counsel down to his chambers and asked why Deputy BLICK, the only Deputy named on the Plaintiff's booking sheet, was never interviewed

in the internal affairs investigation. COUNTY Counsel then finally admitted for the first time that the San Mateo COUNTY Sheriff's Office never even did an investigation.

105. Lacking the evidence the plaintiff needed from the COUNTY, the County JAIL, the CITY, and the POLICE, because of their deliberate cover up, and their deliberate failure to investigate and/or failure to adequately investigate and report, the plaintiff dismissed her civil action against Mason on January 30, 2008 before trial commenced.

106. On February 27, 2008, the plaintiff learned through the discovery of her own that her case against Mason was dismissed *with* prejudice instead of *without* and there was a judgment in favor of the defendant. When the plaintiff telephoned her attorney for an explanation, he said there must have been some improper conduct amongst the courts and/or Harry STERN.

107. The plaintiff phoned the judge's clerk, Karen Caldwell, and informed her of the situation and asked for an explanation. Approximately one week later, the plaintiff received an apology letter from the judge. However, the dismissal *with* prejudice stood, further denying the plaintiff of her right to access the courts.

108. DEFENDANTS, COUNTY, CITY, POLICE, DEPUTIES, and Does 1-100 conspired to perpetrate a fraud upon the courts and to cover up civil and criminal misconduct.

109. The COUNTY, CITY, and Does 1-200 discriminated against the plaintiff and denied the plaintiff her right to equal protection, and violated plaintiff's constitutional right to due process and meaningful access to the courts.

110. COUNTY, ALBERTIE, and COUNTY Counsel's fraud upon the courts constitutes an abuse of process. In perpetrating this fraud, DEFENDANTS COUNTY, and Does 1-100 maliciously and deliberately interfered with the plaintiff's right to access the courts. The

1  COUNTY wasted the courts and the plaintiff's time and money on frivolous and deceitful

2  motions.

3      111.    Plaintiff is informed and believes, and thereon alleges, that defendants acted under

4  color of state law and intentionally discriminated against the plaintiff as a woman and victim of

5
6  domestic violence. Defendants conspired in concerted action and agreement to deprive, directly

7  and/ or indirectly, the plaintiff's right to equal protection under the laws.

8      112.    Plaintiff is informed and believes, and thereon alleges, that defendants deliberately

9  and with reckless indifference failed to investigate in order to cover up evidence of a criminal and

10  civil misconduct and deny the plaintiff of her right to access the courts.

11
12      113.    Plaintiff is informed and believes, and thereon alleges, that defendants routinely

13  followed their policy, practice and custom of failing to investigate and report civil and criminal

14  misconduct.

15      114.    Plaintiff is informed and believes, and thereon alleges, that defendant's policies

16  and customs subjected the PLAINTIFF or caused her to be subjected to the deprivation of

17
18  constitutional rights.

19      115.    Plaintiff is informed  and believes, and thereon alleges, that defendants routinely

20  followed their policy, practice and custom of subjection  pre-arraignment of detainees, including

21  plaintiff, to a strip searches without having, and recording in writing, a reasonable suspicion that

22  the search will be productive of contraband or weapons.

23
24      116.    Plaintiff is informed and believes and theron alleges that BLICK is a rookie

25  Deputy Who's former place of employment was with the San Mateo Police Department.

26
27
28

117.    Plaintiff is informed and believes and theron alleges that Murphy conspired with his former co-worker BLICK to cover up the plaintiff's allegations of rape and their own police misconduct.

118.    Plaintiff is informed and believes, and thereon alleges, that defendants acted intentionally and negligently by their acts and omission of acts.

119.    Defendants conduct was malicious, wanton, and oppressive.

120.    DEFENDANT POLICE CHIEF SUSAN E. MANHEIMER is personally responsible for the policies, customs, of the San Mateo Police Department's and its failure to adequately investigate, train, and supervise its Police Officers.

121.    DEFENDANT former San Mateo County SHERIFF DON HORSLEY is personally responsible for the failure to adequately train, supervise, and investigate its sheriff's deputies and the promulgation and continuation of the strip search policy, practice, and custom to which the plaintiff herin was subjected to and complained of herin.

