FILED
08 JUN 23 AM 10:41

Jane Doe
1700 N Point #107
San Francisco, California 94123
Telephone: (415) 875-9571

In pro se

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Doe<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF SAN MATEO, et al.,<br><br>    Defendants. | Case No. C 07-05596 SI<br><br>PLAINTIFF JANE DOE'S EX PARTE APPLICATION TO SEAL RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES ;DECLARATION OF JANE DOE; ORDER<br><br>Judge: Hon. Susan Illston |

   Plaintiff, Jane Doe, herby respectfully requests, pursuant to Civil Local Rules 7-10 and 79-5, an order sealing Defendant, San Mateo County's, Motion to Dismiss lodged with the court on June 20, 2008 along with this motion to seal.

   The plaintiff also requests that her home address and contact information be sealed from all publicly filed court documents in this case and revealed to attorneys' in this case only.

   This motion is made pursant to the Plaintiff's Constitutional Right to Privacy, and Rules 243.1 and 243.2 of the California Rules of Court.

# I
# INTRODUCTION

This case arises out of the defendant's discrimination against the plaintiff as a woman and victim of a rape, a conspiracy to discriminate, and other constitutional violations. The plaintiff was raped and sodomized by an off-duty police officer while she was moving in and out of consciousness and admitted to ejaculating on her face when he was done.

The plaintiff filed this case under the pseudonym "Jane Doe" in order to protect her constitutional right to privacy. To release personal identifying information of plaintiff and details of the rape to the public would cause further undue, embarrassment, humiliation, and emotional distress.

The Plaintiff has been threatened, stalked, and harassed by police officers in relation to events in this case. The plaintiff has also been contacted by the media for unwanted publicity. The plaintiff wishes to keep her true identity, address, and other personal identifying information private to prevent further harm from law enforcement officers and others.

# II
# MEMORANDUM OF POINTS AND AUTHORITIES

## CONSTITUTIONAL RIGHT TO PRIVACY

The right to privacy and the right to prevent the dissemination of confidential identifying information of a rape victim and intimate details of the rape is a constitutional right rooted in the fourteenth amendment. See *Eastwood v. Dept. of Corrections of the state of Okl.*, 846 F.2d 627, 631 (10th Cir. 1988). It concluded that information regarding private sexual matters warrants constitutional protection against public dissemination.

1  In *The Florida Star v. B. J. F.*, 491 U.S. 524 (1989), appelle, was robbed and sexually
2  assaulted. When she consequently reported it to police, her name was published in the media. In
3  filing her lawsuit, appelle used her full name in the caption of the case. On appeal, the Florida
4  District Court of Appeal sua sponte revised the caption, stating that it would refer to the appelle
5  by her initials B.J.F.,, "in order to preserve [her] privacy interests." 499 So.2d 883, 883, n. (1986).
6  In *United States v. Westinghouse Electric Corp.*, 638 F.2d 570, 577 (3d Cir. 1980) the
7  court held that information about one's body and state of health is a matter which the individual is
8  ordinarily entitled to retain within the private enclave where he may lead a private life).
9  The Supreme Court in *Whalen v. Roe*, 429 U.S. 589 (1977) noted that the right to privacy
10  includes an individual interest in avoiding disclosure of personal matters .
11  In *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998), the court held that
12  undercover police officers, whose personal files had been released to a violent gang which they
13  had infiltrated and were testifying against, possessed a privacy interest in preserving their lives,
14  personal security, and bodily integrity. This case is similar, in that the plaintiff possesses the same
15  privacy interest of preserving her personal security, and bodily integrity from retaliation of police
16  officers.
17
18
19  **California Criminal Code ensures that personal identifying information**
20  **of victims of a crime are kept confidential**
21
22  A victim of a sexual assault can protect his or her name and address from becoming public
23  record pursuant to section 293 by requesting the information be withheld pursuant to Government
24  Code section 6254, subdivision (f) (2).
25  Under section 293.5, victims of a sex offense can be identified as Jane or John in court
26  records and proceedings. Moreover, subdivisions (c) and (d) preclude a law enforcement agency
27  from releasing the name and address of a sexual assault victim to anyone.
28

1  The Victims of Crime Act of 1984 and Title 17 of California Penal Code Section 679
2  ensures that all victims or a crime be treated with dignity, respect ,and sensitivity to protect those
3  who have suffered the trauma of victimization.. This includes the rights to privacy, the right not to
4  be threatened, and effective enforcement of protective orders .

**The Plaintiff's overriding interest will be prejudiced if the record is not sealed**

California Rules of Court Rule 243.2 (a) and (b) provide that a record may be filed under seal only under a court order granted pursuant to a noticed motion and facts sufficient to justify the sealing. Rule 243.1 (d) provides that a court may order that a record be filed under seal if it expressly finds that: (1) There exists an overriding interest that overcomes the right to public access to the record; (2) The overriding interest will be prejudiced if the record is not sealed..

In this case, the overriding interest of the plaintiff's right to privacy and to prevent public dissemination of the details of the rape and personal identifying information, overcomes the public's right to access to the record. The plaintiff's overriding interest will be prejudiced if the record is not sealed.

**Every court has supervisory power over its own records and files**

Every court has supervisory power over its own records and files. Access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.* 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570. It took note of the cases that have recognized that the decision as to access is one best left to the sound discretion of the trial court a discretion to be exercised in light of the relevant facts and circumstances of the particular case.

1     To deny rape victims the right to privacy and the right to keep their personal identifying information hidden would have a chilling effect on all victims of sex crimes. Victims would shy away from seeking help from the judiciary and would not pursue restitution in the courts or any other legal action.

## III
## CONCLUSION

    For the reasons set forth above, the plaintiff respectfully asks this court to grant this motion to seal San Mateo County's Motion to Dismiss, logged with the court on June 20, 2008, along with this motion to seal.

    The plaintiff also requests that her home address and contact information be sealed from all publicly filed court documents in this case and revealed to attorneys' in this case only.

Dated: June 22, 2008                                    Respectfully submitted,

By: _____

Jane Doe, plaintiff in pro se

**DECLARATION OF PLAINTIFF JANE DOE**

I, plaintiff Jane Doe, declare:

1. I am a party to this action or proceeding appearing in pro persona in this action.
2. The facts set forth in the Memorandum of Points and Authorities filed herewith are true and correct to the best of my knowledge.
3. I filed this case under the pseudonym "Jane Doe" in order to protect my privacy.
4. To release personal identifying information and details of my sexual assault to the public would cause further, embarrassment, humiliation, and emotional distress.
5. I have been threatened, stalked, and harassed by police officers in relation to events in this case.
6. I have been contacted by the media for unwanted publicity.
7. I wish to keep my true identity, address, and other personal identifying information private to prevent further harm from law enforcement officers and others.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct, and that this declaration was executed on May 2, 2008 in San Francisco, California.

Dated: June 22, 2008

By: _____
Jane Doe, plaintiff in pro se