RICHARD DOYLE, City Attorney (#88625)
NORA FRIMANN, Chief Trial Attorney (#93249)
MICHAEL DODSON, Sr. Deputy City Attorney (#159743)
RICHARD D. NORTH, Deputy City Attorney (#225617)
Office of the City Attorney
200 East Santa Clara Street
San Jose, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF SAN MATEO, et al.,<br><br>            Defendants. | Case Number: C07-05596 SI<br><br>**CITY OF SAN JOSE'S NOTICE OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date:         October 3, 2008<br>Time:         9:00 a.m.<br>Courtroom:  10<br>Judge:        Hon. Susan Illston |

### NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 3, 2008 at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 10 of the above entitled court, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Susan Illston, defendant CITY OF SAN JOSE ("City" or "Defendant") will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of the First Amended Complaint ("FAC") without leave to amend.

This Motion is based on this Notice of Motion and Memorandum of Points and Authorities and Exhibits filed herewith, all pleadings and papers on file, oral statements by the Parties at the hearing and all other evidence appropriate for the Court's consideration.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief …". Fed. R. Civ. P. 8(a)(2). Even a liberal view of plaintiff JANE DOE's ("Plaintiff") first amended complaint ("FAC"), however, reveals that it was drafted without adequate specificity, as it provides no factual basis for Plaintiff's allegations of constitutional violations on the part of defendant CITY OF SAN JOSE ("City").[1] Plaintiff fails to state a claim against the City under 42 U.S.C. § 1983 ("Section 1983") for failure to show: (1) an underlying constitutional violation; (2) any City policy or custom that proximately caused the alleged injury; or (3) that James Mason ("Mason") was not acting in his private capacity when he allegedly attacked the Plaintiff.

Plaintiff fails to state a claim against the City under 42 U.S.C. § 1985 ("Section 1985") for failure to show: (1) any City collusion to deprive Plaintiff of equal protection; or (2) that the City was motivated by racial or class-based discriminatory animus.

Plaintiff's claims against the City are fundamentally unsupported and conclusory and fail to satisfy the specificity requirement for suits alleging constitutional violations. The FAC should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Leave to amend should be denied because Plaintiff cannot correct these fatal deficiencies.

## II. STATEMENT OF FACTS

Plaintiff alleges that on November 4, 2005 at approximately 11:30 p.m., she was raped by Mason at his San Mateo residence. *See* FAC at ¶ 22. Subsequent to the alleged rape, Mason telephoned the San Mateo police department and reported that Plaintiff had assaulted him. *See id.* at ¶¶ 25-26. San Mateo police officers arrived at

---

[1] Plaintiff's complaint does not reach named defendant SAN JOSE POLICE DEPARTMENT. *See Sanders v. Aranas*, No. 1:06-CV-1574 AWI SMS, 2008 WL 268972, at *3 (E.D. Cal. Jan. 29, 2008) (slip copy) (Fresno Police Department was not a "person" for Section 1983 purposes) (citing *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality."); *Brockmeier v. Solano County Sheriff's Dept.*, No. CIV-S-05-2090 MCE EFB PS, 2006 WL 3760276, at *4 (E.D. Cal. Dec. 18, 2006) (slip copy) (sheriff's department is a municipal department and not a proper defendant for purposes of plaintiff's Section 1983 claims)).

**CITY OF SAN JOSE'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**     C07-05596 SI     495781.doc

Mason's residence and arrested Plaintiff. *See id*. at ¶¶ 27-28. Plaintiff was detained at the San Mateo County jail, where, she alleges, she was subjected to various constitutional violations. *See id*. at ¶¶ 29-38. Plaintiff states that "all actions occurred in San Mate[o] County". *Id*. at ¶ 5; *see also id*. at ¶ 20 (unknown Doe defendants are "responsible for … oversight, care, and treatment … while [Plaintiff] was in police [ ] custody[,] … hiring, training, and/or supervision of individual San Mateo Police officers and … deputies[,] … [and] establishment or implementation of [ ] policy, procedure, custom, and practice for San Mateo Police and [ ] Deputies …"). Mason's employment as a San Jose police officer at the time of the alleged rape is the *only* factual allegation in the FAC directly relating to the City of San Jose. *See id*. at ¶ 22.

