IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | No. C 07-05596 SI |
| Plaintiff, | Related case:<br>No. C 08-02541 SI |
| v. | **ORDER GRANTING DEFENDANTS'** |
| CITY OF SAN MATEO, *et al.*, | **MOTIONS TO DISMISS COMPLAINT**<br>**WITH LEAVE TO AMEND** |
| Defendants. / | |

Defendants have filed motions to dismiss plaintiff's first amended complaint in Case No. C 07-5596. The motions are scheduled for a hearing on October 31, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motions to dismiss the complaint with leave to amend. If plaintiff chooses to amend her complaint in Case No. C 07-5596, she must file and serve the amended complaint by November 18, 2008.

Motions to dismiss in related case No. C 08-02541 are calendared for December 12, 2008. This case (No. C 07-5596) is STAYED pending the Court's ruling on the motions to dismiss in Case No. C 08-02541. The Court STAYS all discovery pending a further order at the initial case management conference, which the Court now sets for January 16, 2009 at 2:00 p.m.[1] Plaintiff may not file any motions for discovery in Case No. C 07-05596 or Case No. 08-02541 until the January 16, 2009 initial case management conference.

---

[1] Plaintiff has filed a motion to compel discovery of police records in both cases. Plaintiff's motion is STAYED until the initial case management conference. [No. C 07-05596, Docket No. 11] [No. C 08-02541 SI, Docket No. 75]

**BACKGROUND**

*Pro se* plaintiff Jane Doe has filed her first amended complaint on November 5, 2007 against the following defendants: the City of San Mateo, the San Mateo Police Department, San Mateo Chief of Police Susan E. Manheimer, San Mateo police officers Shandon Murphy and Joseph Yanuska, and San Mateo police officers Does 1-100 (collectively, "City of San Mateo defendants"); the County of San Mateo, the San Mateo County Sheriff's Department, San Mateo County Sheriff Don Horsley, and San Mateo County Sheriff's Deputies Does 1-100 (collectively, "County of San Mateo defendants"); and the City of San Jose, the San Jose Police Department (collectively, "San Jose Defendants"); and Does 1-200.

Plaintiff alleges violations of 42 U.S.C. §§ 1983 and 1985, Cal. Civ. Code §§ 52, 52.1, and negligence. *See* First Amended Complaint ("Complaint"). The complaint alleges that on November 4, 2005, plaintiff was sexually assaulted by James Mason, a member of the San Jose police force, at his residence in San Mateo. Complaint ¶ 8. According to plaintiff, she did not react during the alleged assault because she was "too intoxicated." *Id.* ¶ 24. Plaintiff contends that when Officer Mason called the police, San Mateo police officers violated her due process rights by failing to provide her with medical attention and denied her equal protection of the law by discriminating against her. *Id.* ¶ 10. According to plaintiff, she was "still severely intoxicated, and had difficulty standing and comprehending her surroundings" when the police arrived. *Id.* ¶ 25.

The San Mateo police officers then allegedly arrested plaintiff for public drunkenness and took her to the San Mateo County jail. *Id.* ¶¶ 28, 29. At the jail, plaintiff maintains that San Mateo officers performed a strip search on her, ignored her requests for medical attention, and ridiculed her. *Id.* ¶¶ 30, 34. Plaintiff also contends that in response to her further requests for medical attention, San Mateo County police officers attempted to intimidate her by "putting on blue plastic gloves in a threatening manner." *Id.* ¶ 37. The officers also allegedly refused to administer a blood alcohol test. *Id.* ¶ 36. Finally, plaintiff claims that when she was released from jail at approximately 7:30 a.m. the following morning, she did not call an ambulance out of a concern that "she would be arrested again and taken back to jail." *Id.* ¶¶ 38, 39.

