**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN MATEO, *et al.*,<br><br>        Defendants.<br>                                   / | No. C 08-02541 SI<br><br>Related case:<br>No. C 07-05596 SI<br><br>**ORDER RE: VARIOUS MOTIONS** |

      Plaintiff has filed a motion for declaratory relief and a motion for leave to file a motion for reconsideration. Defendants have filed motions to dismiss plaintiff's complaint. The motions are scheduled for a hearing on December 19, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiff's motions. The Court GRANTS defendants' motions to dismiss the complaint with leave to amend. If plaintiff chooses to amend her complaint, she must file and serve the amended complaint by **January 5, 2009**. Plaintiff must file and serve her amended complaint in related Case No. 07-05596 by the same date.

      <u>Pursuant to this Court's October 29, 2008 Order, all discovery remains STAYED pending a further order at the initial case management conference, which is set for January 16, 2009 at 2:00 p.m. Plaintiff may not file any motions for discovery in Case No. C 07-05596 or Case No. 08-02541 until the January 16, 2009 initial case management conference.</u>

//

# BACKGROUND

Defendants have moved to dismiss pro se plaintiff Jane Doe's complaint. Plaintiff alleges violations of 42 U.S.C. §§ 1983 and 1985, Cal. Civ. Code §§ 52, 52.1, negligence, negligent and intentional infliction of emotional distress, and abuse of process. The complaint, filed on May 20, 2008, alleges that on November 4, 2005, plaintiff was sexually assaulted by James Mason, a member of the San Jose police force, at his residence in San Mateo. Complaint ¶ 33. Plaintiff was intoxicated during the incident. *Id.* ¶ 35. Mason called the San Mateo police, identified himself as a police officer, and falsely reported that plaintiff was assaulting him. *Id.* ¶ 38. When police officers came to Mason's house, plaintiff reported that she had been assaulted and requested medical attention. *Id.* ¶ 40. The police officers and Mason "conspired" to discriminate against plaintiff. *Id.* ¶ 42. The officers arrested plaintiff for public drunkenness, *id.* ¶ 43, and took her to the San Mateo County jail. *Id.* ¶ 45. Plaintiff "had difficulty getting up and standing on her own" when she arrived at the jail. *Id.*

At the jail, plaintiff maintains that San Mateo County sheriff's deputies performed a strip search on her, ignored her requests for medical attention, and ridiculed her. *Id.* ¶¶ 46, 50, 51. Plaintiff also contends that in response to her further requests for medical attention, deputies attempted to intimidate her by "putting on blue plastic gloves in a threatening manner." *Id.* ¶ 51. The officers refused to administer a blood alcohol test. *Id.* ¶ 50. While plaintiff was at the jail, a deputy called Mason and "conspired" to falsify the police report and "cover up" the assault. *Id.* ¶ 52. Plaintiff claims that when she was released from jail at approximately 7:30 a.m. the following morning, she did not call an ambulance because she "realized she was calling the police and feared she would be taken back to jail". *Id.* ¶ 56.

The remainder of plaintiff's complaint concerns allegations that, beginning on January 19, 2006, her attempts to report the incident to a succession of government entities were thwarted. Plaintiff alleges that she contacted the San Jose Police Department's internal affairs unit, the San Mateo Police Department, the San Mateo County Sheriff's Department, and the San Mateo County District Attorney, but that officials did not investigate her report adequately, refused to provide her with the police report from her arrest, and conspired to cover up the events of November 4. In addition, she alleges that when she subsequently obtained a temporary restraining order against Mason, Burlingame police officers were

2

with Mason on two occasions when he violated the terms of the order, and that they acted threateningly toward plaintiff. Plaintiff filed a complaint against Mason in San Mateo County Superior Court in November, 2006, but, as is described mor fully below, she alleges that the state court proceeding was marred by official misconduct because government entities improperly disclosed confidential information to Officer Mason and his attorney, refused to comply with plaintiff's discovery requests, and provided false information about official investigations. Plaintiff claims that these acts caused her to dismiss her complaint on January 30, 2008, before the trial commenced. Finally, plaintiff claims that the complaint was improperly dismissed with prejudice.

