IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | No. C 08-02541 SI |
| Plaintiff, | Related Case:<br>No. C 07-5596 SI |
| v. | |
| COUNTY OF SAN MATEO, *et al.*, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| Defendants. / | |

Plaintiff has filed a motion seeking leave of the Court to file a motion for reconsideration of the Court's December 17 Order. [Docket No. 122] Plaintiff seeks leave for reconsideration of two rulings in the Court's Order: (1) that plaintiff cannot state a claim for extrinsic fraud or fraud on the Court (and that the Court will therefore not reconsider its prior ruling that plaintiff is estopped from claiming that she was sexually assaulted) and (2) that plaintiff has failed to effectuate service on the individual City of San Mateo defendants.[1] Plaintiff's motion is denied because she fails to establish that the Court did not consider material facts or dispositive legal arguments, as required by Local Civil Rule 7-9(b).

The Court offers the following discussion as guidance to plaintiff as she amends her complaint. Plaintiff's fraud claims are based on allegations that as a matter of law cannot constitute fraud on the court or extrinsic fraud. Her allegations of fraud by the County of San Mateo (a non-party in her state case against Officer Mason) fail for several reasons. First, as explained in the Court's prior order, non-disclosure or false statement alone is not sufficient. *See Appling v. State Farm Mut. Auto. Ins. Co.*, 340

---

[1] The Court's December 17 Order denied plaintiff's October 28 [Docket No. 77] motion for declaratory judgment. The Court's December 16 Order granted plaintiff's request to vacate her November 3 motion for declaratory judgment and reconsideration. [Docket No. 89]

F.3d 769, 780 (9th Cir. 2003) ("Non-disclosure, or perjury by a party or witness, does not, by itself, amount to fraud on the court."). Second, plaintiff was aware of the alleged fraud at least six days before the trial in her state case and therefore could have made her fraud claim in that proceeding. Third, plaintiff will not be able to establish that the alleged non-disclosures and false statements influenced the proceedings because it is undisputed that plaintiff voluntarily dismissed her claim.

Plaintiff also alleges that after she dismissed her state court claims against Officer Mason, his attorney falsely stated that he did not learn until June 27, 2008 that the disposition of that case had been altered to dismissal without prejudice, and that this false statement led the court to improperly retain jurisdiction over the case. The statement by Officer Mason's attorney cannot constitute fraud for several reasons. First, as noted above, perjurious statements alone are not sufficient. Second, plaintiff was aware of the alleged false statement before the September 12, 2008 hearing in state court on the disposition of her case. In fact, the transcript of that proceeding reflects that she argued to the court that Officer Mason's attorney had made false statements. *See* Pl. Request for Judicial Notice, ex. P, Tr. 21: 3-5. [Docket No. 109] Finally, plaintiff will not be able to establish that the statements by Officer Mason's attorney were material to the state court's legal determination that the impaneling of a jury constitutes the commencement of trial, and that as a matter of law, plaintiff's case was dismissed with prejudice.[2]

As for service of process on the individual San Mateo City defendants, plaintiff fails to cite any relevant authorities establishing why she need not comply with the *federal* rules of civil procedure.

Plaintiff also requests a continuance in order to file an application for leave to appeal the Court's December 17 Order. The Court's December 17 Order, which granted defendants' motions to dismiss plaintiff's complaint with leave to amend, is not appealable at this stage in the proceedings. *See*

---

[2] Judge Joseph Bergeron, the San Mateo County Superior Court judge who presided over plaintiff's state claim against Officer Mason, explained his reasoning as follows: "We have a difference in interpretation of the law. What happened at the beginning of trial was: your counsel commenced trial by calling the first witness. That's the basis for the matter being dismissed with prejudice. It was by operation of law because [defense counsel] did not agree to it being dismissed without prejudice. . . . So anything I have done since then, is probably a derogation of the law." *See id.* Tr. 13: 21-14:4. Judge Bergeron's statement makes clear that he determined as a matter of law that the dismissal was with prejudice at the moment plaintiff dismissed her case. Any false statements by Officer Mason's attorney that purportedly resulted in the state court improperly retaining jurisdiction over the case were therefore immaterial.

*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (district court ruling not appealable until after entry of a final judgment).  The Court will not consider any requests for certification of an interlocutory appeal of the December 17 Order.  Plaintiff's request for a continuance in order to file a motion for leave to appeal is therefore DENIED.  **No further motions for reconsideration of the Court's December 17 Order will be considered.**  Plaintiff is reminded that if she wishes to continue in this court, her amended complaints in this case (No. 08-02541) and the related case (No. 07-5596) must be filed and served by **January 5, 2009**.

**IT IS SO ORDERED.**

Dated: 12/23/08

SUSAN ILLSTON
United States District Judge