1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6         FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   JANE DOE,                             No. C 07-05596 SI
                                          No. C 08-02541 SI
9              Plaintiff,
                                          **ORDER GRANTING IN PART AND**
10    v.                                  **DENYING IN PART DEFENDANTS'**
                                          **MOTIONS TO DISMISS PLAINTIFF'S**
11  COUNTY OF SAN MATEO, *et al.*,        **SECOND AMENDED COMPLAINT**
12             Defendants.
                                   /
13

14          Defendants have filed motions to dismiss and to strike plaintiff's amended complaints.  The

15  motions are scheduled for hearing on March 27, 2009.  Pursuant to Civil Local Rule 7-1(b), the Court

16  finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing.

17  Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

18

19                              **BACKGROUND**

20          The underlying facts of these related cases have been discussed at length in this Court's prior

21  orders and need not be restated here.  In short, the cases arise from an incident in San Mateo on the

22  evening of November 4, 2005.  Pro se plaintiff Jane Doe alleges that on that night she was sexually

23  assaulted by James Mason, a member of the San Jose police force, at his residence.  Police officers,

24  called to the house by Mason, arrested plaintiff for public drunkenness.  She was then detained overnight

25  at the San Mateo County jail.  Plaintiff alleges that government officials conspired to thwart her

26  subsequent efforts to report the incident, seek internal investigations of various government entities, and

27  bring a civil action against Mason in San Mateo County Superior Court.

28          Plaintiff filed two complaints in this Court – the first on November 2, 2007 (Case No. 07-5596,

**United States District Court**
**For the Northern District of California**

"the 2007 case") and the second on May 20, 2008 (Case No. 08-2541, "the 2008 case") – against overlapping groups of defendants.  In both cases, defendants moved to dismiss plaintiff's complaints.  The Court granted the motions with leave to amend.  Now before the Court are defendants' motions to dismiss plaintiff's amended complaints.  Some defendants in the 2008 case have also moved to strike portions of plaintiff's amended complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 1965.  Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

United States District Court
For the Northern District of California

**DISCUSSION**

**1.      Operative Complaints**

After the Court granted plaintiff leave to amend her complaints, she filed multiple complaints in both cases.  The question of which complaints are the operative complaints has therefore been the source of some confusion.  In the 2008 case, plaintiff filed a "First Amended Complaint" on January 2, 2009; and a "First Amended Complaint," a "Corrected/Supplemental First Amended Complaint," and a "Second Amended Complaint" on January 4.  In the 2007 case, plaintiff filed a "First Amended Complaint" and a "Corrected/Supplemental First Amended Complaint," as well as a "Second Amended Complaint," all on January 4.

There appear to be only minor differences between these complaints.  The "Second Amended Complaint" and "Corrected/Supplemental First Amended Complaint" filed in both cases seem to be identical; the "First Amended Complaints" filed in both cases also appear to be the same.  The only difference, then, is between the "First Amended Complaint" and the "Second Amended Complaint." The "Second Amended Complaint" contains more detailed factual allegations, omits the Eighth Amendment claim in Count 17, adds claims under the First, Fourth, and Fourteenth Amendments in Count 26, and alleges punitive damages only against the individual defendants.

Plaintiff did not have the Court's permission to file multiple complaints.  A party may amend a pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. Pro. 15(a)(1)(A).  If a party wishes to file an amended complaint once an adversary has answered, she may do so only with leave of the court or with the consent of the adverse party.  Fed. R. Civ. Pro. 15(a)(2).  Nonetheless, in light of plaintiff's pro se status and the Court's observation that the differences between the complaints do not appear to be dispositive, the Court will deem the Second Amended Complaint ("SAC") [2007 case, Docket No. 158; 2008 case, Docket No. 127] the operative complaint in both cases.

**2.      Service of Process**

The City of San Mateo contends that plaintiff has failed to effectuate service of process on any of the individual defendants in the 2008 case.  As the remainder of this order will demonstrate, any

United States District Court
For the Northern District of California

1   deficiencies in service are relevant only as to police officers Joe Pierucci, Joseph Yanuska, and Shandon

2   Murphy, the only individual City of San Mateo defendants who will remain in this case.

3          In the 2007 case, plaintiff effectuated service of process on Yanuska and Murphy on June 19,

4   2008 through personal service.  [2007 case, Docket Nos. 44, 45]  Now that the operative complaint in

5   both cases is identical, plaintiff makes the same allegations against Yanuska and Murphy in both cases.

6   The 2008 complaint is therefore redundant as to these officers.   Accordingly, the Court finds that

7   plaintiff's failure to serve Yanuska and Murphy with the 2008 complaint is immaterial.

8          Plaintiff's failure to serve Pierucci is more problematic because he does not appear ever to have

9   been properly served in the 2007 case.  On October 8, 2008, plaintiff filed a document that purports to

10   record the proof of service on Pierucci by delivering a copy of the summons and complaint to Shawn

11   Mason and Nancy Fontana as Pierucci's agents.  [2007 case, Docket No. 83]  Pierucci attests however,

12   that he has never authorized anyone to accept service of a lawsuit on his behalf.  *See* Decl. of Joe

13   Pierucci.  [2008 case, Docket No. 72]

14          The Court has already explained to plaintiff how to properly effectuate service.  *See* Dec. 17

15   Order [2008 case, Docket No. 122], Oct. 29 Order [2007 case, Docket No. 120].  She has also repeatedly

16   received clear instructions from opposing counsel.  *See, e.g.*, Letter from Kelli George.  [2008 case,

17   Docket No. 131]  In addition, the Court has granted plaintiff numerous extensions to effectuate service.

18   (In the 2008 case, for example, the Court gave plaintiff extensions on September 11 and October 1.)

19   Despite being afforded this great latitude to effectuate service, plaintiff has still failed to do so.  A

20   complaint may be dismissed for insufficient service of process under Federal Rule of Civil Procedure

21   12(b)(5).  Accordingly, plaintiff's complaint as to Pierucci is DISMISSED without prejudice, and the

22   claims against him will not be analyzed further in this order.

