**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF SAN MATEO, et al.,<br><br>        Defendants.<br>                                        / | No. C 07-05596 SI<br>Related Case No. C 08-02541 SI<br><br>**ORDER RE: RECENTLY FILED**<br>**MOTIONS and ADMINISTRATIVE**<br>**ISSUES** |

Now before the Court are various motions filed by the parties after the Court's March 19, 2009 order [Docket No. 226]¹ granting in part and denying in part defendants' motions to dismiss plaintiff's second amended complaint. The Court will address each of the motions, as well as some administrative issues.

**1.   Defendant City of San Mateo's Motion for Reconsideration on Issue of Service of Process [Docket No. 226]**

In its March 19 order, the Court held that individual City of San Mateo defendants Joseph Yanuska and Shandon Murphy had been personally served on June 19, 2008. *See* March 19 Order, at \*4. The City of San Mateo sought reconsideration of this ruling. At the April 3, 2009 case management conference, the Court granted plaintiff a 45-day extension to serve Yanuska and Murphy.

By letter dated April 8, 2009, David King (counsel for the City of San Mateo), represents that Yanuska and Murphy have agreed that King will represent them and that King will file an answer on their behalf. In light of this stipulation, plaintiff need not serve Yanuska, Murphy, or King with the

---

¹ All docket entries in this order reference the docket in Case No. 07-05596.

second amended complaint. Accordingly, the City of San Mateo's motion for reconsideration is DENIED as moot.

### 2. Plaintiff's Motion for Reconsideration on Issue of Service of Process [Docket No. 240] and April 10, 2009 Letter [Docket No. 245]

Plaintiff has filed a motion captioned "Motion for leave to file a motion for reconsideration." It appears to be an opposition to the City of San Mateo's motion for reconsideration. Plaintiff's request for the Court *not* to reconsider its ruling on the issue of service of process in the March 19 order is DENIED as moot.

Plaintiff also seeks reconsideration of the Court's ruling in the March 19 order that City of San Mateo police officer Joe Pierucci had not been properly served. *See* March 19 Order, at *4. Plaintiff raises arguments that she could have raised in her opposition to the City of San Mateo's motion to dismiss. She therefore fails to comply with Civil Local Rule 7-9(a), which requires that parties show a material difference in fact or law, new facts, or a manifest failure by the Court to consider material facts or dispositive legal arguments when seeking leave to file a motion for reconsideration. *See* Civil Local Rule 7-9(b). Accordingly, plaintiff's request for reconsideration on the issue of service on Pierucci is DENIED.

### 3. Plaintiff's March 23, 2009 Letters [Docket Nos. 218]

In a letter filed March 23, 2009, plaintiff states that she inadvertently pled her claims for conspiracy to obstruct justice as claims under § 1983 but that she intended to allege a claim under § 1985(2). She now seeks a ruling on her § 1985(2) claims for conspiracy to obstruct justice. This is improper. If plaintiff wishes to amend her complaint to allege claims under § 1985(2), she must file a motion for leave to file a third amended complaint.[2] (Plaintiff is cautioned that the Court will not look favorably on successive motions for leave to file amended complaints as it will become impossible for the parties to litigate this case in an effective manner if plaintiff repeatedly amends her complaint to add

---

[2] Plaintiff had filed an earlier letter on March 23, 2009 [Docket No. 216], but in her second letter, she asked the Court to "please disregard" her first letter. Accordingly, the Court will disregard Docket No. 216.

2

new causes of action.)

### 4. Plaintiff's March 29, 2009 Letter [Docket No. 225]

Plaintiff filed a letter brief on March 29, 2009 in which she appears to seek reconsideration of the Court's ruling that, with respect to the City of San Mateo defendants, she failed to state a claim for violation of her First Amendment right to petition the government. It appears from plaintiff's letter brief that she intended to allege that the City of San Mateo police officers violated her First Amendment right to free speech by arresting her after she called Officer Murphy a pig.

Plaintiff did not articulate this theory of First Amendment violation in her second amended complaint or her opposition to defendants' motions to dismiss. In her second amended complaint, she did not provide any information about the sequence of events in which she purportedly made this statement to Officer Murphy. That is, she did not allege that *first* she called Officer Murphy a pig and he *subsequently* arrested her. *See* Second Amended Complaint ¶ 51. She also failed to allege any specific facts in her second cause of action (for "retaliatory arrest") that would have indicated to the Court that this claim was based on plaintiff's contention that she was arrested in retaliation for insulting Officer Murphy. The Court has explicitly directed plaintiff that she must allege specific facts in support of each cause of action. *See* Oct. 29 Order, at *11. [Docket No. 120] Despite being given an opportunity to cure the deficiencies in her First Amendment claim, *see* Dec. 17 Order, at *9-10 [Docket No. 154], plaintiff failed to do so. Plaintiff may not seek reconsideration of the Court's ruling on this issue.

Plaintiff also implies in her March 29 letter that the undersigned judge should recuse herself because of a conflict of interest. If plaintiff seeks to recuse the undersigned judge, she must file a motion for recusal.

### 5. Plaintiff's April 7, 2009 Letters [Docket No. 239]

In a letter dated April 7, 2009, plaintiff appears to seek reconsideration of the Court's ruling at the April 3 case management conference that all answers to plaintiff's second amended complaint are due June 5, 2009. Plaintiff's request is denied.

3

**6.      Administrative Matters**

By agreement of the parties at the April 3 case management conference, these related cases are consolidated into the earlier-filed case: C 07-05596.  Related case No. C 08-02541 is administratively closed.

In light of the Court's March 19 order and plaintiff's voluntary dismissal of her emotional distress claim against James Mason [Docket No. 235], the following claims, and no others, remain in this case:

1.  **Cause of Action One, 42 U.S.C. § 1983**
    **"Retaliation in violation of the First and Fourteenth Amendments"**

    Against City of Burlingame police officers Ford, Kashiwahara, and Vega.
    Against Does 1-200.

2.  **Cause of Action Seventeen, 42 U.S.C. § 1983**
    **"Failure to provide medical assistance in violation of the Fourteenth Amendment"**

    Against City of San Mateo police officers Murphy and Yanuska.
    Against County of San Mateo sheriff's deputy Blick.
    Against Does 1-200.

3.  **Cause of Action Twenty, 42 U.S.C. § 1983**
    **"Unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments"**

    Against County of San Mateo sheriff's deputy Blick.
    Against Does 1-200.

4.  **Cause of Action Thirty-Four**
    **Negligence**

    Against City of San Mateo, City of San Mateo Police Department, City of San Mateo police officers Murphy and Yanuska.
    Against County of San Mateo, County of San Mateo Sheriff's Department, County of San Mateo sheriff's deputy Blick.
    Against Does 1-200.

5.  **Cause of Action Thirty-Five**
    **Negligent Infliction of Emotional Distress**

    Against City of San Mateo, City of San Mateo Police Department, City of San Mateo police officers Murphy and Yanuska.
    Against County of San Mateo, County of San Mateo Sheriff's Department, County of San Mateo sheriff's deputy Blick.
    Against Does 1-200.

6.  **Cause of Action Thirty-Six**
    **Intentional Infliction of Emotional Distress**

Against City of San Mateo, City of San Mateo Police Department, and City of San Mateo police officers Murphy and Yanuska.
Against County of San Mateo, County of San Mateo Sheriff's Department, County of San Mateo sheriff's deputy Blick.
Against Does 1-200.

**IT IS SO ORDERED.**

Dated: April 16, 2009

SUSAN ILLSTON
United States District Judge