IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF SAN MATEO, et al.,<br><br>        Defendants.<br>_____/ | No. C 07-05596 SI<br><br>**ORDER RE: PLAINTIFF'S RECENTLY FILED MOTIONS [Docket Nos. 252, 255]** |

On March 19, 2009, the Court issued an order granting in part and denying in part defendants' motion to dismiss plaintiff's second amended complaint. [Docket No. 215] Plaintiff subsequently filed five letter briefs seeking reconsideration of various rulings in the Court's March 19 order. The Court addressed plaintiff's letter briefs in an order dated April 16, 2009. Plaintiff has now filed two more letter briefs.

First, plaintiff seeks reconsideration of the Court's order dismissing the claims against Officer Joe Pierucci because plaintiff failed to effectuate service of process on this defendant. Plaintiff argues that it was unreasonable of the Court to dismiss the claims with prejudice. Plaintiff is advised that the claims against Pierucci were dismissed *without* prejudice. *See* Mar. 19 Order, at 4, 25. Plaintiff's request for reconsideration is DENIED. [Docket No. 255]

Second, plaintiff argues that in her Second Amended Complaint ("SAC"), she intended allege claims for conspiracy under both 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3), even though she alleged these claims in the same causes of action. Plaintiff now seeks a ruling on her claims for conspiracy under 42 U.S.C. § 1983. Plaintiff did not allege any specific facts in support of her causes of action for conspiracy and it was not evident to the Court that plaintiff intended to allege claims for civil conspiracy

in violation of 42 U.S.C. § 1983.  In addition, it was improper for plaintiff to allege these causes of action without leave of this Court, as she did not allege conspiracy under 42 U.S.C. § 1983 in her previous complaints.  *See* Fed. R. Civ. Pro. 15(a)(2); *see also* Charles Alan Wright et al., *Federal Practice and Procedure* § 1484 ("In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.").    If plaintiff wishes to amend her complaint to allege conspiracy under 42 U.S.C. § 1983, she may file a motion for leave to file a third amended complaint.  She is advised that to allege a conspiracy under § 1983, she must show "an agreement or 'meeting of the minds' to violate constitutional rights."  *Franklin v. Fox*, 312 F.3d 423,441 (9th Cir. 2002) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir.1989) (en banc)).  "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."  *Id.* at 441.  In addition, a conspiracy to violate constitutional rights must be predicated on a viable underlying constitutional claim.  *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005).  For example, if plaintiff cannot allege a claim for unlawful discrimination, she will be not be able to allege a claim for conspiracy to discriminate.

Accordingly, the Court DENIES plaintiff's request for a ruling on her conspiracy claims. [Docket No. 252]

**IT IS SO ORDERED.**

Dated: April 29, 2009

SUSAN ILLSTON
United States District Judge