**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

        Plaintiff,

  v.

CITY OF SAN MATEO, et al.,

        Defendants.

No. C 07-05596 SI

**ORDER DENYING PLAINTIFF'S DISCOVERY REQUEST**
**[Docket No. 270]**

Plaintiff has recently filed a discovery motion. It appears that plaintiff filed this motion without first meeting and conferring with opposing counsel. Local Civil Rule 37-1 provides that the Court "will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." *See* Civ. Local R. 37. To "'meet and confer' or 'confer' means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order . . . . [S]uch communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and discussion – **either in a face to face meeting or in a telephone conversation**." *See* Civ. Local R. 1-5(n) (emphasis added).

This is the second time this Court has notified plaintiff that she must comply with the meet and confer requirement before seeking the Court's intervention in a discovery dispute. *See* Docket No. 256. Plaintiff's failure to do so is alone sufficient cause to deny this motion.

However, in order to resolve this issue efficiently, the Court will also consider the merits of plaintiff's request. Plaintiff seeks an order compelling City of San Mateo police officer Shandon

Murphy to respond to the following request for admission: "Under California Law, if a woman is too intoxicated to care for her own safety, she [is] unable to give legal consent to sex."

This request for admission seeks a legal conclusion and is therefore not a proper subject for a request for an admission. *See Vaden v. Summerhill*, 2008 WL 822152 *2 (E.D. Cal. Mar. 27, 2008) (Requests for admission should not be used to "'demand that the other party admit the truth of a legal conclusion,' even if the conclusion is 'attached to operative facts . . . . '") (citing *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.C. Cir. 2006)).

Accordingly, plaintiff's request for an order compelling a response to this request for admission is DENIED.

**IT IS SO ORDERED.**

Dated: June 8, 2009

SUSAN ILLSTON
United States District Judge