IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

        Plaintiff,

  v.

CITY OF SAN MATEO, *et al.*,

        Defendants.
                                      /

No. C 07-05596 SI

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

On July 30, 2009, plaintiff filed motion to amend her complaint in order to add Sgt. Joe Pierucci as a defendant. Defendants oppose the motion. Plaintiff's motion is scheduled for hearing on September 18, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

The background facts of this case have been discussed at length in prior orders of this Court and need not be recounted in detail here. The case arises from an incident on the night of November 4, 2005, in which pro se plaintiff Jane Doe alleges she was sexually assaulted by a San Mateo County police officer, Officer James Mason, then arrested and detained for public drunkenness by other officers whom Mason called to the scene. Plaintiffs' claims include failure to train, negligent hiring and retention, failure to investigate, failure to report, failure to supervise, denial of medical attention, and conspiracy to thwart her efforts to report the assault and seek a legal remedy against Mason in San Mateo County Superior Court.

Defendants previously filed a motion to dismiss on the ground plaintiff had not effectuated service of process against the three individual officers who arrived at scene in response to Mason's call:

Officer Murphy, Officer Yanuska, and Sergeant Pierucci. In an order dated March 19, 2009, the Court determined that Murphy and Yanuska were properly served, but that Pierucci was not. The Court granted, without prejudice, defendants' motion to dismiss Pierucci for insufficient service of process. *See* March 19, 2009 Order at 4 [Docket No. 215]. Presently before the Court is plaintiff's motion to amend her complaint to add Pierucci as a defendant and attempt once again to effectuate service of process upon him.

## LEGAL STANDARD

The Federal Rules of Civil Procedure permit a plaintiff to amend its complaint "once as a matter of course at any time before a responsive pleading is filed." Fed. R. Civ. P. 15(a)(1). Subsequent amendments require leave of the court or written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). Requests for leave to amend a complaint are to be viewed with "extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted). However, the court may deny leave to amend "where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay," and the court's discretion to deny leave "is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citations omitted).

## DISCUSSION

**1.   Futility/Statute of Limitations**

Defendants assert that amending the complaint to add Pierucci as a defendant would be futile because the statute of limitations for instituting an action against Pierucci has expired. In an action brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations, and apply federal law governing the accrual of the claim. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). In California, the applicable statute of limitations is two years. Cal. Civ. Proc. Code § 335.1. Under federal law, a § 1983 claim accrues "once a plaintiff has knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and who has inflicted the injury.'" *Bibeau v. Pac. Nw. Research*

*Found., Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (quoting *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). The plaintiff is held both to what she actually knew and what she reasonably should have known through the exercise of due diligence. *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002).

In support of their opposition to plaintiff's motion to amend, defendants submitted to the Court an exhibit consisting of discovery materials turned over to plaintiff on February 9, 2007, as part of her prior state court action against Mason and the City. *See* ex. 7 to Burns Decl. [Docket No. 303-8]. Included in these materials is the police report describing the incident underlying this case. The report was completed by Officer Murphy and lists both Officer Yanuska and Sergeant Pierucci under the heading "Witnesses." Plaintiff does not contest that she received the police report on February 9, 2007. *See* ex. A to Pltf.'s Reply [Docket No. 305-1]. The Court concludes that plaintiff must be held to knowledge of Pierucci's identity at least as of February 9, 2007, the date on which she could have discovered this fact through the exercise of due diligence. Accordingly, any claim against Pierucci must have been filed before February 9, 2009 to fall within the limitations period.

Under Federal Rule of Civil Procedure 15(c), a defendant not named in the plaintiff's original complaint may be added after the statute of limitations has expired. Fed. R. Civ. P. 15(c); *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1399 (9th Cir.1984). The plaintiff's amendment is said to "relate back" to the date of the original filing if the claims asserted in the amended pleading arose out of the same facts upon which the first complaint was based, and, within the filing period provided for by Rule 4(m), the new defendant:

> (1) received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c); *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1446 (9th Cir. 1990) (citations omitted). Put a different way, "[T]he plaintiff must show the new defendant had actual notice of the action prior to the expiration of the limitations period"; this notice "may be formal or informal." *Edwards*, 892 F.2d at 1447.

In this case, Pierucci clearly had notice of plaintiff's action at the time plaintiff filed her original

3

federal complaint in November 2007, and knew that but for plaintiff's ignorance of his presence on the night of the incident in question, she likely would have named him as a defendant. Indeed, Pierucci knew of plaintiff's claims as early as November 2006, when she filed suit against the City in state court. In defending against that suit, the City most certainly would have needed to obtain information about the incident from Pierucci, putting him on notice of the underlying claims and the evidence needed to defend against those claims. At the very least, Pierucci was placed on notice of plaintiff's suit as of January 2009, when she filed a First Amended Complaint that named him as a defendant.[1] In either case, the relation-back doctrine places the operative date of plaintiff's proposed amendment well within the limitations period.

**2.    Other Considerations**

The Court finds that considerations of bad faith, undue delay, and prior amendment do not justify denial of plaintiff's motion for leave to amend. There is no indication of bad faith or undue delay on plaintiff's part. Plaintiff is proceeding in this matter pro se, and any delay in adding Pierucci to this lawsuit has occurred as a result of plaintiff's failure to meet the technical requirements for service of process, not as a result of bad faith. Plaintiff's prior amendment of her complaint is not a sufficient basis for denying the present motion.

### CONCLUSION

In light of the foregoing, plaintiff's motion to amend the complaint to add Sergeant Pierucci as a defendant is hereby GRANTED. [Docket No. 300].

**IT IS SO ORDERED.**

Dated: September 16, 2009

SUSAN ILLSTON
United States District Judge

---

[1] It is from this January 2009 First Amended Complaint that Pierucci was previously dismissed, based on inadequate service of process. There is no suggestion, however, that Pierucci was not aware of the First Amended Complaint or of his attorneys' actions on his behalf in that regard.

4