United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | No. C 07-05596 SI |
| Plaintiff, | **AMENDED ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |
| v. | |
| CITY OF SAN MATEO, et al., | |
| Defendants. | |

Pro se plaintiff Jane Doe has filed a motion for leave to amend her complaint. The Court previously took this matter under submission. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

The background facts of this case have been set forth in detail in prior orders and need not be repeated here. In short, this case arises from a November 4, 2005 incident in which plaintiff was allegedly raped by a San Jose police officer, James Mason, then arrested and detained for public drunkenness by other officers whom Mason had called to the scene. Plaintiff brings suit against the City and County of San Mateo, and numerous individual officers.

The operative version of the complaint at this time is the Second Amended Complaint ("SAC") filed on January 4, 2009 (Docket No. 158), subject to the dismissal of some defendants and some causes

of action, as forth in the Court's March 19, 2009 Order (Docket No. 215).[1] Plaintiff now seeks to amend her complaint again in order to add the true names of some of the Doe defendants, add four new named defendants and additional Does, add several new theories of liability, and "remove redundant matters, remove dismissed causes of action and dismissed defendants, and correct mistakes in the pleadings."

## LEGAL STANDARD

The Federal Rules of Civil Procedure permit a plaintiff to amend her complaint "once as a matter of course at any time before a responsive pleading is filed." Fed. R. Civ. P. 15(a)(1). Subsequent amendments require leave of the court or written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). Requests for leave to amend a complaint are to be viewed with "extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted). However, the court may deny leave to amend "where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay," and the court's discretion to deny leave "is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citations omitted).

## DISCUSSION

Plaintiff now seeks leave to amend her complaint for at least the fourth time.[2] The City of San Mateo, County of San Mateo, and the individual officers have filed three separate oppositions to plaintiff's motion. In their opposition briefs, defendants each pointed out that plaintiff had failed to attach a proposed amended complaint to her motion, despite being advised by the Court on prior occasions that a motion for leave to amend must be accompanied by a proposed amended complaint.

---

[1] In its March 19, 2009 Order, the Court dismissed defendant Sgt. Joe Pierucci due to insufficient service of process. Plaintiff then moved for leave to amend the SAC to re-name Sgt. Pierucci as a defendant and to again attempt to effectuate service, and the Court granted the motion. Sept. 16, 2009 Order (Docket No. 311). Sgt. Pierucci has now answered the SAC. (Docket No. 313).

[2] Although permitting amendment would formally result in a Third Amended Complaint ("TAC"), plaintiff has previously attempted to file numerous amended complaints without leave of Court.

2

Plaintiff then attached an "Incomplete Proposed Third Amended Complaint" ("Proposed TAC") to her late-filed reply brief. Defendants filed a joint letter brief asking the Court to rule on plaintiff's motion without considering any late-filed documents. In the interest of resolving the present motion on the basis of the fullest record possible, however, the Court will consider plaintiff's late papers in ruling on her motion for leave to amend. The Court will address in turn each of the amendments plaintiff wishes to make to her complaint.

**I.     Names of Doe Defendants**

First, plaintiff seeks leave to amend her complaint in order to add the true names of some of the Doe defendants of the San Mateo County Sheriff's Department: Sheriff's Deputies David Fletcher, Edmundo Rocha, and Eloy Solis. Plaintiff seeks to name these defendants in connection with her existing federal claims of failure to provide medical attention and unreasonable search and seizure, as well as her state claims of negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.[3] Each of these claims relates to plaintiff's detention in the San Mateo County Jail after her arrest in November 2005.

Plaintiff fails to explain when and how she learned the identities of Deputies Fletcher, Rocha, and Solis. Because there is no indication of undue delay, however, the Court concludes that plaintiff may add these defendants to her complaint even if her claims against them would otherwise be barred by the statute of limitations. Under Federal Rule of Civil Procedure 15(c), a plaintiff may add a defendant not named in the original complaint after the statute of limitations has expired if the claims asserted in the amended pleading arise out of the same facts upon which the first complaint was based and, within 120 days after the complaint was filed, the new defendant:

> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

In plaintiff's SAC, she asserted the very same claims against Deputy Sheriff Blick that she now

---

[3] Plaintiff also seeks to add new claims for invasion of the right of privacy against these defendants. The new proposed claim is addressed in Section IV below.

3

seeks to assert against Deputies Fletcher, Rocha, and Solis, and the Court found that the claims were sufficient to withstand Deputy Blick's motion to dismiss. The Court now concludes that Deputies Fletcher, Rocha, and Solis received sufficient notice of this action that they will not be prejudiced by addition as defendants. The new defendants are Deputy Blick's immediate colleagues and are alleged to have been present on the night of plaintiff's detention in the San Mateo County Jail. The new defendants should have known that, but for plaintiff's ignorance of their identities, they would have been named in the original complaint. Moreover, as the new defendants will likely be represented by the same counsel and have similar defenses, any prejudice to their ability to defend this case will not be undue. Plaintiff's motion for leave to amend to name Deputies Fletcher, Rocha, and Solis is GRANTED.

