IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF SAN MATEO, et al.,<br><br>            Defendants.<br>_____ / | No. C 07-05596 SI<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL**<br><br>**(Docket No. 341)** |

Plaintiff has filed a motion to compel responses to three interrogatories sent to defendant County of San Mateo ("the County").[1] The Court will address each interrogatory in turn.

**I.      Interrogatory 1**

Interrogatory 1 asked the County to "state the name and address of each and every plaintiff that has named the San Mateo County Sheriff's Department as a Defendant in a federal civil rights lawsuit in the past 10 years, the case number, and the address of the court." The County objected to this interrogatory on grounds of relevance, overbreadth and burden. The Court agrees with the County that the request, as framed by plaintiff, is overbroad. The request is not limited to claims that are similar to plaintiff's claims. Additionally, plaintiff has made no showing regarding why this information is relevant to her claims. The motion to compel a response to Interrogatory 1 is DENIED.

---

[1] Although it is unclear when plaintiff propounded these interrogatories, the County's response, which plaintiff has submitted in support of her motion, is dated May 27, 2009. Thus, the discovery requests that are the subject of this motion are at least one year old.

## II. Interrogatory 2

Interrogatory 2 asked the County to name "each and every person who was the subject of an internal affairs investigation of the incidents on November 5, 2005." The County responded to the request by stating that "[t]here was no internal affairs investigation conducted by the San Mateo County Sheriff's Department of the incidents on November 5, 2005, and therefore, there is nothing to disclose." In her motion to compel, plaintiff contends that County Sgt. Gil Rodriguez submitted a letter to the Court stating that the Sheriff's Department did conduct an investigation. The Court was unable to locate such a letter on the docket, and plaintiff did not attach a copy to her motion. The Court concludes that the County's response to Interrogatory 2 was adequate. The motion to compel a further response is therefore DENIED.

## III. Interrogatory 7

Finally, Interrogatory 7 asked the County to "identify each communication [it] participated in, or kn[ew] of, concerning any of the Plaintiff's alleged wrongful acts." The County objected on the grounds that the request was vague and ambiguous and called for information protected by the attorney client privilege. The Court agrees with the County that it is not clear what plaintiff means by "the Plaintiff's alleged wrongful acts." The parties are therefore directed to further meet and confer no later than **June 18, 2010** regarding the scope of the information plaintiff is seeking. The County shall produce a response to Interrogatory 7, together with a privilege log identifying the communications the County contends are protected by attorney-client privilege, within fourteen days of the parties' meeting.

**IT IS SO ORDERED.**

Dated: June 3, 2010

SUSAN ILLSTON
United States District Judge

2