IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SAN MATEO, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-05596 SI<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL**<br><br>**(Docket No. 358)** |

Plaintiff has filed a discovery letter seeking to compel defendant City of San Mateo to provide a response to plaintiff's Interrogatory No. 6, which asked defendant to "Identify each communication [it] participated in, or know[s] of, concerning of the Plaintiff's alleged wrongful acts." The City's response to this interrogatory was an objection stating, "This interrogatory is overly broad, not reasonably limited in scope or time, and as such is invasive of the attorney-client privilege and the attorney work product immunity." *See* Def. Ex. A at 5.

The City has attached other discovery responses, including its detailed response to Interrogatory No. 5 and San Mateo Police Officer Murphy's response to Interrogatory No. 10 which plaintiffs propounded to him. These responses demonstrate that plaintiff already has the information which she seeks through the present motion. Accordingly, the motion to compel is DENIED.

The City seeks sanctions against plaintiff in the amount of $940, representing the attorneys' fees and costs it incurred in connection with this motion. Civil Local Rule 7-8(a), however, requires that any request for sanctions be brought through a separately filed and noticed motion. Indeed, the City has a pending motion for sanctions in connection with other discovery-related conduct by plaintiff. (Docket No. 351). Accordingly, the City's request for sanctions in connection with plaintiff's filing of the

present letter brief is DENIED at this time.

**IT IS SO ORDERED.**

Dated: September 15, 2010

SUSAN ILLSTON
United States District Judge