**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | No. C 07-05596 SI |
| Plaintiff, | **ORDER RE: PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME** |
| v. | |
| CITY OF SAN MATEO, | |
| Defendant. | |

On December 2, 2010, plaintiff Jane Doe filed a motion for an extension of time to review, make corrections, changes, approve, or disapprove the transcript in accordance to CCP 2025. Doc. 385. She requests a 60 day extension. *Id.*

Plaintiff was deposed on October 28 and 29, 2010. Doc. 375. On November 5, 2010, she received notice that the transcript was available for review. Pl. Decl. ¶ 2. Defendant San Mateo Police Department agreed to provide plaintiff with a copy. *Id.* ¶ 7. Plaintiff expects to receive a copy of the transcript by December 6. *Id.* ¶ 9. She has been informed that the transcript is 940 pages. *Id.* ¶ 10.

Because this is a federal civil rights case brought under 42 U.S.C. § 1983, it is Federal Rule of Civil Procedure ("Rule") 30(e) that provides plaintiff with the opportunity to review her deposition, rather than California Code of Civil Procedure ("CCP") 2025.520. *Evans v. County of San Diego*, Civil No. 06cv877 JM(RBB), 2009 WL 306609, * 2 (S.D. Cal. 2009) (citing Fed. R. Civ. P. 1). Like CCP 2025.520, Rule 30(e) provides a deponent with 30 days to review the transcript of a deposition. The thirty days is calculated from when the deponent is notified that the transcript has been completed. Fed. R. Civ. P. 30(e). In this case, that would be December 9. However, the Court has "some discretion to enforce the thirty-day requirement strictly or not." *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-cv-01086-AWI-SMS, 2009 WL 3872043, * 6 (E.D. Cal. 2009) (citing *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217 (9th Cir.2005); *Teleshuttle Technologies LLC v. Microsoft*

*Corp.*, No. C04-02927 JW(HRL), 2005 WL 3259992, *1 (N.D.Cal.2005)); *see also Paige v. Consumer Programs, Inc.*, No. CV 07-2498-FMC (Rcx), 2008 WL 2491665, * 1 (C.D. Cal. 2008) (explaining that the parties stipulated to a later deadline).

The deadline for filing any dispositive motions has already been extended to December 15 because of delays associated with the taking of plaintiff's deposition. Doc. 382. Additionally, the trial date for this case has recently been extended to February 28. Doc. 382. In order to avoid any further delays while still providing plaintiff with additional time to review the long deposition transcript, and because plaintiff's deposition is likely to be relevant to any dispositive motion that defendants might file, the Court hereby GRANTS plaintiff's motion to extend time, but extends the deadline only until **January 14, 2011.** This corresponds with plaintiff's deadline to file any opposition briefing if defendant chooses to file a dispositive motion in December. If plaintiff chooses to make any changes in accordance with Rule 30(e), and defendant wishes to make any objections in conjunction with any dispositive motion, those objections should be included in defendant's reply brief in support of its dispositive motion.

Additionally, the Court reminds plaintiff that "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Hambleton Bros.*, 397 F.3d at 1226. "While the language of FRCP 30(e) permits corrections 'in form or substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Id.* at 1225.

For the foregoing reasons, plaintiff's motion is GRANTED. (Doc. 385.) Any changes that plaintiff wishes to make shall be made by **January 14, 2011** and in accordance with Rule 30(e).

**IT IS SO ORDERED.**

Dated: December 3, 2010

SUSAN ILLSTON
United States District Judge