FILED

JAN 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE DOE, pro se, | No. 11-15583 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-05596-SI |
| v. | |
| CITY OF SAN MATEO; SAN MATEO POLICE DEPARTMENT; SHANDON MURPHY; JOSEPH YANSUKA; COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF'S OFFICE; PERUCCI, Sergeant; SUZANNE BLICK, Deputy, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted December 3, 2013
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We have jurisdiction pursuant to 28 U.S.C. § 1291 over this timely appeal from the district court's grant of summary judgment to the defendants, and we affirm, albeit on a different ground.[1] Craig v. M&O Agencies, Inc., 496 F.3d 1047, 1053 (9th Cir. 2007). Because the facts are well known to the parties and were fully aired during oral argument, we repeat them only as necessary to explain our decision.

The events that precipitated this lawsuit began with a fractious encounter between Doe and her ex-boyfriend with whom she had a previous year-long consensual sexual relationship. She sued him in state court for sexual battery, but she voluntarily dropped that case after the trial commenced, and the court ordered it dismissed with prejudice. These consolidated cases of escalating charges followed.

A thorough examination of this record demonstrates beyond doubt that even viewed in every respect in the light most favorable to her, Doe plainly has not marshaled evidence sufficient to permit a jury reasonably to render a verdict in her favor. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010). We

---

[1] We reject any suggestion in the district court's order that the crime of rape without more does not create a "serious medical need." We do believe, as did the district court, that appropriately attending to and treating a woman who is a rape victim "is the right thing to do."

2

conclude from our careful review that this is one of those unusual situations where the "evidence [is not] of such a character that it would warrant the jury in finding a verdict" in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986) (quoting Schuylkill & Dauphin Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448 (1871)). In essence, the combination of the following salient factors coalesce to erase the viability of her charges: (1) her inebriation and behavior at the time of many of the relevant events; (2) her text messages to her alleged attacker, which impeach the foundation of her claims; (3) her multiple recorded statements to the police and her deposition testimony, which are irreconcilable with her assertions; (4) her numerous contradictory revisions of her factual allegations; and (5) her claim for the first time in opposition to summary judgment that she sought medical treatment two days after her alleged attack. This claim, about which she refused to divulge any specific information, contradicted her deposition testimony that she never saw a doctor or went to a hospital after the event. We are firmly convinced that Doe's case could not survive a motion for a directed verdict under Federal Rule of Civil Procedure 50(a), which mandates that a "trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson, 477 U.S. at 250.

Under these circumstances and on this ground, the defendants are entitled to summary judgment. Thus, we affirm.[2]

**AFFIRMED**

---

[2] On these facts and circumstances, Doe's First Amendment Petition Clause Claim with respect to her "informal request for assistance" has no merit.