122.    As a result of defendants callous and deliberate indifference, gross negligence, lack of training, negligent supervision, discrimination, denial of medical attention, denial of equal protection, failure to investigate, failure to adequately investigate, failure to report, and the misuse of searches, complained of herin, plaintiff has suffered physical and emotional distress, invasion of privacy, and violation of due process law and state and federal statutory and constitutional rights. The policy or customs of the CITY, COUNTY, SAN MATEO POLICE, and COUNTY JAIL, subjected the plaintiff or caused her to be subjected to the deprivation of constitutional rights.

1

## COUNT I

2

### 42 U.S.C § 1983

3

**Discrimination and Denial of Equal protection under the First and Fourteenth Amendment**

4

(*City, County, Institutional, and Supervisory Defendants*)

5

6

7

123.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 122 above as though set forth fully herein.

8

9

10

11

12

13

14

15

124.    Defendants CITY, POLICE, COUNTY, COUNTY JAIL, SAN JOSE POLICE, CITY OF SAN JOSE, MANHEIMER, HORSLEY, SUPERVISORY DEFENDANTS, and DOES 1-200 inclusive et. al. knew or reasonably should have known that the plaintiff was raped by Mason and Mason was in violation of California penal code section 261 and 286. Defendants acted in agreement and concerted actions under the color of law and intentionally discriminated against the plaintiff as a woman and as a victim of domestic violence and denied the plaintiff of her right to equal protection under the laws.

16

17

18

19

20

21

125.    Defendants deliberately and with reckless indifference denied the plaintiff her right to medical attention and access to a Rape Trauma Counselor as required by California State law. Defendants treated her allegations of rape differently than other victims of violence. Defendants intentionally and deliberately ignored the plaintiff and mocked her when she was crying that she was sexually assaulted by Mason and in need of medical attention.

22

23

24

25

26

126.    Defendants conspired in furtherance to deny the plaintiff of her of her right to equal protection by intentionally and deliberately failing to investigate and/ or adequately investigate and reporting the plaintiff's allegations of rape, thereby causing further injury to the plaintiff and subjected or caused her to be subjected to violations of her constitutional rights.

27

28

127.    Defendants and the Burlingame Police Department maintained or permitted an official policy, practice, and/ or custom which is discriminatory against women and provides less

1   protection to victims of date rape, rape by intoxication, and domestic violence than they do with

2   other victims of violence, and herin violated said plaintiff's right to due process, meaningful

3   access to the courts, and equal protection clause under the First and Fourteenth Amendment, and

4   directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages

5   for said constitutional violations under 42 U.S.C. § 1983.

6

7        128.    WHEREFORE, plaintiff prays for relief as hereunder appears.

8

9                                    **COUNT TWO**

10                                   **42 U.S.C. § 1983**

11   **Discrimination and Denial of Equal protection under the First and Fourteenth Amendment**

12                              **(*Individual Defendants*)**

13

14        129.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

15   128 above as though set forth fully herein.

16        130.    Defendants MURPHY, BLICK, NUE, PARISIAN, MANHIEMER, JACK VAN

17   ETTEN, HORSLEY, SAN MATEO POLICE OFFICERS Does 1-100 and DEPUTIES Does 1-

18   100 knew or reasonably should have known that the Plaintiff was raped by off duty police officer

19

20   Mason and he was in violation of California penal code section 261 and 286. Defendants acted in

21   agreement and concerted actions under the color of law and intentionally discriminated against

22   the Plaintiff as a woman and as a victim of domestic violence and denied the plaintiff of her right

23   to meaningful access to the courts and equal protection under the laws .

24

25        131.    Defendants deliberately and with reckless indifference denied the Plaintiff medical

26   attention and access to a Rape Trauma Counselor as required by California State law and treated

27   her allegations of rape differently than other victims of violence. Defendants intentionally and

28

1  deliberately ignored the Plaintiff and mocked her when she was crying that she was assaulted by

2  Mason and in need of medical attention.

3  132.    Defendants conspired in furtherance to deny the Plaintiff of her right to equal

4  protection of the laws by intentionally and deliberately failing to investigate and/ or adequately

5
6  investigate and report the plaintiff's allegations of rape, thereby causing further injury to the

7  plaintiff and subjected or caused her to be subjected to violations of her constitutional rights.