### III.   ARGUMENT

**A.   LEGAL STANDARD FOR MOTION TO DISMISS**

"A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint." *Hopkins v. Cal. Dep't of Corrections*, No. C 08-00898 WHA, 2008 WL 2788164, at *1 (N.D. Cal. July 18, 2008) (slip copy) (citing *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). "All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party." *Id*. (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996)). But "conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1106 (9th Cir. 2002).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Hopkins*, 2008 WL 2788164, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)). Even where the complainant "proceed[s] without the assistance of counsel [and] plaintiff's allegations [are] liberally construed[,] … dismissal is proper where plaintiff's [Section 1983 and 1985] claims

as pleaded do not support a claim for relief." *Nielson v. Legacy Health Sys.*, 230 F. Supp. 2d 1206, 1208-09 (D. Or. 2001).

**B. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE CITY FOR DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. § 1983).**

Section 1983 provides for liability whenever (1) a "person" (2) acting under color of state law (3) subjects or causes to be subjected (4) an individual to a deprivation (5) of a federally protected right. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Municipalities may be regarded as "persons" for purposes of Section 1983. *Id.* at 691. But a "municipality may not be held liable under [Section] 1983 solely because it employs a tortfeasor". *Bd. of the County Commr's of Bryan County, Okla. v. Brown*, 520 U.S. 397, 397 (1997) (citing *Monell*, 436 U.S. at 692); *see also Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005) ("Generally, a municipality may not be held liable under [Section] 1983 for the torts of its employees.").

"Instead the plaintiff must identify a municipal 'policy' or 'custom' that caused the injury." *Bd. of the County Commr's*, 520 U.S. at 397 (internal citation omitted); *see also Botello*, 413 F.3d at 978-79 ("The actions of individual employees can support liability against their governmental employer only if the employees were acting pursuant to an official policy or committed a constitutional violation 'pursuant to a longstanding practice or custom'".) (internal citation omitted).

> The plaintiff must [ ] demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bd. of the County Commr's*, 520 U.S. at 397 (emphasis in original) (quoting *Monell*, 436 U.S. at 694); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (requiring "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation").

Plaintiff states six Counts under Section 1983 all generally against the "City, County, and Supervisory Defendants", without distinguishing which Counts apply to which defendants.[1]  See FAC at pgs. 12, 14-16.  But only three of the six Counts (Two, Seven and Eleven) have any possible relation to the City of San Jose.[2]  Count Two asserts liability based vaguely on "official policy or custom or practice causing or permitting the occurrence of all kinds of wrongs complained of herein" and Count Seven asserts "failure to train".  Id. at pgs. 12, 14.  Count Eleven, the only Count that specifically refers to the City of San Jose, asserts "negligent hiring, retention, and training".  Id. at pg. 16.

### 1. Plaintiff Has No *Monell* Claim Against The City In The Absence Of An Underlying Constitutional Violation.

"[T]here can be no *Monell* claim without a constitutional violation." *Santos v. Los Angeles County Dep't of Children and Family Servs.*, No. 04-55284, 200 Fed. Appx. 681, 683, 2006 WL 2521553, at *1 (9th Cir. Aug. 31, 2006).[3]  The only alleged connection between the City and the alleged sexual assault is Mason's employment as a San Jose Police Officer.  See FAC at ¶ 22.  Plaintiff does not allege that the sexual assault itself constituted a constitutional violation.  See id. at ¶ 48 ("Officer Mason perpetrated the crime of rape upon the plaintiff and was in violation section 261 and 268 of California Penal Code [sic]").  All of the alleged constitutional violations occurred in association with Plaintiff's arrest and detention with the City and County of San Mateo and Departments thereof.  See id. at ¶¶ 42-48, 66, 74-79.