Plaintiff brought an action against Officer Mason in San Mateo County Superior Court on

November 3, 2006. *See* San Mateo County Defs. Mot. to Dismiss, at ex. A, p.1. Plaintiff brought claims for sexual battery, and intentional and negligent infliction of emotional distress.[2] *See* City of San Mateo Defs. Request for Judicial Notice ("Judicial Notice"), at ex. A (Second Amended Complaint, Case No. 458747). The parties dispute the facts concerning the resolution of plaintiff's case against Officer Mason. Plaintiff alleges that the case was dismissed without prejudice, but that the state court unlawfully changed that judgment. On September 12, 2008, San Mateo County Superior Court dismissed the case with prejudice. *See* City of San Mateo Defs. 2nd Request for Judicial Notice, at ex. A. The Judgment of Dismissal explains the relevant facts in the intervening period:

> On January 29, 2008, prior to the commencement of trial in this matter, Defendant James Mason orally requested that his entire cross-complaint be dismissed without prejudice. On January 30, 2008, after the commencement of trial in this matter, Plaintiff [Jane Doe] orally requested that her entire complaint be dismissed without prejudice. Defendant objected to dismissing Plaintiff's complaint without prejudice since trial had commenced.
> The court heard argument on the matter . . . on March 28, 2008. . . . It is ordered and adjudged as follows:
>
> 1. Defendant's cross-complaint is dismissed without prejudice.
> 2. Plaintiff's complaint is dismissed with prejudice.

*Id.*

Plaintiff filed her first amended complaint in Case No. 07-5596 on November 5, 2007. Plaintiff did not effectuate service on the San Mateo defendants until June 19, 2008. [Docket Nos. 44-47]

Now before the Court are motions to dismiss brought by the San Mateo City defendants, the San Mateo County defendants, and the San Jose defendants.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

---

[2] A court may take judicial notice of adjudicative facts. Fed. R. Evid. 201. The San Mateo City defendants' requests for the Court to take judicial notice of court filings in San Mateo County Superior Court Civil Case Nos. 458747 and 458948 are GRANTED.

1 *grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

2 In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

In order for a federal court to have jurisdiction over a claim arising under 42 U.S.C. § 1983, two essential elements must be alleged: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988).

**DISCUSSION**

**I.     Collateral Estoppel**

Plaintiff's claims against Mason for sexual battery and infliction of emotional distress were dismissed with prejudice on September 12, 2008. Plaintiff is now collaterally estopped from asserting these claims.

"It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under California law, the preclusive effect of a prior judgment is governed by the doctrine of res judicata, which has two aspects: "the first is claim preclusion, . . . which prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. The second is issue preclusion, or collateral estoppel, which precludes relitigation of issues argued and decided in prior proceedings." *Alpha Mech., Heating & Air Conditioning, Inc. v. Travelers Cas. & Sur. Co.*, 133 Cal. App. 4th 1319, 1327 (2005) (citations omitted).

To determine whether a second action or proceeding is barred by collateral estoppel, the court considers whether "1) the decision in the initial proceeding was final and on the merits, 2) the issue

4

1 sought to be precluded from relitigation is identical to that decided in the first action, and 3) was actually
2 and necessarily litigated in that action." *Id.* at 1327. "In addition, 4) the party against whom preclusion
3 is sought must be the same as, or in privity with, the party to the first action." *Le Parc Community Ass'n*
4 *v. Workers' Comp. Appeals Bd.*, 110 Cal. App. 4th 1161, 1171 (2003).

### 1. The decision in the state court proceeding was final and on the merits

Plaintiff's state-court suit against Mason for sexual battery and intentional and negligent infliction of emotional distress was dismissed with prejudice. *See* Burns Decl., at ex. A; *see also* City of San Mateo Defendants Request for Judicial Notice, at ex. A (Judgment of Dismissal, Civil Case No. 458747). Dismissal with prejudice constitutes a final determination on the merits. *Roybal v. University Ford*, 207 Cal. App. 3d 1080, 1085 (1989); *see also Torrey Pines Bank v. Superior Court*, 216 Cal. App. 3d 813, 820 (1989) ("Dismissal with prejudice is determinative of the issues in the action and precludes the dismissing party from litigating those issues again.").

Plaintiff alleges that collateral estoppel does not apply because the state-court action was dismissed without prejudice. Plaintiff is incorrect. The San Mateo County Superior Court issued an order on July 14, 2008 dismissing the case with prejudice, *see* Burns Decl., at ex. A, and on September 12, 2008 confirmed that disposition with a judgment of dismissal, *see* City of San Mateo Defendants' Request for Judicial Notice, ex. A. Plaintiff contends that the action was originally dismissed without prejudice, but that the state court subsequently changed that judgment in violation of state law. *See* Cal. Civ. Code § 663a (motion to set aside judgment must be made within 180 days after the entry of judgment). If the San Mateo County Superior Court's July 14 and September 12 orders were improper, the proper forum for plaintiff to appeal those judgments is in state court. This Court has no jurisdiction in this matter. *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) ("It is a forbidden de facto appeal . . . when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.").