Plaintiff filed her state court complaint against Officer Mason in San Mateo County Superior Court on November 3, 2006. *See* San Mateo County Defs. Mot. to Dismiss, at ex. A, p.1. Plaintiff brought claims for sexual battery, and intentional and negligent infliction of emotional distress. *See* City of San Mateo Defs. Request for Judicial Notice ("Judicial Notice"), at ex. A (Second Amended Complaint, Case No. 458747). The parties dispute the facts concerning the resolution of plaintiff's state court case against Officer Mason. Plaintiff alleges that the case was dismissed without prejudice, but that the state court unlawfully changed that judgment. On September 12, 2008, San Mateo County Superior Court dismissed the case with prejudice. *See* City of San Mateo Defs. 2nd Request for Judicial Notice, at ex. A. The Judgment of Dismissal explains the relevant facts in the intervening period:

> On January 29, 2008, prior to the commencement of trial in this matter, Defendant James Mason orally requested that his entire cross-complaint be dismissed without prejudice. On January 30, 3008, after the commencement of trial in this matter, Plaintiff [Jane Doe] orally requested that her entire complaint be dismissed without prejudice. Defendant objected to dismissing Plaintiff's complaint without prejudice since trial had commenced.
> The court heard argument on the matter . . . on March 28, 2008. . . . It is ordered and adjudged as follows:
>
> 1. Defendant's cross-complaint is dismissed without prejudice.
> 2. Plaintiff's complaint is dismissed with prejudice.

*Id.*

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer

evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

In order for a federal court to have jurisdiction over a claim arising under 42 U.S.C. § 1983, two essential elements must be alleged: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988).

**DISCUSSION**

**1.     Collateral Estoppel**

In its October 29 Order, the Court discussed the San Mateo County Superior Court's September 12, 2008 ruling that determined plaintiff's case against Officer Mason was dismissed with prejudice. This Court explained in detail why the state court ruling has the effect of estopping plaintiff from bringing any claims in her federal cases based on her allegation that she was sexually assaulted by Officer Mason on November 4, 2005. Plaintiff filed a motion for declaratory judgment on October 28 [Docket No. 77], and a motion for leave to file a motion for the Court to reconsider its October 29 Order [Docket No. 118]. The gravamen of both motions is that this Court should vacate state court's September 12, 2008 judgment and that the doctrine of collateral estoppel does not apply to this judgment because it was procured by misconduct on the part of Officer Mason's attorney, the County of San Mateo District Attorney's office, and the presiding judge.

The Court has carefully considered the voluminous exhibits relating to the underlying state case submitted by plaintiff and finds that there is no basis for her assertion of the doctrine of extrinsic fraud. The "essential characteristic" of extrinsic fraud is that the "successful party has by inequitable conduct, either direct or insidious in nature, lulled the other party into a state of false security, thus causing the

4

1 latter to refrain from appearing in court or asserting legal rights." *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 314 (Cal. Ct. App. 1998) (citation omitted). "Examples of extrinsic fraud are: concealment of the existence of a community property asset, failure to give notice of the action to the other party, convincing the other party not to obtain counsel because the matter will not proceed (and it does proceed)." *Id.* at 315 (citation omitted). "On the other hand, [f]raud is intrinsic and not a valid ground for setting aside a judgment when the party has been given notice of the action and has had an opportunity to present his case and to protect himself from any mistake or fraud of his adversary, but has unreasonably neglected to do so." *Id.* (citation omitted).

Plaintiff alleges two sequences of misconduct in the state case, one before and one immediately after trial.[1] She claims that before the commencement of trial, San Mateo County had falsely reported that the Sheriff's Department had investigated and rejected plaintiff's report of misconduct, although the Sheriff's Department never actually conducted an investigation. Plaintiff's counsel noticed a Sheriff's deputy for deposition on December 27, 2007, but San Mateo County did not make the deputy available until January 22, six days before the trial was scheduled to begin. The court denied plaintiff's motion to continue the trial and conduct further discovery, leaving plaintiff with insufficient time to explore newly discovered evidence that the investigation never occurred. After the trial, the court improperly allowed plaintiff's counsel to withdraw on February 27, 2008. Plaintiff originally dismissed her case without prejudice, but the state court improperly changed the disposition of the case to dismissal with prejudice. The court's decision was based in part on alleged misrepresentations by Officer Mason's attorney and reflected improper bias on the part of the presiding judge.