23          It also appears that plaintiff has not effectuated service against Burlingame police officer Jim

24   Ford, who was first added as a defendant in the complaints served on January 2 and 4.  Kelli George,

25   who is representing the City of Burlingame in this matter, informed plaintiff by letter that she was not

26   authorized to accept service for Ford.  Plaintiff's certificate of service states that she effectuated service

27   on Ford by e-mailing him.  *See* Letter from Kelli George. [2008 case, Docket No. 131]  E-mail service

28   is permitted only in certain circumstances not applicable here or by court decree.  *See Rio Properties,*

*Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002).  Federal Rule of Civil Procedure 4(m) provides that a defendant must be served within 120 days after the complaint is filed.  Dismissal is not yet proper as the 120-day period since Ford was named in a complaint has not elapsed.  The Court directs plaintiff to effectuate service of process on Ford in compliance with Federal Rule of Civil Procedure 4.  *See* Fed. R. Civ. Pro. 4(e) (individuals may be served by delivering a copy of the summons and complaint to the individual personally; by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process).  Alternatively, plaintiff may effectuate service by following California law for service of process.  *See* Fed. R. Civ. Pro. 4(e)(1); *see also* Cal. Code Civ. Pro. § 415.10 (physical delivery to the defendant personally); Cal. Code Civ. Pro. §§ 415.20, 415.95 (delivery at usual abode or place of business); Cal. Civ. Pro. § 415.30 (mail with acknowledgment of receipt).

**3.       Constitutional Claims**

Plaintiff alleges a number of constitutional violations in her claims under 42 U.S.C. §§ 1983 and 1985.  Defendants argue that the individual defendants, who are municipal employees sued in their individual capacities, have qualified immunity from suit.  The Supreme Court has established a two-prong analysis for qualified immunity cases:

> First, a court must determine whether – resolving all disputes of fact and credibility in favor of the party asserting the injury – the facts adduced at summary judgment show that the officer's conduct violated a constitutional right. . . . [I]f the court determines that the conduct did violate a constitutional right, *Saucier*'s second prong requires the court to determine whether, at the time of the violation, the constitutional right was 'clearly established.'  A right is clearly established if its 'contours' are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'

*Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  In order to survive a motion to dismiss her amended complaint, plaintiff will have to demonstrate that the rights she claims were violated were "clearly established."

In addition, the municipalities argue that they are immune from suit.  Generally, municipalities may not be held liable under § 1983 for the torts of their employees.  *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005).  Local governing bodies can be sued under § 1983, however, where the action

United States District Court
For the Northern District of California

that is alleged to be unconstitutional "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978). In order for the municipality to be liable under § 1983 for a violation of constitutional rights, the plaintiff must establish that: (1) she possessed a constitutional right which was violated, (2) the municipality had a policy, (3) the policy amounted to deliberate indifference to plaintiff's constitutional rights, and (4) the policy was the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citation omitted). As to the last requirement, the plaintiff must show "that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *County Commr's of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).[1]

As the Court analyzes plaintiff's constitutional claims, it will consider whether qualified immunity bars her claims against the individual defendants and whether she has alleged facts that, if true, would establish municipal liability.

### A.     Retaliation in violation of the First and Fourteenth Amendments (Counts 1, 2, 3)

Plaintiff alleges that defendants retaliated against her in violation of the First and Fourteenth Amendments. The gravamen of plaintiff's first, second and third causes of action is that defendants took adverse actions against plaintiff when she complained about government officials. To state a § 1983 claim for retaliation in violation of the First Amendment, "a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1251 (11th Cir. 2005). Filing a police report may implicate speech that is protected under the Petition Clause of the First Amendment, which provides that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the

---

[1] Defendants also argue that police departments are not proper defendants in a § 1983 suit. The Court disagrees. "Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624, n.2 (9th Cir. 1988).

6

United States District Court
For the Northern District of California

1   Government for a redress of grievances." U.S. Const. amend. I, cl. 6. *See also McCann v. Winslow Tp.*,

2   2007 WL 4556964 *5 n.5 (D.N.J. Dec. 20, 2007) ("[T]he formal mechanism of filing a grievance with

3   a municipal police department is within the realm of activity clothed in constitutional protection from

4   retaliation.") (citing *Foraker v. Chaffinch*, 501 F.3d 231, 236 (3d Cir. 2007)). There is, however, no

5   right to a response or any particular action when a citizen petitions the government for redress of

6   grievances. *See, e.g.*, *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (prisoner's right to petition the

7   government for redress is not compromised by the prison's refusal to entertain the grievance). The

8   "proper inquiry" for determining whether a First Amendment violation has occurred "asks whether an

9   official's acts would chill or silence a person of ordinary firmness from future First Amendment

10  activities." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999). The

11  Court will consider plaintiff's allegations as to each set of defendants in turn.

12

13          **i.      City of San Mateo defendants**

14          Plaintiff claims that the City of San Mateo and its employees retaliated against her in violation

15  of her First Amendment right to petition the government for redress of grievances. Plaintiff claims,

16  variously, that San Mateo City police officers arrested her on the night of November 4, 2007 because

17  she complained that Mason had sexually assaulted her, or because she threatened to sue the arresting

18  officers *after* they arrested her, SAC ¶ 51, or that the police came to the residence because Mason made

19  a false report that had plaintiff assaulted him, SAC ¶ 48. Whatever the precise claim, however, it fails

20  because plaintiff does not cite any authority for the proposition that a statement made to police during

21  an arrest qualifies as a "petition for redress of grievances" within the meaning of the First Amendment.

22  *Contra Foraker*, 501 F.3d at 236 (activity protected from retaliation is characterized by "formal

23  mechanism[s] such as the filing of a lawsuit or grievance"). For these reasons, plaintiff cannot as a

24  matter of law state a claim against the City of San Mateo defendants for retaliation in violation of her

25  First Amendment rights. Accordingly, plaintiff's first, second, and third causes of action are

26  DISMISSED with prejudice as to the individual and municipal City of San Mateo defendants.

27

28

7

United States District Court

For the Northern District of California

### ii.     County of San Mateo defendants

Plaintiff claims that because she complained that she had been sexually assaulted by an off-duty police officer, San Mateo County sheriff's deputies subjected her to a strip search, placed her in a jail cell, mocked her with inappropriate jokes, and gestured toward her threateningly.  SAC ¶¶ 56-61. Plaintiff has not cited any authority for the proposition that complaints made by a detainee during a temporary detention are afforded First Amendment protection.  Accordingly, the first, second and third causes of action are DISMISSED with prejudice as to the individual and municipal County of San Mateo defendants.