## II.     Claims against Sgt. Pierucci

In her motion for leave to amend, plaintiff states that she is seeking leave to amend the complaint to add new theories of liability against Sgt. Pierucci. However, a review of the Proposed TAC reveals no new causes of action stated specifically against Sgt. Pierucci, other than an invasion of privacy claim stated against all the City of San Mateo defendants and addressed separately below. Plaintiff's motion to amend her complaint to add some unspecified cause of action against Sgt. Pierucci is DENIED.

## III.    Privacy Claim against City Defendants

Third, plaintiff seeks to add a claim for violation of her right to privacy against the City of San Mateo police officer defendants; the San Mateo City Attorney, Shawn Mason; the City's outside counsel, David King; and King's law firm, Carr, McClellan, Ingersoll, Thompson & Horn. Mason, King, and King's law firm are not presently defendants in this action. Plaintiff alleges that the City defendants violated her right to privacy by releasing the police report stating her true name, address, and facts of the alleged assault by Officer Mason, as well as a videotape in which plaintiff described the details of the alleged assault, to Officer Mason during discovery in one of plaintiff's state court lawsuits. Proposed TAC ¶¶ 266-68.

The City defendants contend that any claims based on the dissemination of the police report and

4

videotape would be futile because the claims are time-barred. As the Court has previously observed, plaintiff's claims in this case are subject to a two-year statute of limitations. Cal. Civ. Proc. Code § 335.1. Plaintiff's claims accrued once she had "knowledge of the critical facts of [her] injury," *Bibeau v. Pac. Nw. Research Found., Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (citation omitted), and plaintiff is held both to what she actually knew and what she reasonably should have known through the exercise of due diligence, *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002). In the Proposed TAC, plaintiff does not identify any specific disclosure of the police report. Plaintiff alleges that although the videotape was transmitted "sometime in the year 2007," she did not become aware that the tape had been sent until attorney King so informed her in June 2009. Proposed TAC ¶ 236. The Court finds that both of these claims are untimely. The City has submitted evidence showing that both the police report and the videotape were sent to Officer Mason on February 23, 2007 as part of a response to plaintiff's discovery request in her state court lawsuit. The proof of service for the response clearly states that it was sent to counsel for Officer Mason. *See* Proof of Service, ex. 9 to King Decl., at 5. Because plaintiff should have known as of February 23, 2007 that the police report and video in question were sent to Officer Mason, her claims are time-barred.

Plaintiff also seeks to add a retaliation claim against the San Mateo police officers and attorneys Mason and King. Plaintiff essentially seeks to claim that the above acts also constituted retaliation against her for filing a state court lawsuit against defendants. Proposed TAC ¶¶ 235-36. Having concluded that the privacy claims are time-barred, the Court must also conclude that the retaliation claims are time-barred as well. Plaintiff's motion for leave to amend her complaint to state new claims against the police officers, attorneys Mason and King, and King's law firm is therefore DENIED.

### IV. Privacy Claims against County Defendants

Fourth, plaintiff seeks leave to amend the complaint to state new claims for privacy violations against the San Mateo County defendants. The first new claim plaintiff seeks to add alleges that the County defendants, including Deputy Sheriffs Solis, Rocha, and Fletcher, violated her privacy after her November 2005 arrest by locking her in a cell which had a clear glass door, depriving her of a place to undress or use the toilet outside the view of male deputies. Proposed TAC ¶¶ 272-74. As the County

1  defendants rightly point out, this claim is clearly barred by the two-year statute of limitations set forth
2  in California Civil Procedure Code § 335.1, as it occurred more than four years prior to plaintiff's
3  proposed amendment. Because amendment of the complaint to include this claim would be futile,
4  plaintiff's motion for leave to amend is DENIED as to this claim.

5  The second privacy claim plaintiff seeks to bring against the County defendants concerns the
6  alleged publication of plaintiff's governmental tort claim. Plaintiff alleges that she filed a governmental
7  tort claim with the County on May 2, 2006 under her true name, and that this complaint is currently
8  posted on the internet, revealing her identifying information. Proposed TAC ¶¶ 275-76. Plaintiff does
9  not explain where on the internet the tort claim is allegedly published (for example, whether it is
10 published on the docket of this case or somewhere else), or when she first discovered her claim. The
11 Court requires this information in order to determine whether amendment should be permitted. Plaintiff
12 is therefore ordered to submit a Proposed TAC that provides further facts in support of this claim.

### V.   Privacy Claim against Kathryn Alberti

15 Fifth, plaintiff seeks to amend her complaint to add a defendant, San Mateo County Counsel
16 Kathryn Alberti, and to state privacy and retaliation claims against Alberti and the County defendants
17 based on the alleged publication of plaintiff's name, home address, and photo on the docket for this case.
18 Plaintiff alleges that on an unspecified date, Ms. Alberti "published pictures of plaintiff on the internet
19 of her crying with Officer Mason's semen on her face after she had been raped, and after a sealing order
20 was in place,"[4] and that on July 6 and 9, 2009, Ms. Alberti published plaintiff's home address in letters
21 filed on the docket. Proposed TAC ¶¶ 230-31.