8  133.    Defendants KASHIWAHARA and VEGA acted in agreement and concerted

9  actions under the color of law and intentionally discriminated against the Plaintiff as a woman

10  and as a victim of domestic violence and denied the plaintiff of her right to equal protection under
11
12  the laws.

13  134.    Defendants violated said plaintiff's right to due process, meaningful access to the

14  courts, and equal protection under the First and Fourteenth Amendment, and directly and

15  proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages for said
16
17  constitutional violations under 42 U.S.C. § 1983.

18  135.    WHEREFORE, plaintiff prays for relief as hereunder appears.

19
20  ## COUNT THREE
   **42 U.S.C. § 1985 § 1985 (3)**
21
   **Conspiracy to Discriminate under the First and Fourteenth Amendment**
22  ***(City, County, Institutional, and Supervisory Defendants)***
23

24  136.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

25  135 above as though set forth fully herein.
26
27  137.    Defendants CITY, POLICE, COUNTY, COUNTY JAIL, MANHEIMER,

28  HORSLEY, CITY OF BURLINGAME, BURLINGAME POLICE DEPARTMENT, JACK VAN

1 ETTEN, and SUPERVISORY DEFENDANTS DOES 1-200, Defendants knew or reasonably
2 should have know that the Plaintiff was raped by off duty police officer Mason under California
3 Penal code section 261 and 286.

4      138.   Defendants acted together and with Mason in concerted action and agreement to
5 intentionally discriminate against the Plaintiff as a woman and victim of domestic violence, and
6
7 conspired to deprive the Plaintiff of her right to equal protection under the laws and covered up
8 Mason's crime of rape and the unlawful conduct of Police Officer and Deputies.

9      139.   Defendants conspired in furtherance and intentionally failed to investigate and/or
10 failed to adequately investigate the Plaintiffs allegations of assault, denied her of her right to
11
12 medical attention, and intentionally failed to provide the Plaintiff with a drug and blood alcohol
13 test in order to cover up evidence of Mason's crime of rape by intoxication under California law,
14 which subject the Plaintiff to deprivation of her constitutional rights of due process, meaningful
15 access to the courts and her right to equal protection of the laws.

16      140.   Defendants maintained or permitted an official policy, custom, or practice
17
18 subjected the PLAINTIFF or caused her to be subjected to the deprivation of constitutional rights,
19 and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to recover
20 damages for said constitutional violations under 42 U.S.C. § 1985 § 1985 (3).

21      141.   WHEREFORE, plaintiff prays for relief as hereunder appears.
22
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT FOUR

### 42 U.S.C. § 1985 § 1985 (3)

### Conspiracy to Discriminate under the First and Fourteenth Amendment
### (*Individual Defendants*)

142.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 141 above as though set forth fully herein.

143.    Defendant Officer MURPHY #122, Deputy BLICK, SAN MATEO POLICE OFFICERS and DEPUTIES Does 1-100 Defendants knew or reasonably should have know that the Plaintiff was raped by off duty police officer Mason under California Penal code section 261 and 286. Defendants acted in concerted action and agreement with off duty police officer Mason and conspired directly and /or indirectly to discriminate against the plaintiff as a woman and victim of domestic violence to cover up Mason's crime of rape and their own unlawful conduct.

144.    Defendants conspired in furtherance and intentionally failed to investigate and/or failed to adequately investigate the Plaintiffs allegations of assault, denied her of her right to medical attention, and intentionally failed to provide the Plaintiff with a drug and blood alcohol test in order to cover up evidence of Mason's crime of rape by intoxication under California law.

145.    Defendants KASHIWAHARA and VEGA acted in agreement and concerted actions under the color of law and intentionally discriminated against the Plaintiff as a woman and as a victim of domestic violence and denied the plaintiff of her right to equal protection under the laws.

146.    Defendants subjected or caused the Plaintiff to be subjected to the deprivation of her constitutional rights of due process, meaningful access to the courts and her right to equal protection of the laws, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages for said constitutional violations under 42 U.S.C. § 1985 § 1985 (3).