Plaintiff has no *Monell* claim against the City of San Jose because the alleged rape does not amount to a constitutional violation.  Because Plaintiff has not and will not be able to show that Mason's alleged sexual assault was in execution of any policy or custom of

---

[1] As opposed to the named "Individual Defendants" of which there are none associated with the City of San Jose.  See FAC at pgs. 11-15, 17.
[2] Counts Six, Nine and Ten pertain to Plaintiff's alleged treatment on arrest and detention by the San Mateo Police Department and have no relation to the City of San Jose.  See FAC at pgs. 14-16 (Count Six – failure to provide medical assistance; Count Nine – unreasonable search and seizure; and Count Ten – strip search violated right to privacy).
[3] Pursuant to U.S. Court of Appeal Ninth Circuit Rule 36-3, decisions not selected for publication in the Federal Reporter may be cited as precedent "when relevant under the doctrine of the law of the case."

the City of San Jose, the FAC is appropriately dismissed without leave to amend on this ground alone.

### 2. Plaintiff Fails To Allege Any City Policy Or Custom That Proximately Caused The Alleged Injury.

It is well established that Section 1983 liability may only be imposed on a municipality for injuries resulting from an official policy or custom. *See Monell*, 436 U.S. at 694; *Bd. of the County Commr's*, 520 U.S. at 403-404 ("Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."). "Respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda*, 279 F.3d at 1109-1110 (affirming dismissal for failure to state a claim). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id*. (quoting *Monell*, 436 U.S. at 694).

In the absence of any alleged San Jose policy or custom, the execution of which caused her injury, or any alleged fact whatsoever concerning the City other than Mason's employment, Plaintiff's Section 1983 claim against the City is not viable and must be dismissed. *See Turner v. County of Los Angeles*, No. 00-56738, 18 Fed. Appx. 592, 596, 2001 WL 1019976, at *2 (9th Cir. Mar. 15, 2001) (affirming dismissal of the complaint because plaintiff's "factual allegations neglect any mention of the County … [e]ven liberally construed, they cannot support a claim that a policy was the moving force behind any constitutional violation");[1] *McDade v. West*, 223 F.3d 1135, 1142 (9th Cir. 2000) (Plaintiff "failed to demonstrate that the County made any deliberate or conscious choice which led to a policy, custom, or practice which actually caused the deprivation of the plaintiff's federally protected civil rights at all or in a manner which was deliberately indifferent.").

---

[1] *See* n.4, *supra*.

### 3. Plaintiff's Section 1983 Claim For Negligent Hiring, Retention and Training Fails Because Mason Acted In His Private Capacity.

"Negligent hiring or supervision is proscribed under *Monell* but such negligence … must be the proximate cause of the injuries suffered." *Van Ort v. Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996). "Only where a municipality's failure to train its employees in a relevant respect evinces a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a City 'policy or custom' that is actionable under [Section] 1983." *City of Canton, Ohio*, 489 U.S. at 379. A *Monell* plaintiff must establish that the alleged failure to train is so "closely related to the ultimate injury" as to constitute the "moving force behind" it. *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) ("[A] plaintiff must show that [ ] her constitutional injury would have been avoided had the governmental entity properly trained its employees.") (internal quotation omitted). "[A]s a matter of law, [a police officer's] private actions [may be] intervening causes which preclude any [municipal] liability for alleged negligent hiring or supervision." *Van Ort*, 92 F.3d at 837. In the instant case, Plaintiff's Section 1983 claim against the City is precluded as a matter of law because Mason acted in his private capacity. *See Roe v. Humke*, 128 F.3d 1213, 1218 (8th Cir. 1997) ("[Police officer's] sexual abuse of plaintiff, while reprehensible and to be condemned in the strongest possible terms, was a private tort committed by a person acting in a purely private capacity.").