### 2. The issue sought to be precluded from relitigation is identical

Defendants seek to preclude the issue of whether Mason was liable for sexual assault of plaintiff on November 4, 2005. In plaintiff's state-court suit against Mason, she alleged that he committed sexual battery. The issues in the two cases are therefore identical.

### 3. The issue defendants seek to preclude was actually and necessarily litigated

Dismissal with prejudice is "equivalent to a judgment on the merits and as such bars further litigation on the same subject matter between the parties." *Le Parc*, 110 Cal. App. 4th at 1169. For collateral estoppel purposes, therefore, the facts alleged in the original complaint are deemed to have been litigated in the earlier action after they are dismissed with prejudice. *See Torrey Pines Bank*, 216 Cal. App. 3d at 822. Accordingly, the issue of whether Mason is liable for sexual assault was litigated in the state-court case.

### 4. The party against whom preclusion is sought is the same

Defendants seek to assert issue preclusion against plaintiff, who was a party in the earlier case. Accordingly, collateral estoppel applies in this case and plaintiff is precluded from bringing any claims based on allegations that she was sexually assaulted by Mason on November 4, 2005. As discussed below, the Court will grant plaintiff leave to amend her complaint. If plaintiff chooses to do so, she cannot relitigate the issue of whether she was a victim of sexual assault.

## II. Service of Process

Plaintiff filed her first amended complaint in Case No. 07-5596 on November 5, 2007 but did not effectuate service on the City of San Mateo defendants until June 19, 2008. Federal Rule of Civil Procedure 4(m) provides that a defendant must be served with 120 days after the complaint is filed. The 120-period expired on March 4, 2008. Plaintiff contends that she did not timely serve defendants because she was attempting to retain counsel. *See* Pl. Opp. to San Mateo County Defs. Mot. to Dismiss,

6

at 3. Defendants have not demonstrated that they were prejudiced by the delay and they have now been served. In light of plaintiff's status as a *pro se* litigant, the Court declines to dismiss plaintiff's complaint.[3]

### III. Constitutional Claims

The City of San Mateo, County of San Mateo, and City of San Jose defendants move to dismiss the plaintiff's first amended complaint. Plaintiff's complaint fails to state cognizable claims under 42 U.S.C. §§ 1983 and 1985 or for negligence. Plaintiff contends that in her proposed second amended complaint, she cures the deficiencies in her first amended complaint. She does not. The overarching deficiency of many of plaintiff's claims is that she has not established that she has suffered an equal protection violation. The Court is skeptical that plaintiff will be able to demonstrate that she was treated differently than a similarly situated person and that the discriminatory treatment was on the basis of her gender. Nonetheless, the Court will grant her leave to amend because she is a *pro se* litigant. If plaintiff chooses to amend her complaint, she must: 1) clearly state which allegations are made against which defendants; 2) allege facts sufficient to establish each element of each cause of action, as described below; and 3) state the basis for federal jurisdiction over each claim. In addition plaintiff is estopped from relitigating her claim that she was sexually assaulted by Officer Mason on November 4, 2005. <u>She cannot bring any causes of action that depend on that allegation.</u>

#### A. Equal Protection

##### 1. Individual defendants

To state a claim under the Equal Protection Clause against an individual defendant, a plaintiff must allege that: 1) the plaintiff, compared with others similarly situated, was selectively treated; and

---

[3] Plaintiff's motion for sanctions for the cost of personal service of summons is DENIED.

7

2) such selective treatment was based on an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff has alleged no facts to support her contention either that she was similarly situated to Mason, or that the police officers acted with an intent to discriminate against her because of her sex. In order to succeed on this or any equal protection claim, plaintiff must allege that she is a member of a protected class and that she was treated differently from people in the same situation as her because of her membership in that class. For example, if plaintiff alleges an equal protection claim on the basis of her status as a woman, she must allege that she was treated differently from men in her situation and that the differential treatment was because she is a woman. Plaintiff cannot allege an equal protection claim based on her status as a rape victim because this is not a protected class and because, as described above, she is estopped from alleging that Officer Mason sexually assaulted her.