Assuming plaintiff's allegations are true and drawing all reasonable inferences in plaintiff's favor, *see Usher*, 828 F.2d at 561, the Court finds that plaintiff cannot state a claim for extrinsic fraud. She alleges that San Mateo County concealed evidence that it never conducted an investigation and was dilatory in producing a key witness, but these acts would not constitute extrinsic fraud even if they were committed during trial. *See Kachig v. Boothe*, 22 Cal. App. 3d 626, 632 (Cal. Ct. App. 1971) ("[I]t is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged

---

[1] The Court notes that plaintiff was represented by counsel during the state proceeding. *See* Pl. Mot. for Leave to File Mot. for Reconsideration, at 6.

5

documents or perjured testimony."). Likewise, plaintiff contends that the state court should have granted her January 24 motion to continue the trial, should not have allowed her counsel to withdraw, and should not have changed the disposition of the case to dismissal with prejudice, but these acts – assuming for the sake of argument that they were improper – do not amount to extrinsic fraud. Plaintiff was never fraudulently induced not to appear or to refrain from asserting her legal rights.

Plaintiff relies on *Kougasian v. TMSL, Inc.*, but that case is consistent with the Court's conclusion. 359 F.3d 1136, 1140 (9th Cir. 2008). *Kougasian* held that the *Rooker-Feldman* doctrine, which prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment, applies "only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Id.* at 1140 (emphasis in original). Here, plaintiff seeks relief from purported errors by the state court – denying her motion for a continuance, granting her lawyer's motion to withdraw, and changing the final disposition of the case – and seeks the remedy of relief from the state court's decision that the case was dismissed with prejudice. Under *Kougasian*, this constitutes a de facto appeal, over which this Court has no jurisdiction. Plaintiff's remaining allegations involve the wrongful acts by San Mateo County before trial and Officer Mason after trial but, as discussed above, these acts do not establish extrinsic fraud. While *Kougasian* held that "a plaintiff in federal court can seek to set aside a state court judgment obtained through extrinsic fraud," this holding is inapposite because plaintiff cannot state a claim for extrinsic fraud. *Id.* at 1141.

Accordingly, the Court finds that, for the reasons set forth in the Court's October 29 Order, if plaintiff chooses to amend her complaint, she cannot relitigate the issue of whether she was sexually assaulted by Officer Mason on November 4, 2005. Moreover, plaintiff cannot allege that because of extrinsic fraud, the state court's final decision does not have preclusive effect. Plaintiff's motion for leave to file a motion for the Court to reconsider its October 29 Order [Case No. 08-2541, Docket No. 118; Case No. 07-5596, Docket No. 151] is DENIED and plaintiff's motion for declaratory judgment is DENIED [Case No. 08-2541, Docket No. 77; Case No. 07-5596, Docket No. 113]

**2.     Service of Process**

6

Plaintiff filed her complaint on May 20, 2008. Federal Rule of Civil Procedure 4(m) provides that a defendant must be served with 120 days after the complaint is filed. This Court has granted plaintiff two extensions, on September 11 and October 1, to effectuate service on the individual San Mateo City defendants by October 10, 2008. [Docket No. 31] The City of San Mateo defendants who were sued in their individual capacities (Susan Manheimer, Joe Pierucci, Tanya Neu, and Alan Parisian) filed declarations in late October stating that they had not been served in this action and have not authorized anyone to accept service on their behalf. [Docket Nos. 71-74] Plaintiff purports to have effectuated service by delivering a copy of the summons and complaint to the to the San Mateo Police Department. [Docket No. 47] Individuals must be served in compliance with Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. Pro. 4(e) (individuals may be served by delivering a copy of the summons and complaint to the individual personally; by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process).

Plaintiff's failure to serve the individual defendants appears to be caused by her misunderstanding of the requirements of Rule 4(e) for service of individuals. In light of the fact that plaintiff is pro se, the Court will grant her another extension. She must serve the individual San Mateo City defendants in accordance with Rule 4(e) by **January 5, 2008.**

### 3.     **California Government Tort Claims Act**

The municipal defendants argue that plaintiff's causes of action arising under state law are barred by the California Government Tort Claims Act ("GTCA"). The GTCA provides, in relevant part, "[N]o suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . " Cal. Gov. Code § 945.4. "A claim relating to a cause of action for . . . injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2(a). Compliance with the GTCA must be alleged in the complaint. *Taylor v. Mitzel*, 82 Cal. App. 3d 665, 671 (Cal. Ct. App. 1978). If plaintiff chooses to amend her complaint, she must allege facts establishing that she has complied with the GTCA.