### iii.     City of Burlingame defendants

After the November 4 incident, plaintiff obtained a temporary restraining order ("TRO") against Mason.  She contends in April of 2006, Mason violated the TRO while in the presence of Burlingame police officers and that, on April 6, 2006, she went to the Burlingame police department to report the incident.

She claims that Burlingame police officers retaliated by falsifying a police report.  Specifically, plaintiff contends that police officer Robert Cissna falsely stated in the police report that there were no witnesses to the incident, SAC ¶ 101, and refused to interview witnesses, SAC ¶ 102.  She also alleges that police officer Chapelle (whose first name is not given) falsified his report of the incident.  SAC ¶ 115.  However, plaintiff has no cognizable First Amendment claim based on these allegations because the First Amendment right to petition does not grant citizens the right to any particular action in response to a grievance. *See Flick*, 932 F.2d at 729.  That is, plaintiff cannot demonstrate that the officers' failure to investigate and falsification of their reports constitutes an adverse action because she has no right to an investigation or to accurate police reports.

Plaintiff also contends that on May 31, 2006, Burlingame police officers Kevin Kashiwahara and Steven Vega retaliated against plaintiff for having made the report by threatening to arrest her if she did not leave a restaurant, SAC ¶ 109, and by stalking, intimidating, and threatening her, SAC ¶ 110.  The Court finds that plaintiff has stated a claim against these Burlingame defendants.  Defendants do not contest that the filing of a police report to complain about police misconduct is constitutionally protected

8

speech. While plaintiff is not entitled to any particular response for making this grievance, she is protected from adverse actions for doing so. The Court finds that a person of "ordinary firmness" would be deterred from making future reports of police misconduct if subjected to stalking, intimidation and threats for filing such a report. *See Mendocino Envtl. Ctr.*, 192 F.3d at 1300. Qualified immunity does not bar plaintiff's claims because the right to be free of government retaliation for the exercise of First Amendment activity was clearly established at the time of these incidents, *see, e.g.*, *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir.1986), and no reasonable officer could have concluded that the conduct alleged here was lawful.

Finally, the Court finds that plaintiff's claims against the City of Burlingame and the Burlingame Police Department fail as a matter of law because she states no facts in support of her conclusory statement that the police officers were acting pursuant to a policy to retaliate against citizens who report police misconduct.

In sum, the City of Burlingame's motion to dismiss plaintiff's first cause of action against officers Kashiwahara and Vega is DENIED.[2] Plaintiff's first cause of action against all other Burlingame defendants, except Ford, is DISMISSED with prejudice.

### iv.    City of San Jose defendants

Plaintiff contends that the San Jose defendants retaliated against her in January of 2006 by failing to investigate her complaint against Mason. SAC ¶¶ 70, 80. Specifically, she contends that Sergeant Rikkie Goede retaliated against plaintiff by characterizing the conflict between plaintiff and Mason as "a personal matter." SAC ¶ 76. As discussed above, plaintiff has no cognizable First Amendment claim based on this allegation because she had no right to a particular governmental response to her complaint. Accordingly, plaintiff's first cause of action against all San Jose defendants is DISMISSED with prejudice.

---

[2] Plaintiff also alleges that officer Jim Ford made harassing phone calls and "intentionally harassed, intimidated, and threatened plaintiff " in retaliation for her filing of a police report. SAC ¶ 121. The Court assumes that if presented with the question, it would also conclude that plaintiff has stated a claim against Ford based on this allegation. As discussed at the outset, however, Ford has not yet been served and has therefore not moved to dismiss plaintiff's complaint.

United States District Court

For the Northern District of California

**v.**     **Defendants Bergeron, Stern, and Mason**

Plaintiff contends that after she complained about decisions in her civil action against Mason in San Mateo County Superior Court, Mason, Mason's attorney Harry Stern, and the Honorable Joseph Bergeron (who presided over the superior court case) retaliated against plaintiff by changing the disposition of the case from a dismissal without prejudice to dismissal with prejudice.  SAC ¶ 199.

The Court finds that plaintiff cannot state a claim based on this allegation for several reasons. First, she cannot state a claim against Judge Bergeron because judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity.  *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).

Second, plaintiff cannot state a claim against Mason and Stern because she has sued them only in their individual capacities and she does not allege facts in support of her argument that they acted under color of state law when defending against plaintiff's civil action against Mason.  *See West v. Atkins*, 487 U.S. 42, 49 (1988) (allegation that violation was committed by a person acting under the color of state law is an element of an § 1983 action).

Third, plaintiff has not alleged that she engaged in protected speech in the prosecution of her civil claim against Mason.  She contends that she was retaliated against for complaining that Judge Bergeron engaged in misconduct in his February 26, 2008 order by changing the disposition of her case from being dismissed without prejudice to being dismissed with prejudice.  Pl. Opp. at 20.  Plaintiff cites no authority for the proposition that a party's disagreement with a legal ruling is constitutionally protected speech.

Accordingly, plaintiff's first cause of action against defendants Bergeron, Mason and Stern is DISMISSED with prejudice.

**B.     Conspiracy to retaliate in violation of the First and Fourteenth Amendments (Count 4)**

The Court has previously explained to plaintiff that a claim under § 1985(3) requires allegations of the following four elements:

> 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and

immunities under the laws; and 3) an act in furtherance of this conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.  Further, the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971)).  "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.* 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiff has still failed to allege facts in support of her conclusory statements that defendants were motivated by an intent to discriminate against plaintiff based on her status as a woman. Accordingly, plaintiff's fourth cause of action is DISMISSED with prejudice as to all defendants.