22 The Court concludes that any claim based on Ms. Alberti's filings in this case is barred by
23 California's litigation privilege. The litigation privilege, codified at California Civil Code § 47, "applies
24 to any publication required or permitted by law in the course of a judicial proceeding to achieve the
25 objects of the litigation." *Jacob B. v. County of Shasta*, 154 P.3d 1003, 1007 (Cal. 2007) (citation

---

[4] The claim presumably references a reply declaration filed by Ms. Alberti on December 5, 2008 in Case No. 08-2541 (Docket No. 112) which contained a few unredacted references to plaintiff's address as well as her booking photo. The document was sealed a few days later. *See* Dec. 9, 2008 Order (Docket No. 120).

6

omitted). The California Supreme Court has expressly held that the privilege bars a claim for invasion of privacy based on the California Constitution. *Id.* at 1012 ("Section 47(b)'s litigation privilege bars a privacy cause of action whether labeled as based on common law, statute, or Constitution."). Because amendment of the complaint to add these claims would therefore be futile, plaintiff's motion for leave to add Ms. Alberti as a defendant and state privacy claims based on the publication of her information on the docket of this case is DENIED.

**VI.   Privacy Claim against Burlingame Defendants**

Sixth, plaintiff seeks to add claims against City of Burlingame Sgt. Jim Ford and related defendants for violation of her right to privacy under the California Constitution and California Penal Code §§ 632 and 637.2. The claims are based upon the allegation that, from May to September 2006, Sgt. Ford tape-recorded his phone conversations with plaintiff without her knowledge or consent. Proposed TAC ¶ 261. Plaintiff states that she did not learn of Sgt. Ford's actions until June 2009, when the Burlingame defendants revealed this fact during discovery. *Id.*; Pltf. Reply at 2.

Regardless of whether plaintiff's claims are timely, the Court concludes that leave to amend must be denied because the claims fail as a matter of law. Plaintiff relies first on California Penal Code § 632 ("Section 632"), which states in relevant part:

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

California Penal Code § 637.2 provides for a private right of action by any person injured under Section 632. Section 632 is limited, however, by a law enforcement exception which provides that nothing in the statute prohibits a police officer or other law enforcement agent "from overhearing or recording any communication that they could lawfully overhear or record prior to the effective date of this chapter." Cal. Penal Code § 633. Prior to the effective date of Section 632, California "courts expressly held that statutory and constitutional prohibitions against the recording of telephone communications did not apply where law enforcement recorded calls with the consent of *one* of the parties to the conversation."

7

*People v. Windham*, 51 Cal. Rptr. 3d 884, 890 (Cal. Ct. App. 2006) (original emphasis) (citation omitted). Here, plaintiff's Proposed TAC alleges that Sgt. Ford recorded calls between plaintiff and Sgt. Ford. Because the complaint essentially states on its face that Sgt. Ford was acting with the consent of one party to the conversation – Sgt. Ford himself – plaintiff's claim fails as a matter of law.

Plaintiff also relies on Article 1, Section 1 of the California Constitution, which sets forth a general right to privacy. California courts have expressly held, however, that this constitutional provision does not affect the validity of the law enforcement exception discussed above. *People v. Ayers*, 124 Cal. Rptr. 283, 287 (Cal. Ct. App. 1975). Because plaintiff's constitutional privacy claim would therefore be futile as well, plaintiff's motion for leave to amend to state claims based on Sgt. Ford's recording of their phone conversations is DENIED.

## VII. Correct the Pleadings

Finally, plaintiff seeks leave to amend the complaint in order to "remove redundant matters, remove dismissed causes of action and dismissed defendants, and correct mistakes in the pleadings." Although plaintiff does not identify any specific changes she wishes to make, the Court agrees that it would be helpful for plaintiff to remove the dismissed causes of action and dismissed defendants and to correct any typographical errors in the complaint. In filing her Proposed TAC, plaintiff may make these mechanical corrections, but may not make any substantive changes not expressly authorized by the Court in this order.

///

## CONCLUSION

For the foregoing reasons and for good cause shown, plaintiff's motion for leave to amend her complaint is hereby GRANTED in part to add the names of Deputy Sheriffs Fletcher, Rocha, and Solis and to correct mistakes in the SAC. The Court's ruling on plaintiff's motion for leave to amend to state a claim based on the alleged publication of her government tort claim is DEFERRED until plaintiff provides the Court with additional facts in support of her claim. Plaintiff's motion is DENIED in all other respects. Plaintiff is ordered to file a **complete** Proposed TAC in accordance with this order no later than **May 7, 2010.**

**IT IS SO ORDERED.**

Dated: April 16, 2010

SUSAN ILLSTON
United States District Judge