1    147.    WHEREFORE, plaintiff prays for relief as hereunder appears.

2

3    ## COUNT FIVE

4    ### 42 U.S.C. § 1983

5    **Failure to investigate violation of the First and Fourteenth Amendment**

6    (*County, City, Institutional and Supervisory Defendants*)

7

8    148.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

9    147 above as though set forth fully herein.

10    149.    Defendants COUNTY, CITY, POLICE, COUNTY JAIL, SAN JOSE POLICE,

11    CITY OF SAN JOSE, O'BRIEN, RODRIGUES, MANHEIMER, HORSLEY, Supervisory

12    Defendants, and DOES 1-100 recklessly and with deliberate indifference failed to investigate

13

14    and/or failed to adequately investigate the Plaintiffs complaints of its POLICE Officer's,

15    Sheriff's DEPUTIES and MASON.

16    150.    Defendants' policies, practices, and customs of failing to investigate and/ or failing

17    to adequately investigate and report its POLICE officers and DEPUTIES misconduct and

18

19    MASON'S criminal misconduct, violated the PLAINTIFF'S constitutional rights by the First and

20    Fourteenth Amendment's right to petition the courts, and the due process clause to due process

21    and meaningful access to the courts.

22    151.    Defendant COUNTY, COUNTY JAIL, and Supervisor Defendant's failure to

23

24    investigate reflects a deliberate indifference to violations of the plaintiff's constitutional rights

25    and indicates that the defendants' policies and /or customs condoned unlawful and

26    unconstitutional conduct of its Deputies. It can be adduced that cover-ups and failure to take

27    corrective action against errant deputies and police officers occurred with some frequency.

28

152. Defendant's possessed information revealing a strong likelihood of criminal and unconstitutional conduct by subordinate officers and off duty police officer MASON, but did nothing to investigate the misconduct, thereby causing harm to the plaintiff. Defendant's had a job to do, but did not do it.

153. The COUNTY, CITY and Supervisory Defendants deliberate indifference to the POLICE and DEPUTIES misconduct and failure to investigate the misconduct, amounts to a reckless indifference to the violations of the PLAINTIFF'S constitutional and legal rights, and constitutes supervisory liability under § 1983.

154. Defendants intentional failure to investigate and/ or failure to adequately investigate the Plaintiff's complaints against Mason, impeded the plaintiff's ability to bring a civil and criminal action against Mason, thereby denying the plaintiff of her constitutional right to due process and access to the courts.

155. Defendants intentional failure to investigate and/ or failure to adequately investigate the Plaintiff's complaints against POLICE and Sheriff's DEPUTIES, impeded or seriously compromised the PLAINTIFF'S ability to bring constitutional violation claims against POLICE and DEPUTIES, thereby denying the PLAINTIFF of her constitutional right to due process, meaningful access to the courts, and right to petition the government for redress of her grievance, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages for said constitutional violations under 42 U.S.C. sec § 1985 § 1985 (3).

156. WHEREFORE, plaintiff prays for relief as hereunder appears.

/ / /

/ / /

/ / /

1

## COUNT SIX

2

### 42 U.S.C. § 1983

3

### Failure to investigate violation of the First and Fourteenth Amendment
4
### (*Individual Defendants*)

5      157.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

6   156 above as though set forth fully herein.

7      158.    Defendant MURPHY, NUE, MANHEIMER, BLICK, O'BRIEN, RODRIGUES,
8
9   HORSLEY, Supervisory Defendants, and DOES 1-100 recklessly and with deliberate

10  indifference failed to investigate and/or failed to adequately investigate the Plaintiffs complaints

11  of its POLICE Officer's, Sheriff's DEPUTIES and MASON.

12     159.    Defendant's possessed information revealing a strong likelihood of criminal and

13  unconstitutional conduct by POLICE OFFICERS, DEPUTIES, and off duty police officer
14
15  MASON, but did nothing to investigate the misconduct, thereby causing harm to the plaintiff.