*Van Ort* is instructive. Michael Stanewich, a San Diego County Sheriff's Deputy, was off-duty when he forcibly entered the Van Ort's home wearing a nylon mask, latex gloves, sunglasses, and carrying a pistol for the purpose of robbery. *See Van Ort*, 92 F.3d at 833-34. The Van Ort's brought suit against the County of San Diego under Section 1983, alleging that San Diego negligently trained, supervised and monitored Stanewich. *See id*. at 834-35. The Ninth Circuit affirmed the district court's judgment against the plaintiffs, holding that plaintiffs had failed to show that the attempted robbery was proximately caused by any San Diego policy or custom. *See id*. at 837. Even though Stanewich had a "disciplinary record [that] may have put his supervisors on alert that he could be violent … while performing his duties[,] … the County could not reasonably have

foreseen that Stanewich would become a free-lance criminal and attack the Van Orts as he did." *Id*. Because Stanewich's "unforeseeable private acts broke the chain of proximate cause connecting the County's alleged negligence to the Van Ort's injuries", plaintiff's Section 1983 claim against the municipality failed "as a matter of law". *Id*.

Here, Plaintiff has alleged nothing to show that the City of San Jose's hiring, training or retention policies had any causal connection to the alleged rape. See FAC at pgs. 14, 16. Plaintiff's Section 1983 claim against the City is, again, fundamentally unsupported and subject to dismissal.

### 4. The City Had No Constitutional Duty To Protect Plaintiff From Mason's Private Actions.

"If a government officer does not act within his scope of employment or under color of state law, than that government officer acts as a private citizen." *Van Ort*, 92 F.3d at 835-36 (citing *Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994) (off duty police officer acted "as a private citizen, not as a state actor" when he did not act in accordance with police regulation or invoke the authority of the police department)). There are no allegations in the FAC supporting a conclusion that Mason attacked Plaintiff under color of law. Mason "acted as a private citizen in attacking the [Plaintiff]." *Van Ort*, 92 F.3d at 836. The City "owed no duty … to prevent [Mason] from attacking [Plaintiff] in his private capacity." *Id*. (citing *DeShaney v. Winnebago City Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) ("purpose [of Fourteenth Amendment] was to protect the people from the state, not to ensure that the State protected them from each other")).

### C. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE CITY FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985).

The elements of a claim under Section 1985 are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *See Wells v. Bd. of Trustees of the Cal. State Univ.*, 393 F. Supp. 2d 990, 996 (2005). Under Section 1985, "[a] mere allegation of conspiracy without factual specificity is insufficient." *Id*. (internal quotation omitted). Dismissal is

warranted where the pleading sets out no facts "showing that there was a concert of action among the defendants [ ] from which a proper inference of collusion may be drawn". *Schaefer v. Marci*, 196 F.2d 162 (9th Cir. 1952).

In addition, an *indispensable* element of the conspiracy claim is "some racial, or perhaps otherwise class-based invidiously discriminatory animus [ ] behind the conspirator's action." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-69 (1993) (racial or class-based discriminatory animus must be pled to avoid interpreting Section 1985 as a general federal tort law); *Nielson*, 230 F. Supp. 2d at 1210-11 (Section 1985 claim dismissed for "fail[ure] to allege … member[ship] [in] a protected class"); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (dismissal affirmed for failure to "allege any facts showing [ ] invidiousness").

Plaintiff does not allege *any* collusion whatsoever between any of the named defendants to deprive her of equal protection of the laws. *See Wells*, 393 F. Supp. 2d at 996 (dismissing Section 1985 claim for failure to allege collusion); *Nielson*, 230 F. Supp. 2d at 1211 (amended complaint dismissed because "plaintiff fail[ed] to provide specific factual allegations with respect to each defendant's acts which [ ] led plaintiff to believe that the defendant was a part of the alleged conspiracy."). Neither does Plaintiff allege that the actions taken against her were motivated by racial or class-based discriminatory animus. *See id*. (amended complaint dismissed for failure to allege discriminatory animus). Plaintiff's Section 1985 claim is fatally deficient and must be dismissed.

### IV. CONCLUSION

For the reasons stated above, City of San Jose respectfully requests that the Court grant the City's motion and dismiss the FAC against the City without leave to amend.

Dated: July 25, 2008

Respectfully submitted,
RICHARD DOYLE, City Attorney

By: _____/S/_____
RICHARD D. NORTH
Deputy City Attorney

Attorneys for CITY OF SAN JOSE