### 2.  **Municipal defendants**

Generally, municipalities may not be held liable under § 1983 for the torts of their employees. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005). Local governing bodies can be sued under § 1983, however, where the action that is alleged to be unconstitutional "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978). Local governments may also be sued for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.*

In order for the municipality to be liable under § 1983 for a violation of constitutional rights, the plaintiff must establish that: 1) she possessed a constitutional right which was violated, 2) the municipality had a policy, 3) the policy amounted to deliberate indifference to plaintiff's constitutional rights, and 4) the policy was the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citation omitted). As to the last requirement, the plaintiff must show "that the municipal action was taken with the requisite degree of

culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *County Commr's of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

### B. Conspiracy to Discriminate

To bring a cause of action under § 1985(3) against an individual, a plaintiff must allege four elements:

> 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of this conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. Further, the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971)). "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.* 839 F.2d 621, 626 (9th Cir. 1988).

If plaintiff chooses to amend her complaint and includes a claim under § 1985(c), she must allege facts to establish that defendants agreed among themselves to violate her equal protection rights by discriminating against her based on her status in a protected class, as well as allege facts sufficient to sustain municipal liability. She must also state against which defendants this claim is made.

### C. Due Process

Plaintiff alleges that she was so severely intoxicated that she could not stand on her own, and that police officers refused her requests for medical care while she was in custody. Complaint ¶¶ 30, 34.

The Due Process Clause of the Fourteenth Amendment guarantees individuals the right to receive medical attention if they have a serious medical condition. "With regard to medical needs, the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: persons in

9

custody have the established right to not have officials remain deliberately indifferent to their serious medical needs." *Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002) (citation omitted); *see also City of Canton v. Harris*, 489 U.S. 378, 381 (1989).

If plaintiff amends her complaint to allege a due process violation against the <u>individual</u> defendants for their failure to provide her with medical care, she must clarify against which defendants the allegation is made. If plaintiff also alleges that the <u>municipal</u> defendants violated her due process right to medical care while in police custody, she must additionally allege facts sufficient to sustain municipal liability, as explained above.

### D.     Negligent Hiring and Training

As above, the four conditions that must be satisfied in order to establish municipal liability for failing to act to preserve constitutional rights are: "1) that the plaintiff possessed a constitutional right of which he was deprived; 2) that the municipality had a policy; 3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and 4) that the policy is the moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 834 (9th Cir. 1996) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)).

These requirements also apply in the context of negligent training, supervision, and hiring claims. *Id*. For liability to attach in this context, "the identified deficiency in a city's training program must be closely related to the ultimate injury. . . . Would the injury have been avoided had the employee been trained under a program that was not deficient in the identified respect?" *Canton*, 489 U.S. at 391.

If plaintiff amends her complaint on this basis against the <u>municipal</u> defendants, she must clarify which municipalities and must allege fact sufficient to sustain municipal liability, as explained above.

### E.     Unreasonable Search and Seizure

Plaintiff contends that she was strip searched at the San Mateo County Jail in violation of her Fourth Amendment right to be free from unreasonable search and seizure. "Searches of pretrial

10

detainees in jail must be reasonable within the meaning of the Fourth Amendment." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1445 (9th Cir. 1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 558 (1979)). If plaintiff amends her complaint to allege a constitutional violation on the basis of the alleged strip search, she must clarify against which <u>individual</u> defendants she is making this allegation. If she amends her complaint on this basis against the <u>municipal</u> defendants, she must clarify which municipalities and must allege facts sufficient to sustain municipal liability, as explained above.

Plaintiff's first amended complaint is dismissed with leave to amend. Plaintiff should note that her proposed second amended complaint, attached as an exhibit to her opposition motions, does not cure any of the deficiencies noted above. If plaintiff amends her complaint, she is estopped from alleging that she was sexually assaulted by Officer Mason on November 4, 2005. For each cause of action, she must allege facts establishing each element described above, identify the specific defendants, and explain the basis for federal jurisdiction. If plaintiff chooses to amend her complaint, she must file and serve the amended complaint by <u>November 18, 2008.</u>

**IT IS SO ORDERED.**

Dated: October 29, 2008

SUSAN ILLSTON
United States District Judge