7

1    Plaintiff contends that compliance is not required with regard to Burlingame police officer Kevin
2 Kashiwahara because he was acting in his individual capacity. Plaintiff's allegations involving
3 Kashiwahara are that Officer Mason "used his Burlingame Police Officer friend's [sic] Inspector Kevin
4 Kashiwahara . . . and Officer Steve Vega . . . to stalk, harass, and intimidate her." Complaint, ¶ 77. She
5 also alleges that he conspired falsify a police report. *Id.* at 78. The Court agrees with the Burlingame
6 defendants that plaintiff cannot evade the requirements of the GTCA by claiming that Kashiwahara was
7 sued in his individual capacity. It is clear that plaintiff alleges Kashiwahara accomplished the alleged
8 harassment and falsification through his employment as a police officer. Plaintiff also contends that her
9 tort claims are separately actionable under § 1983. Even if this is correct, it does not excuse her
10 noncompliance with the GTCA for her causes of action arising under state law.[2]

## 4. Statute of Limitations

Defendants allege that all of plaintiff's claims involving events that occurred before May 20, 2006 are barred by the statute of limitations. "Section 1983 does not contain its own statute of limitations. Without a federal limitations period, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In California, personal injury claims are subject to a two-year statute of limitations. *See* Cal. Code of Civ. Pro. § 335.1. Under both federal and California law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers*, 174 F.3d at 992.

Plaintiff contends that the statute of limitations is tolled by the doctrines of equitable estoppel, fraudulent concealment, and equitable tolling. Plaintiff appears to argue that these doctrines apply because in late 2007, the County of San Mateo failed to comply with her discovery requests in her state case against Officer Mason. This theory does not explain why the statute of limitations would be tolled with respect to events that occurred before May 20, 2006. In addition, plaintiff must allege specific facts to establish each element of her tolling arguments.

---

[2] Plaintiff's reliance on *Parrat v. Taylor*, 451 U.S. 527 (1981) is misplaced. *Parrat* does not pertain to the GTCA.

8

### 5. Qualified Immunity

The municipal defendants argue that the municipal employees sued in their individual capacities are immune from suit. The Supreme Court has established a two-prong analysis for qualified immunity cases:

> First, a court must determine whether – resolving all disputes of fact and credibility in favor of the party asserting the injury – the facts adduced at summary judgment show that the officer's conduct violated a constitutional right. . . . [I]f the court determines that the conduct did violate a constitutional right, *Saucier*'s second prong requires the court to determine whether, at the time of the violation, the constitutional right was 'clearly established.' A right is clearly established if its 'contours' are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'

*Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). In order to survive a motion to dismiss her amended complaint, plaintiff will have to demonstrate that the rights she claims were violated were "clearly established."

### 6. Punitive Damages

Plaintiff does not specify for which of her twenty-one causes of action she seeks punitive damages. In California, a plaintiff who alleges injury caused by a public entity may be entitled to actual damages for that injury, but not punitive damages. Cal. Gov. Code § 818; *Marron v. Superior Court*, 108 Cal. App. 4th 1049, 1059 (Cal. Ct. App. 2003). Plaintiff therefore must specify that she does not seek punitive damages against the municipal defendants.

### 7. Constitutional Claims

Plaintiff alleges a number of constitutional violations in her claims under 42 U.S.C. §§ 1983 and 1985. Plaintiff should refer to the Court's guidance in the October 29 Order when amending her complaint, particularly with regard to stating claims for municipal liability and conspiracy. The discussion below regards plaintiff's constitutional claims that are unique to this complaint.

#### A. First Amendment

The Court construes plaintiff's claims under the First Amendment as alleging a violation of her

right to the petition the courts. "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Wilbur v. Locke*, 423 F.3d 1101, 1116 (9th Cir. 2005) (quoting *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983)).

Plaintiff appears to allege that the failure of various police departments to investigate her reports constituted a constitutional violation because it impeded her ability to develop her case against Officer Mason and therefore restricted her right of access to the courts. Plaintiff is mistaken that her right of access to the courts includes a right to have her police reports investigated or to have her claims prosecuted. "[T]here is no duty owed by police to individual members of the general public because a law enforcement officer's duty to protect the citizenry is a general duty owed to the public as a whole. Therefore, absent a special relationship or a statute creating a special duty, the police may not be held liable for their failure to provide protection." *Alejo v. City of Alhambra*, 75 Cal. App.4th 1180, 1185 (Cal. Ct. App. 1999) (citation omitted). "Except where a statute makes prosecution mandatory, a district attorney's pre-charge discretion to investigate and decide whether to file charges is complete and may not be controlled by the courts." *People v. Parmar*, 86 Cal. App. 4th 781, 807 (Cal. Ct. App. 2001). In light of the undisputed fact that plaintiff filed a complaint against Officer Mason, she has not established that her right of access to the courts was restricted by a state actor, much less that the restriction was unreasonable. Moreover, given that plaintiff voluntarily dismissed her complaint, she has not established that she suffered an injury as a result of defendants' actions.