**C.    Retaliation in violation First and Fourteenth Amendments by failure to investigate (Count 14)**

Plaintiff alleges that defendants violated her First Amendment right to petition the government by refusing to investigate her complaints about official misconduct.  As explained above, the right to petition the government does not give citizens the right to a particular response.  Plaintiff's retaliation claim based on a failure to investigate thus fails as a matter of law because plaintiff had no right to an official investigation of her grievances. *See also Alejo v. City of Alhambra*, 75 Cal. App. 4th 1180, 1185 (Cal. Ct. App. 1999) (citation omitted) ("[T]here is no duty owed by police to individual members of the general public because a law enforcement officer's duty to protect the citizenry is a general duty owed to the public as a whole.  Therefore, absent a special relationship or a statute creating a special duty, the police may not be held liable for their failure to provide protection."); *People v. Parmar*, 86 Cal. App. 4th 781, 807 (Cal. Ct. App. 2001) ("Except where a statute makes prosecution mandatory, a district attorney's precharge discretion to investigate and decide whether to file charges is complete and may not be controlled by the courts.").

Accordingly, plaintiff's fourteenth cause of action is DISMISSED with prejudice as to all defendants.

//

11

**D.      Fraud in violation of First and Fourteenth Amendments (Counts 5, 6, 7, 8, 9, 10)**

Plaintiff alleges that defendants violated the First and Fourteenth Amendments by committing fraud, intrinsic fraud, extrinsic fraud, constructive fraud, and fraud upon the court.  Plaintiff's theory appears to be that defendants interfered with her First Amendment right of access to the courts by making false statements and failing to disclose material information, thereby preventing her from prosecuting her claim against Mason in San Mateo County Superior Court.

The Court has explained to plaintiff that she cannot state a claim for violation of her First Amendment right of access to the courts because it is undisputed that she filed a complaint against Mason in San Mateo County Superior Court.  Dec. 17 Order, at *10 [2008 Case, Docket No. 122] Plaintiff appears to argue that she voluntarily dismissed her claim against Mason because the County of San Mateo did not disclose that it had not conducted an investigation into plaintiff's complaints.  SAC ¶ 162.  The Court has explained to plaintiff that this allegation does not constitute fraud because (1) failure to comply with discovery obligations cannot constitute fraud upon the Court and (2) plaintiff learned of the County's failure to conduct an investigation *before* she dismissed her complaint.  SAC ¶¶ 168, 172;  Dec. 17 Order, at *5.  Accordingly, the Court finds that as a matter of law, plaintiff cannot contend that her First Amendment right to petition the courts was impinged by the County's late disclosure of its failure to investigate her complaint.

Plaintiff also argues that her right of access to the Courts was violated when Judge Bergeron changed the disposition of her case from being dismissed without prejudice to being dismissed with prejudice.  Plaintiff alleges that fraudulent acts by Stern, Mason, and Judge Bergeron brought about the change in the disposition of her case.  The Court has already explained to plaintiff that, for a number of reasons, she cannot contend that she was prevented from arguing that the disposition of the case should not be changed.  Most saliently, it is uncontested that plaintiff was present at the September 12, 2008 hearing before Judge Bergeron and that she argued at that proceeding that the proper disposition of the case was dismissal without prejudice.  *See* Dec. 23 Order at *2. [2008 Case, Docket No. 124]

Accordingly, plaintiff's fifth, sixth, seventh, eighth, ninth, and tenth causes of action are DISMISSED with prejudice as to all defendants.

12

**E.      Denial of access to the courts in violation of the First and Fourteenth Amendments (Counts 15, 16)**

Plaintiff alleges that defendants interfered with plaintiff's First Amendment right of access to the courts.  Plaintiff does not plead specific facts in support of her fifteenth and sixteenth causes of action.  The Court therefore assumes that these claims are based on the same theory discussed above, i.e. that a fraud perpetrated by defendants prevented plaintiff from prosecuting her claim against Mason.  These claims therefore fail for the same reasons discussed in the preceding section.  Accordingly, plaintiff's fifteenth and sixteenth causes of action are DISMISSED with prejudice as to all defendants.

**F.      Abuse of process in violation of the First and Fourteenth Amendments (Counts 21 & 22)**

Plaintiff alleges that Stern, Mason, and the City and County of San Mateo defendants violated plaintiff's First Amendment rights of access to the courts and to petition the government for redress of grievances through abuse of the judicial process.  Plaintiff's theory appears to be that Mason abused the judicial process by bringing counter-claims for malicious prosecution, abuse of process, and battery in plaintiff's civil action against Mason.  These claims fail for a number of reasons.  First, the City and County of San Mateo defendants were not parties in plaintiff's civil claim against Mason.  Second, plaintiff has sued Mason and Stern in their individual capacities and does not plead facts establishing that they acted under color of law.  Third, for the reasons stated above, plaintiff cannot state a claim for denial of her right of access to the courts.

Fourth, as the Court explained in its December 17 Order, plaintiff has not alleged facts establishing the prima facie case for abuse of process.  The essential elements of this claim are: (1) that the defendant used a legal process in a wrongful manner, not proper in the regular conduct of a proceeding, to accomplish a purpose for which it was not designed; (2) that the defendant acted with an ulterior motive; (3) that a willful act or threat was committed by defendant, not authorized by the process and not proper in the regular conduct of the proceedings; and (4) that the defendant's misuse of the legal process was a cause of injury, damage, loss or harm to the plaintiff.  *Ion Equipment Corp. v. Nelson*, 110 Cal. App. 3d 868, 876 (Cal. Ct. App. 1980).  Here, plaintiff has not alleged facts establishing any of these elements.  The most fundamental problem with this cause of action is that

1    Mason was entitled to bring a cross-complaint after plaintiff asserted a cause of action against him.  *See*

2    Cal. Civ. Pro. § 428.10 ("A party against whom a cause of action has been asserted in a complaint or

3    cross-complaint may file a cross-complaint setting forth . . . (a) Any cause of action he has against any

4    of the parties who filed the complaint or cross-complaint against him.").

5         Accordingly, plaintiff's twenty-first and twenty-second causes of action are DISMISSED with

6    prejudice as to all defendants.