16  Defendant's had a job to do, but did not do it.

17     160.    Defendants deliberate indifference to the POLICE and DEPUTIES misconduct and

18  failure to investigate the misconduct, amounts to a reckless indifference to the violations of the

19  PLAINTIFF'S constitutional and legal rights, and constitutes supervisory liability under § 1983.
20
21     161.    Defendants intentional failure to investigate and/ or failure to adequately

22  investigate the Plaintiff's complaints against Mason, impeded the plaintiff's ability to bring a civil

23  and criminal action against Mason, thereby denying the plaintiff of her constitutional right to due

24  process and access to the courts.

25     162.    Defendants intentional failure to investigate and/ or failure to adequately
26
27  investigate the Plaintiff's complaints against POLICE and Sheriff's DEPUTIES, impeded or

28  seriously compromised the PLAINTIFF'S ability to bring constitutional violation claims against

1   POLICE and DEPUTIES, thereby denying the PLAINTIFF of her constitutional right to due

2   process, meaningful access to the courts, and right to petition the government for redress of her

3   grievance, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to

4   recover damages for said constitutional violations under 42 U.S.C. sec § 1985 § 1985 (3).

5
6       163.    WHEREFORE, plaintiff prays for relief as hereunder appears.

7
8                           **COUNT SEVEN**

9                          **42 U.S.C. § 1983**

10           **Intentional Interference with Access to the Courts**

11           **Violation of the First and Fourteenth Amendment**

12           (*County, City, Institutional and Supervisory Defendants*)

13
14      164.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

15   163 above as though set forth fully herein.

16      165.    The CITY, COUNTY, COUNTY JAIL, SAN JOSE POLICE DEPARTMENT,

17   CITY OF SAN JOSE, SAN MATEO POLICE, MANHEIMER, HORSLEY, O'BRIEN,

18
19   RODRIGUEZ, and defendants Does 1-100 intentionally interfered with the plaintiff's right to

20   access the courts, a privilege and immunity of citizenship protected by Article IV of the

21   Constitution, by the First amendment's right to petition, and by the due process clause.

22      166.    Defendants intentionally failed and/ or failed to adequately investigate the

23   plaintiff's sexual assault and conspiracy to deny the plaintiff her right to equal protection with the

24
25   intention of interfering with the plaintiff's meaningful access to the courts.

26      167.    Defendants intentionally and negligently denied the plaintiff medical attention, a

27   blood alcohol test, and a drug test and intentionally interfered with the plaintiff's right to access

28   the courts.

168.    Defendants lied in oppositions to pitches motions and subpoena duces tecum with the intention of interfering with the plaintiff's right to access the courts.

169.    Defendants Policies and customs of subjected the PLAINTIFF or caused her to be subjected to the deprivation of her right to meaningful access to the courts and violated her First and Fourteenth amendment right of the constitution, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages for said constitutional violations under 42 U.S.C. sec § 1983.

170.    WHEREFORE, plaintiff prays for relief as hereunder appears.

## **COUNT EIGHT**

### **42 U.S.C. § 1983**
### **Intentional Interference with Access to the Courts**
### **Violation of the First and Fourteenth Amendment**
### (*Individual Defendants*)

171.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 170 above as though set forth fully herein.

172.    Defendants MURPHY, BLICK, NUE, PARISIAN, MANHIEMER, HORSLEY, O'BRIEN, RODRIGUEZ, SAN MATEO POLICE OFFICERS, DEPUTIES Does 1-100, and Does 1-100 and intentionally interfered with the plaintiff's right to access the courts, a privilege and immunity of citizenship protected by Article IV of the Constitution, by the First amendment's right to petition, and by the due process clause.

173.    Defendants intentionally failed and/ or failed to adequately investigate the plaintiff's sexual assault with the intention of interfering with the plaintiff's meaningful access to the courts.

1    174.    Defendants intentionally and negligently denied the plaintiff medical attention, a

2    blood alcohol test, and a drug test and intentionally interfered with the plaintiff's right to access

3    the courts.

4    175.    Defendants lied in oppositions to pitches motions and subpoena duces tecum with

5    the intention of interfering with the plaintiff's constitutional right to access the courts.

6

7    176.    WHEREFORE, plaintiff prays for relief as hereunder appears.