### B. Eighth Amendment

Plaintiff claims that the failure to provide her with medical assistance when she was arrested outside Officer Mason's house and while she was detained at the San Mateo County Jail constituted cruel and unusual treatment in violation of the Eighth Amendment. Plaintiff cannot state a claim under the Eighth Amendment because it is undisputed that she was never convicted of a crime and was therefore a pretrial detainee, not an inmate. Constitutional questions regarding the conditions and circumstances of her confinement are therefore properly addressed under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment's protection against cruel and unusual punishment. *See Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003).

**8.    State Law Causes of Action**

   **A.    Abuse of process**

The essential elements of this claim are: (1) that the defendant used a legal process in a wrongful manner, not proper in the regular conduct of a proceeding, to accomplish a purpose for which it was not designed; (2) that the defendant acted with an ulterior motive; (3) that a willful act or threat was committed by defendant, not authorized by the process and not proper in the regular conduct of the proceedings; and (4) that the defendant's misuse of the legal process was a cause of injury, damage, loss or harm to the plaintiff. *Ion Equipment Corp. v. Nelson*, 110 Cal. App. 3d 868, 876 (Cal. Ct. App. 1980). The nature of the tort is that it is committed by the misuse of process, i.e. the use of process for a purpose other than that for which it is designed. Witkin, *Summary of California Law* § 517 (2005). Plaintiff fails to allege that a judicial process was initiated against her for an improper purpose.

   **B.    Negligence**

The basic elements of a negligence action are: (1) the defendant had a legal duty to conform to a standard of conduct to protect the plaintiff, (2) the defendant failed to meet this standard of conduct, (3) the defendant's failure was the proximate or legal cause of the resulting injury, and (4) the plaintiff was damaged. *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (Cal. 1996). Plaintiff must allege facts in support of each element of this cause of action.

   **C.    Negligent infliction of emotional distress**

The basic elements of a claim for negligent infliction of emotional distress are: (1) that the defendant was negligent, (2) the plaintiff suffered serious emotional distress, (3) the defendant's negligence was a substantial factor in causing the plaintiff's serious emotional distress. *See Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal. 3d 583, 588 (Cal. 1989). Plaintiff must allege facts in support of each element of this cause of action.

   **D.    Intentional infliction of emotional distress**

The elements of a prima facie case of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous

conduct. *Cervantez v. J. C. Penney Co.*, 24 Cal. 3d 579, 593 (Cal. 1979) (citations omitted). "For [c]onduct to be outrageous [it] must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (citations omitted). Plaintiff must allege facts in support of each element of this cause of action.

## CONCLUSION

Plaintiff's motion for declaratory relief is DENIED. [Case No. 08-2541, Docket No. 77; Case No. 07-5596, Docket No. 113] Plaintiff's motion for leave to file a motion for reconsideration is DENIED. [Case No. 08-2541, Docket No. 118; Case No. 07-5596, Docket No. 151]

Defendants' motions to dismiss in Case No. 08-2541 are GRANTED with leave to amend. If plaintiff chooses to amend her complaint in Case No. 08-2541, she must file and serve the amended complaint by **January 5, 2009**.

As plaintiff was informed on November 11, 2008, she must also file and serve her amended complaint in related Case No. 07-05596 by **January 5, 2009**.

Finally, plaintiff must effectuate service on the individual San Mateo City defendants in Case No. 08-2541, with the summons, original complaint and amended complaint), in accordance with Federal Rule of Civil Procedure 4(e) by **January 5, 2008.**

The Court notes that as currently alleged, the complaints in these two cases involve overlapping claims and defendants. It is the Court's intention, after plaintiff amends the complaints and a determination is made as to which causes of action have been sufficiently alleged, to take such organizational steps as necessary to ensure that going forward, the litigation of these actions will be more manageable for all parties.

**IT IS SO ORDERED.**

Dated: 12/17/08

SUSAN ILLSTON
United States District Judge