7

8         **G.    Denial of Equal Protection in violation of the Fourteenth Amendment (Counts 11,**
          **12, 13)**

9

10        Plaintiff alleges that defendants violated the Fourteenth Amendment by denying plaintiff equal

11   protection of the laws based on her status as a woman and a victim of domestic violence.  The Equal

12   Protection Clause ensures that "all persons similarly situated should be treated alike." *City of Cleburne*

13   *v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To state a claim for denial of equal protection,

14   plaintiff must show that she was treated differently from persons similarly situated or that the defendants

15   acted with an intent to discriminate against her based on her membership in a protected class.  *See*

16   *Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th

17   Cir. 2001).  Plaintiff cites no authority for the proposition that victims of domestic violence constitute

18   a protected class for purposes of First Amendment analysis.  Her claim that she was discriminated

19   against on the basis of her status as a woman fails because she does not allege facts in support of her

20   conclusory statements (1) that defendants acted pursuant to policies of discriminating against women

21   and (2) that her claim that she was the victim of domestic abuse was treated differently than other types

22   of assault complaints.

23        Plaintiff's reliance on *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990) is

24   misplaced.  In *Balistreri*, the plaintiff stated a claim for an equal protection violation because she alleged

25   that the officer who responded to her assault complaint stated that he did not blame her husband for

26   hitting her, "because of the way she was 'carrying on.'" 901 F.2d at 701.  *Balistreri* held that such

27   remarks "strongly suggest an intention to treat domestic abuse cases less seriously than other assaults,

28   as well as an animus against abused women." *Id.*

**United States District Court**
For the Northern District of California

14

Here, plaintiff does not allege statements that give rise to a similar inference that defendants treated domestic abuse cases less seriously than other assaults, or that defendants acted with an animus against women.  Plaintiff alleges that the City of San Mateo police officers stated in their police report that they arrested plaintiff because she was too intoxicated to care for her own safety and that they would not give her a copy of the police report because she was not the victim (police had originally arrived at Mason's apartment because he reported that she was assaulting him).  According to plaintiff, when she asked the chief of the City of San Mateo police why her phone calls were not returned, she was told that the investigating officer had cases that were "more important" than plaintiff's.  SAC ¶ 132.  She also alleges that the County of San Mateo concluded in its internal review that it found only "immature behavior" on the part of deputies at the jail.  SAC ¶ 139.  Plaintiff additionally cites a San Jose police report in which the investigating officer concluded that the conflict between Mason and plaintiff was a "personal matter."  Finally, she refers to the statement of a Burlingame police officer, who advised plaintiff that if she complained about officers Vega and Kashiwahara, they would be penalized with no more than "a day off of work."  SAC ¶ 119.  Even drawing all reasonable inferences in plaintiff's favor, these facts do not support an inference that any party acted with an intent to discriminate against plaintiff as a woman or that defendant municipalities have policies of not taking domestic violence cases seriously.

Accordingly, counts eleven, twelve, and thirteen are DISMISSED with prejudice as to all defendants.

**H.      Failure to provide medical assistance in violation of the Fourteenth Amendment (Count 17)**

Plaintiff alleges that the City of San Mateo and County of San Mateo defendants violated the Fourteenth Amendment by failing to provide plaintiff with medical assistance on the night of November 4 after she complained to arresting officers and sheriff's deputies that Mason had sexually assaulted her.

Questions regarding conditions and circumstances of confinement of pre-trial detainees are properly addressed under due process clause of the Fourteenth Amendment.  *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003).  "With regard to medical needs, the due process clause

United States District Court
For the Northern District of California

imposes, at a minimum, the same duty the Eighth Amendment imposes: persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs." *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation omitted). "Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying a prisoner needed medical care only if the person 'knows of and disregards an excessive risk to inmate health and safety.'"

*Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Here, plaintiff alleges that she told City of San Mateo police officers Shandon Murphy, Joseph Yanuska, and Joe Pierucci that she had just been sodomized and needed medical help, but that the officers refused to provide her with medical assistance. SAC ¶¶ 50-51. The City of San Mateo responds that plaintiff is collaterally estopped from asserting a claim based on her allegation that she was sexually assaulted. The Court agrees that, as set out in this Court's prior orders, issue preclusion applies to plaintiff's claim that she was sexually assaulted by Mason. Plaintiff is therefore precluded from relitigating the issue of whether Mason is liable for sexual assault. She is not, however, barred from asserting that on November 4, 2005, she sought medical assistance as a result of being sexually assaulted. "In analyzing whether a second action or proceeding is barred by issue preclusion . . . we look to whether the decision in the initial proceeding was final and on the merits and the issue sought to be precluded from relitigation is identical to that decided in the first action and was actually and necessarily litigated in that action." *Alpha Mech., Heating & Air Conditioning, Inc. v. Travelers Cas.*, 133 Cal. App. 4th 1319, 1326 (Cal. Ct. App. 2005) (citations omitted). Here, the issue of how the arresting officers responded to plaintiff's requests for medical attention was not litigated in the prior proceeding. The success of plaintiff's constitutional claim does not hinge on whether Mason is liable for sexual assault. Accordingly, the Court finds that plaintiff is not precluded from asserting that she told the officers that she had been sexually assaulted.[3]

The City of San Mateo also argues that plaintiff alleges only that she had been raped, not that she had a serious medical need. The Court finds that this is not a meaningful distinction as any

---

[3] For these reasons, the Court DENIES the motions of Stern and Mason to strike all references to sexual assault from plaintiff's complaint.

reasonable police officer would conclude that serious medical needs could arise from being raped. Accordingly, the Court DENIES the City of San Mateo's motion to dismiss plaintiff's seventeenth cause of action against officers Murphy and Yanuska.

Plaintiff also alleges that she told County of San Mateo sheriff's deputy Suzanne Blick that she had been sodomized and asked to be taken to the hospital to "get swabbed," but that Blick and unnamed deputies refused to provide medical attention. SAC ¶ 60. The County of San Mateo interprets plaintiff's request to "get swabbed," as a request for a forensic test and argues that plaintiff's claims against individual defendants are barred by qualified immunity because arrestees have no clearly established constitutional right to a forensic test. The Court finds that the County of San Mateo reads plaintiff's allegation too narrowly. It is reasonable to infer that plaintiff claimed she had been sexually assaulted hours before and made a general request for medical attention to address her medical needs. The County of San Mateo does not contest that a sexual assault results in "serious medical needs." *Gibson*, 290 F.3d at 1187. Accordingly, the Court DENIES the County of San Mateo's motion to dismiss plaintiff's seventeenth cause of action against deputy Blick.