8

9    ## COUNT NINE

10    ### 42 U.S.C. § 1983

11    **Failure to provide Medical Assistance under the Eighth and Fourteenth Amendment**

12    (*City*, *County*, *Institutional*, *and Supervisory Defendants*)

13

14    177.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

15    176 above as though set forth fully herein.

16    178.    Defendants CITY, COUNTY, and SUPERVISORY DEFENDANTS DOES 1-100

17    knew or reasonably should have known that the Plaintiff had been raped and was in need of

18    immediate medical attention.

19

20    179.    Defendants CITY, COUNTY, and SUPERVISORY DEFENDANTS DOES 1-100

21    intentionally and with reckless indifference, failed to provide the Plaintiff with the medical

22    attention and access to Rape Trauma Counselors as required by California state law after she had

23    been raped.

24

25    180.    Defendants Policies and customs of subjected the PLAINTIFF or caused her to be

26    subjected to the deprivation of her Eighth amendment right to free from cruel and unusual

27    punishment and violated her Fourteenth amendment right to due process and equal protection of

28

1  the laws, and directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to

2  recover damages for said constitutional violations under 42 U.S.C. sec § 1983.

3      181.   WHEREFORE, plaintiff prays for relief as hereunder appears

4

5                          **COUNT TEN**

6                          **42 U.S.C. § 1983**

7  **Failure to provide Medical Assistance under the Eighth and Fourteenth Amendment**

8                          (*Individual Defendants*)

9

10     182.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

11 181 above as though set forth fully herein.

12     183.   Defendants MURPHY, BLICK, and DOES 1-100 knew or reasonably should have

13 known that the Plaintiff had been raped and was in need of immediate medical.

14

15     184.   Defendants MURPHY, BLICK, and DOES 1- 100 intentionally and recklessly

16 failed to provide the Plaintiff with the medical attention she required of doctors and rape trauma

17 counselors after she had been raped and locked the plaintiff up in a jail cell.

18

19     185.   Defendants caused the plaintiff or subjected her to the deprivation of her Eighth

20 amendment right to be free from cruel and unusual punishment and violated her Fourteenth

21 amendment right to due process and equal protection of the laws, and directly and proximately

22 damaged plaintiff as herin alleged, entitling plaintiff to recover damages for said constitutional

23 violations under 42 U.S.C. § 1983.

24

25     186.   WHEREFORE, plaintiff prays for relief as hereunder appears

26 / / /

27 / / /

28 / / /

1

## COUNT ELEVEN

2

### 42 U.S.C. § 1983

3

### Negligent Hiring, Supervision, and Failure to Train

4

### Violation of the Fourth, Eighth, and Fourteenth Amendment

5

### (*City*, *County, Institutional and Supervisory Defendants*)

6

7      187.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

8    186 above as though set forth fully herein.

9      188.    Defendants CITY, COUNTY, POLICE, JAIL, CITY OF SAN JOSE, SAN JOSE

10   POLICE DEPARTYMENT, CITY OF BURLINGAME, BURLINGAMR POLICE

11

12   DEPARTMENT, VAN ETTEN, PERUCCI, MANHIEMER, HORSLEY, and SUPERVISORY

13   DEFENDANTS DOES 1-100 negligently hired, supervised, and failed to train its Police officers

14   and Deputies which amounted to complete indifference to the Plaintiff's constitutional rights.

15     189.    Defendants negligently hired, supervised, and failed to train and its police officers

16

17   and deputies on California state laws of rape and a victim's legal right to medical attention and a

18   rape trauma counselor after she had been raped. Defendants failure to train is police officers and

19   deputies amounted to a deliberate indifference to the rights of plaintiff and subjected her or

20   caused her to be subjected to a depravation of her constitutional rights.

21     190.    Defendants maintained or permitted an official policy or custom or practice which

22

23   directly and proximately damaged plaintiff as herin alleged, entitling plaintiff to recover damages

24   for said constitutional violations under 42 U.S.C. sec 1983.

25     191.    WHEREFORE, plaintiff prays for relief as hereunder appears.