Finally, the Court finds that plaintiff's claims against the public entity defendants fail as a matter of law because she alleges no facts in support of her conclusory statement that the individual defendants were acting pursuant to a policy to deny medical assistance to sexual assault victims.

Accordingly, plaintiff's seventeenth cause of action is DISMISSED with prejudice as to all defendants except Murphy, Yanuska and Blick.

**I.      Negligent hiring, supervision, and failure to train in violation of the Eighth and Fourteenth Amendments (Count 18)**

Plaintiff alleges that defendants' negligent hiring, supervision and training caused the deprivation of her constitutional rights. The Court has already explained to plaintiff that the conditions that must be satisfied in order to establish municipal liability for failing to act to preserve constitutional rights are: "(1) that the plaintiff possessed a constitutional right of which [she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Van*

*Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)). These requirements apply to claims for negligent training, supervision, and hiring. *Id.* For liability to attach in this context, "the identified deficiency in a city's training program must be closely related to the ultimate injury. . . . Would the injury have been avoided had the employee been trained under a program that was not deficient in the identified respect?" *Canton*, 489 U.S. at 391. Plaintiff alleges no facts in support of her conclusory allegations that defendants' training, supervision, and hiring policies were deficient. Accordingly, plaintiff's eighteenth cause of action is DISMISSED with prejudice as to all defendants.

### J. Warrantless arrest in violation of the Fourth and Fourteenth Amendments (Count 19)

Plaintiff alleges that the City of San Mateo and County of San Mateo defendants violated the Fourth and Fourteenth Amendments by arresting plaintiff. "A warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause." *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (citations omitted).

Plaintiff alleges that when the City of San Mateo police officers arrived at Mason's residence, plaintiff was "severely intoxicated and disoriented" to the point that she had difficulty standing and "comprehending her surroundings." SAC ¶ 47. Based on these allegations, the City of San Mateo contends that the officers had probable cause to arrest plaintiff because she has admitted to being drunk when she left Mason's residence and therefore violated § 627(f) of the California Penal Code, which prohibits public intoxication. Plaintiff does not address this argument specifically, instead reiterating her contention that defendants' actions were retaliatory. Pl. Opp. at 17.

The Court notes that plaintiff alleges that when the officers arrived at Mason's residence, Shandon Murphy "asked the plaintiff to come with him." SAC ¶ 49. There is no suggestion that plaintiff was ordered or forced out, or physically restrained and moved out. Under these circumstances, and given that plaintiff has already filed between three and four amended versions of each complaint in these cases, the Court will not read into the allegations any element of improper compulsion inherent

in plaintiff's presence outside the apartment.

The Court also finds that plaintiff has failed to state a claim for liability against the public entities because she alleges no facts in support of her conclusory allegations that the officers acted pursuant to a policy.

Accordingly, plaintiff's nineteenth cause of action is DISMISSED with prejudice as to all City of San Mateo defendants.

Plaintiff alleges that only City of San Mateo defendants were involved in her arrest. Accordingly, Count 19 is DISMISSED with prejudice as to all County of San Mateo defendants.

**K.    Unreasonable search in violation of the Fourth and Fourteenth Amendments (Count 20)**

Plaintiff alleges that defendants violated the Fourth and Fourteenth Amendments by performing a strip search on plaintiff when she was brought to the county jail on a public intoxication charge. "Searches of pretrial detainees in jail must be reasonable within the meaning of the Fourth Amendment." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1445 (9th Cir. 1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 558 (1979)).  Arrestees for minor offenses may be subjected to a strip search only if jail officials have a reasonable suspicion that the particular arrestee is carrying or concealing contraband or suffering from a communicable disease. *Giles v. Ackerman*, 746 F.2d 614, 615 (9th Cir.1984), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1041 (9th Cir. 1999).

Here, plaintiff alleges that she was brought to the San Mateo County jail after being arrested for public intoxication and that sheriff's deputy Suzanne Blick and other deputies "removed and arranged some of the [p]laintiff's clothing so as to permit a visual inspection of her underclothing, breasts, and buttocks, and conducted an unlawful strip search upon the plaintiff . . . ."  SAC ¶ 56.  The Court finds that with these allegations, plaintiff states a claim for unreasonable search in violation of the Fourth and Fourteenth Amendments.  The County of San Mateo does not dispute that the right to be free from unreasonable searches was clearly established at the time of plaintiff's detention, and that a reasonable

1   deputy would not have concluded otherwise.  Accordingly, the County of San Mateo's motion to

2   dismiss plaintiff's twentieth cause of action against deputy Blick is DENIED.

3   　　　　The Court also finds that plaintiff has failed to state a claim against the public entities because

4   she alleges no facts in support of her conclusory allegations that the deputies acted pursuant to a policy.

5   Accordingly, plaintiff's twentieth cause of action is DISMISSED with prejudice as to all other County

6   of San Mateo defendants.

7   　　　　Plaintiff alleges that only County of San Mateo defendants were involved in the search of

8   plaintiff's person at the county jail.  Accordingly, Count 20 is DISMISSED with prejudice as to all City

9   of San Mateo defendants.

10

11   　　　L.　　Negligence, negligent infliction of emotional distress, intentional infliction of
　　　　　　　emotional distress, and false imprisonment in violation of the First, Fourth and
12   　　　　　　Fourteenth Amendments (Counts 23, 24, 25, & 26)

13   　　　　The foregoing discussion establishes that plaintiff has stated claims for retaliation (acts by

14   certain defendants in retaliation for plaintiff's exercise of her First Amendment right to petition the

15   government by filing a police report), violation of her due process right to medical attention during her

16   arrest and detention, and violation of her Fourth Amendment right to be free from unreasonable searches

17   by being subjected to a strip search.

18   　　　　Plaintiff alleges, in Counts 23-26, that the commission of various torts (negligence, negligent

19   infliction of emotional distress, intentional infliction of emotional distress and false imprisonment) also

20   gives rise to constitutional violations.  The torts alleged, however, are all variations of the same actions

21   included in all the prior  § 1983 counts.