26

27   / / /

28   / / /

1

## COUNT TWELVE

2

### 42 U.S.C. § 1983

3

### Unreasonable Search and Seizure Violation of Fourth and Fourteenth Amendment

4

### (*City*, *County*, *Institutional and Supervisory Defendants*)

5

6    192.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

7    191 above as though set forth fully herein.

8    193.    Defendants' COUNTY, SAN MATEO COUNTY SHERIFF'S OFFICE,

9    HORSELY, and Defendants Does 1-100 policies, practices, and customs regarding the strip

10

11    search complained of herin violated plaintiff's rights under the Fourth Amendment to be free

12    from unreasonable searches and seizures, violated said plaintiff's right to due process and privacy

13    under the Fourteenth Amendment, and directly and proximately damaged plaintiff as herin

14    alleged, entitling plaintiff to recover damages for said constitutional violations under 42 U.S.C.

15    §1983.

16

17    194.    WHEREFORE, plaintiff prays for relief as hereunder appears.

18

19

## COUNT THIRTEEN

20

### 42 U.S.C. § 1983

21

### Unreasonable Search and Seizure Violation of Fourth and Fourteenth Amendment

22

### (*Individual Defendants*)

23

24    195.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

25    194 above as though set forth fully herein.

26    196.    Defendants' BLICK and DEPUTIES DOES 1-100 unlawful and unreasonable strip

27

28    search complained of herin violated plaintiff's rights under the Fourth Amendment to be free

1  from unreasonable searches and seizures, violated said plaintiff's right to due process and privacy

2  under the Fourteenth Amendment, and directly and proximately damaged plaintiff as herin

3  alleged, entitling plaintiff to recover damages for said constitutional violations under 42 U.S.C. §

4  1983.

5      197.    WHEREFORE, plaintiff prays for relief as hereunder appears.

6

7

8                              **COUNT FOURTEEN**

9

10                              **42 U.S.C. § 1983**

11          **California State Unruh Civil Rights Act, Civil Code sec 52 and 52.1**

                    (*City, County, Institutional and Supervisory Defendants*)

12

13      198.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

14  197 above as though set forth fully herein.

15

16      199.    Defendants' COUNTY, SHERIFF"S OFFICE, HORSLEY and DOES 1-100

17  policies, practices, and customs regarding the strip search complained of herin violated plaintiff's

18  rights to privacy as secured by Article 1, Section 1 of the California Constitution and directly and

19  proximately damaged plaintiff as herin alleged, entitling said plaintiff to recover damages

20  pursuant to California Civil Code sec 52.1 and sec 52, in addition to other damages.

21

22      200.    WHEREFORE, plaintiff prays for relief as hereunder appears.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

## COUNT FIFTEEN

2

### 28 U.S.C. § 1367 and 42 U.S.C. § 1983

3

**Abuse of Process**

*(County)*

4

5

     201.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

6

7

200 above as though set forth fully herein.

8

     202.    Defendants' COUNTY, SAN MATEO COUNTY SHERIFF"S OFFICE and

9

DOES 1-100 lying and providing false information to the courts in opposition briefs to Pitchess

10

Motion and Subpoena Duces Tecum constitutes a malicious abuse of process.

11

     203.    WHEREFORE, plaintiff prays for relief as hereunder appears.

12

13

14

## COUNT SIXTEEN

15

### 28 U.S.C. § 1367

16

**Negligence**

*(City, County, Institutional and Supervisory Defendants)*

17

18

     204.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

19

20

203 above as though set forth fully herein.

21

     205.    Defendants CITY, COUNTY, SAN MATEO POLICE, SAN MATEO COUNTY

22

SHERIFF'S OFFICE, SAN JOSE POLICE DEPARTMENT, PERUCCI, MANHIEMER,

23

HORSLEY, and Does 1-100 negligent acts as described herin above has caused the Plaintiff

24

emotional distress.

25

26

     206.    WHEREFORE, plaintiff prays for relief as hereunder appears.

27

/ / /

28

/ / /

1

## COUNT SEVENTEEN

2

**28 U.S.C. § 1367**

3

**Negligence**

4

*(Individual Defendants)*

5

6

207.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

7

206 above as though set forth fully herein.