22   　　　　These counts, which are almost entirely circular,  must be dismissed for several reasons.  In

23   general, naked tort claims do not give rise to § 1983 liability.  *See Ting v. U.S.*, 927 F.2d 1504, 1511 (9th

24   Cir. 1991) ("The breach of a duty arising out of tort law is insufficient to make out a claim under section

25   1983 as section 1983 only imposes liability for violations of rights protected by the Constitution or

26   federal statute."); *Brittain v. Hansen*, 451 F.3d 982, 990 (9th Cir. 2006) (quoting *County of Sacramento*

27   *v. Lewis*, 523 U.S. 833, 848 (1998)) ("the Fourteenth Amendment is not a font of tort law to be

28   superimposed upon whatever systems may already be administered by the States . . . .").

1    If plaintiff is attempting to allege that defendants exhibited deliberate indifference through their

2    constitutional violations and therefore also violated the due process clause, she cannot do so.  "[W]here

3    a particular Amendment provides an explicit textual source of constitutional protection against a

4    particular sort of government behavior, that Amendment, not the more generalized notion of substantive

5    due process, must be the guide for analyzing these claims."  *County of Sacramento*, 521 U.S. at 841

6    (citation omitted).  To the extent these tort causes of action are predicated on plaintiff's claim that

7    defendants' denial of her requests for medical attention violated the due process clause, they are

8    duplicative of her seventeenth cause of action.

9    Accordingly, plaintiff's twenty-third through twenty-sixth causes of action are DISMISSED with

10   prejudice as to all defendants.

11

12   **6.    Supplemental State Claims**

13   Defendants argue that plaintiff's causes of action arising under state law are barred by the

14   California Government Tort Claims Act ("GTCA").  The GTCA provides, in relevant part, "[N]o suit

15   for money or damages may be brought against a public entity . . . until a written claim therefor has been

16   presented to the public entity and has been acted upon by the board, or has been deemed to have been

17   rejected by the board . . . "  Cal. Gov. Code § 945.4.  "A claim relating to a cause of action for . . . injury

18   to person . . . shall be presented . . . not later than six months after the accrual of the cause of action."

19   Cal. Gov. Code § 911.2(a).  Compliance with the GTCA must be alleged in the complaint.  *Taylor v.*

20   *Mitzel*, 82 Cal. App. 3d 665, 671 (Cal. Ct. App. 1978).  In addition, subject to certain exceptions not

21   applicable here, if the GTCA bars a cause of action against a public entity employer, it also bars suits

22   against public employees of that entity "for injury resulting from an act or omission in the scope of

23   [their] employment as . . . public employee[s] . . . ."  Cal. Gov. Code § 950.2.

24   Here, the Court has explained to plaintiff that in her earlier complaints, she failed to allege

25   compliance with the GTCA.  In her amended complaint, she still fails to allege compliance with the

26   GTCA with respect to the San Jose and Burlingame police departments.  Plaintiff's claims against those

27   entities are thus barred by the GTCA.  Plaintiff's claims against public employees of those entities are

28

21

therefore also barred.[4]  Accordingly, plaintiff's claims arising under state law against the San Jose and Burlingame defendants are DISMISSED with prejudice.

Plaintiff does allege that she complied with the GCTA with respect to the City and County of San Mateo.  *See* SAC ¶ 107.

### A.    Abuse of process (Count 27)

Plaintiff alleges that Stern, Mason, and the City and County of San Mateo defendants committed the tort of abuse of process through Mason's filing of a counter-claim against plaintiff in the civil action in San Mateo County superior court.  As discussed above in the Court's analysis of plaintiff's claim for abuse of process in violation of the First Amendment, this cause of action fails for a variety of reasons, including that plaintiff has not alleged facts establishing any of the essential elements of this tort. Accordingly, plaintiff's twenty-seventh cause of action is DISMISSED with prejudice as to all defendants.

### B.    Claims sounding in fraud (Counts 28, 29, 30, 31, & 32)

In these causes of action, plaintiff realleges her claims that defendants violated plaintiff's constitutional rights by preventing her from prosecuting her civil claim against Mason.  As discussed above in the Court's discussion of plaintiff's for fraud in violation of the First Amendment, plaintiff has failed as a matter of law to state a claim for fraud.  Accordingly, these causes of action are DISMISSED with prejudice as to all defendants.

### C.    Unruh Civil Rights Act, Cal. Civ. Code §§ 52, 52.1 (Count 33)

Plaintiff alleges that the City and County of San Mateo defendants violated California's Unruh Civil Rights Act.  The Unruh Civil Rights Act provides that "no matter what their sex, race, color,

---

[4]  It is immaterial that plaintiff sues some of these employees only in their "individual" capacities. As the Court explained to plaintiff in its December 17 order, she cannot evade the requirements of the GTCA by claiming that public employees were sued in their individual capacities. It is clear from her complaint that she contends that these individuals accomplished the alleged torts in their capacities as public employees.

religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation [all persons] are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). Section 52, cited by plaintiff, sets forth the penalties for acts of discrimination in violation of §§ 51, 51.5 and 51.6. Plaintiff's claim under § 52 fails because she has not alleged facts establishing that she was unlawfully discriminated against. *See, e.g.*, *McDonald v. Coldwell Banker*, 543 F.3d 498, 505 n.5 (9th Cir. 2008).

Section 52.1 prohibits the interference "by threats, intimidation, or coercion . . . with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . . ." Cal. Civ. Code § 52.1. Plaintiff's claim under this section fails because plaintiff has not successfully alleged that the San Mateo City or County defendants retaliated against her for the exercise of her constitutional rights.

Accordingly, plaintiff's thirty-third cause of action is DISMISSED with prejudice as to all defendants.