8

208.    Defendants MURPHY, PERUCCI, MANHIEMER, BLICK, SAN MATEO

9

POLICE OFFICERS DOES 1-100, HORSLEY, SHERIFF DEPUTIES and DOES 1-200 knew or

10

reasonably should have known that MASON had perpetrated the crime of rape upon the Plaintiff

11

under California Penal Code section 261 and 286.

12

13

209.    Defendants MURPHY, BLICK, KASHIWAHARA, VEGA, SAN MATEO

14

POLICE OFFICERS DOES 1-100, SHERIFF DEPUTIES and DOES 1-200 acted recklessly, and

15

with gross negligence, by their acts and omission of acts, causing the Plaintiff emotional and

16

physical distress.

17

210.    WHEREFORE, plaintiff prays for relief as hereunder appears.

18

19

20

## COUNT EIGHTEEN

21

**28 U.S.C. § 1367**

22

**Negligent Infliction of Emotional Distress**

23

*(City, County, Institutional and Supervisory Defendants)*

24

25

211.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

26

210 above as though set forth fully herein.

27

212.    Defendants CITY, COUNTY, SAN MATEO POLICE, SAN MATEO COUNTY

28

SHERIFF'S OFFICE, BURLINGAME POLICE DEPARTMENT, CITY OF BURLINGAME,

1    SAN JOSE POLICE DEPARTMENT, VAN ETTEN, PERUCCI, MANHIEMER, HORSLEY,

2    and Does 1-100 negligent acts as described herin above has caused the Plaintiff emotional

3    distress.

4        213.    WHEREFORE, plaintiff prays for relief as hereunder appears.

5

6

7                            **COUNT NINETEEN**

8                            **28 U.S.C. § 1367**

9                    **Negligent Infliction of Emotional Distress**
                            (*Individual Defendants*)
10

11       214.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

12   213 above as though set forth fully herein.

13

14       215.    Defendants Officer MURPHY, NUE,  BLICK, O'BRIEN, RODRIGUES,

15   PERUCCI, MANHIEMER, HORSLEY, VAN ETTEN, KASHIWAHARA, VEGA,  SAN

16   MATEO POLICE OFFICERS DOES 1-100, SHERIFF DEPUTIES 1-100 and Does 1-100

17   negligent acts as described herin above has caused the Plaintiff emotional distress.

18       216.    WHEREFORE, plaintiff prays for relief as hereunder appears.

19

20

21                            **COUNT TWENTY**

22                            **28 U.S.C. § 1367**

23                    **Intentional Infliction of Emotional Distress**
                    (*City, County, Institutional and Supervisory Defendants*)
24

25

26       217.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

27   216 above as though set forth fully herein.

28

218.  Defendants CITY, COUNTY, SAN MATEO POLICE, SAN MATEO COUNTY

SHERIFF'S OFFICE, BURLINGAME POLICE DEPARTMENT, CITY OF BURLINGAME,

SAN JOSE POLICE DEPARTMENT, VAN ETTEN, PERUCCI, MANHIEMER, HORSLEY,

and Does 1-100 intentional acts as described herin above has caused the Plaintiff emotional

distress.

219.  WHEREFORE, plaintiff prays for relief as hereunder appears.

## COUNT TWENTY ONE

### 28 U.S.C. § 1367

**Intentional Infliction of Emotional Distress**
***(Individual Defendants)***

220.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

219 above as though set forth fully herein.

221.  Defendants Officer MURPHY, PERUCCI, NUE, BLICK, MANHIEMER,

KASHIWAHARA, VEGA, VAN ETTEN, HORSLEY, O'BRIEN, RODRIGUEZ, SAN MATEO

POLICE OFFICERS DOES 1-100, SHERIFF DEPUTIES DOES 1-100 and Does 1-100

intentional acts as described herin above has caused the Plaintiff emotional distress.

222.  WHEREFORE, plaintiff prays for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, for each cause

of action above alleged, as follows:

1. General damages;

2. Special damages;

3. Punitive damages;

4. Attorneys' fees and costs incurred in connection with this action to the fullest extent permitted by law;

5. Such other relief as may be just and proper.

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, plaintiff hereby demands a jury trial on all issues so triable.

Dated:  April 19, 2008

By: _____

Jane Doe, Plaintiff in pro se