**D.      Negligence, negligent infliction of emotional distress, intentional infliction of emotional distress (Counts 34, 35 & 36)**

**i.      City of San Mateo defendants**

The foregoing discussion establishes that plaintiff has alleged claims against City of San Mateo police officers Murphy and Yanuska arising from their arrest of plaintiff on the night of November 4, 2005. The Court finds that based on the same sequence of events, plaintiff has alleged facts sufficient to state tort causes of action under California law against these individuals and the City of San Mateo as their employer. Plaintiff's claims against the other individual City of San Mateo defendants fail because they are based on a failure to investigate plaintiff's claims and, as explained above, defendants had no duty to conduct an investigation. Accordingly, the City of San Mateo's motion to dismiss plaintiff's state law causes of action against the City of San Mateo, the City of San Mateo police department, and defendants Murphy and Yanuska are DENIED. Plaintiff's thirty-fourth through thirty-sixth causes of action are DISMISSED with prejudice as to all other individual City of San Mateo defendants.

### ii.      County of San Mateo defendants

Plaintiff has alleged causes of action against sheriff's deputy Blick arising from plaintiff's detention at the county jail on the night of November 4.  The Court finds that plaintiff has also alleged facts sufficient to state tort causes of action under California law arising from the same incident. Plaintiff's other claims against individual County of San Mateo defendants arise from their failure to investigate plaintiff's complaints.  Again, defendants have no duty to investigate plaintiff's complaints and therefore cannot be liable for failing to do so.  Accordingly, the County of San Mateo's motion to dismiss plaintiff's thirty-fourth through thirty-sixth causes of action against Blick, the County of San Mateo, and the County of San Mateo Sheriff's Department is DENIED.  These claims are DISMISSED with prejudice as to all other individual County of San Mateo defendants.

### iii.      Mason (Counts 35 & 36)

Mason argues that plaintiff's claims for negligent and intentional infliction of emotional distress arising from his alleged sexual assault of plaintiff on the night of November 4 are barred by res judicata. The Court agrees.  The doctrine of res judicata "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them."  *Alpha Mech., Heating & Air Conditioning, Inc.*, 133 Cal. App. 4th at 1326 (citations omitted).  In her civil action against Mason, plaintiff brought claims for sexual battery, intentional infliction of emotional distress, and negligent infliction of emotional distress.  *See* Def. Mason Request for Judicial Notice, ex. A (Second Amended Complaint, San Mateo County Superior Court Case No. Civ. 45847) [2008 Case, Docket No. 41].  As the Court has discussed extensively in its prior orders, this case was dismissed with prejudice; this disposition constituted a final judgment on the merits, notwithstanding plaintiff's allegations of fraud. *See, e.g.*, Dec. 17 Order, at *4-6.  There can be no doubt that plaintiff is now barred by res judicata from alleging the same causes of action against Mason based on the purported sexual assault.

Plaintiff also alleges that Mason "conspired" with Burlingame police officers Kashiwahara and Vega "to stalk, harass, intimidate, and threaten" her after she complained about police misconduct. SAC ¶ 110.  A conspiracy requires an intentional agreement to commit or achieve a specific outcome.  It is therefore not possible for parties to intentionally agree to fail to exercise due care.  *See Koehler v.*

*Pulvers*, 606 F. Supp. 164, 173 n.10 (S.D. Cal. 1985) ("This court is unaware of California decisional law imposing liability for conspiring to commit negligence. The allegation of civil conspiracy appears inherently inconsistent with the allegation of an underlying act of negligence.").  The Court finds that as a matter of law, plaintiff cannot state a claim for negligent infliction of emotional distress based on this allegation.  A claim for intentional emotional distress requires proof of a higher mental state, so this reasoning does not bar plaintiff's claim for intentional infliction of emotional distress.

Accordingly, plaintiff's thirty-fifth cause of action is DISMISSED with prejudice as to Mason.  Mason's motion to dismiss plaintiff's thirty-sixth cause of action is DENIED.

### iv.      Stern (Counts 35 & 36)

Plaintiff's allegations against Stern are essentially that when defending Mason in the superior court case, he convinced Judge Bergeron to make legal rulings with which plaintiff disagreed.  The Court finds that as a matter of law, Stern cannot be liable for either negligent or intentional infliction of emotional distress arising from his conduct in plaintiff's civil action.  Accordingly, plaintiff's thirty-fifth and thirty-sixth causes of action are DISMISSED with prejudice as to Stern.

### CONCLUSION

In sum, plaintiff's claims against Judge Joseph Bergeron, Harry Stern, and all City of San Jose defendants are DISMISSED with prejudice.

Plaintiff's claims against the Burlingame defendants are DISMISSED with prejudice *except* for plaintiff's first cause of action against police officers Steve Vega, Kevin Kashiwahara, and Jim Ford.  Plaintiff's claims against Ford shall be dismissed if plaintiff fails to properly effectuate service of process within 120 days of January 4, 2009.

Plaintiff's claims against the City of San Mateo defendants are DISMISSED with prejudice *except* for (1) plaintiff's seventeenth cause of action against police officers Shandon Murphy and Joseph Yansuka and (2) plaintiff's thirty-fourth, thirty-fifth, and thirty-six causes of action against the City of San Mateo, the San Mateo Police Department, and Murphy and Yansuka.  In addition, plaintiff's claims against Joe Pierucci are DISMISSED without prejudice.

**United States District Court**
For the Northern District of California

1    Plaintiff's claims against the County of San Mateo defendants are DISMISSED with prejudice

2    *except* for (1) plaintiff's seventeenth and twentieth causes of action against Suzanne Blick and (2)

3    plaintiff's thirty-fourth, thirty-fifth, and thirty-sixth causes of action against the County of San Mateo,

4    the San Mateo Sheriff's Department, and Blick.

5    Plaintiff's claims against James Mason are DISMISSED with prejudice *except* for plaintiff's

6    thirty-sixth cause of action.

7    The parties are hereby notified that an initial case management conference in these related cases

8    shall be held **on March 27, 2009 at 3:00**.  Plaintiff has moved to consolidate these related cases into

9    one action.  The Court will invite defendants to express their views on this proposal at the case

10   management conference.  All discovery remains STAYED pending further order at the case

11   management conference.  Plaintiff may not file any motions for discovery until the case management

12   conference.

13

14   **IT IS SO ORDERED.**

15

16   Dated: March 19, 2009

17   SUSAN ILLSTON
     United States District Judge

18

19

20

21

22

23

24

25

26

27

28

26